DAVID J. KAMINSKI (SBN 128509)
kaminskid@cmtlaw.com
STEPHEN A. WATKINS (SBN 205175)
watkinss@cmtlaw.com
CARLSON & MESSER LLP
5901 W. Century Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendants
FIRST UNION LENDING, LLC and
TIMUR SHAMSUTDINOV

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, an individual,<br><br>　　　　　Plaintiff,<br>　v.<br><br>8 Figure Dream Lifestyle, LLC, a Wyoming limited liability company; Richard Waldman, an individual; R. Scott International Corp., Florida corporation;<br><br>RFR Capital, LLC, a Delaware limited liability company;<br>Robe1t Signore, an individual.,<br><br>Fast Advance Funding, LLC, a Pennsylvania limited liability company; Anthony Gibson, an individual; | CASE NO. 3:18-cv-01063-AJB-AGS<br><br>**DEFENDANT FIRST UNION LENDING, LLC AND TIMUR SHAMSUTDINOV'S BRIEF IN SUPPORT OF MOTION TO DECLARE ANTON EWING A VEXATIOUS LITIGANT AND FOR A PREFILING ORDER PURSUANT TO 28 USC SECTION 1651**<br><br>**Date: August 30, 2018**<br>**Time: 2:00 p.m.**<br>**Judge: Hon. Anthony J. Battaglia**<br>**Ctrm: 4A** |

| | |
|---|---|
| First Premier Funding, LLC, a Delaware limited liability company; Anthony J. Gaglio, an individual; | ) ) ) ) ) |
| First Union Lending, LLC, a Florida limited liability company; Timur Shamsutdinov, an individual | ) ) ) ) |
| FIG Capital, LLC, a Delaware limited liability company; Michael Scarpaci, an individual; | ) ) ) ) |
| Premium Merchant Funding One, LLC, a New York limited liability company; Elie Golshan, an individual; | ) ) ) ) ) |
| Defendant | ) ) ) |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Anton Ewing's ("Plaintiff" or "Ewing") Complaint in this matter is just part of a continuing onslaught of unfocused and repetitive litigation asserted by Plaintiff this District or the San Diego Superior Court.

Those cases, just as Ewing's Complaint in this case, assert claims under Racketeer Influenced and Corrupt Organizations Act,18 U.S.C. §1961 et seq. ("RICO"), Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and California's Invasion of Privacy Act, Cal. Penal Code 632 *et seq.* ("CIPA"). Ewing has been declared a vexatious litigant in San Diego three times with respect to these Complaints, and in recent years has turned to the federal courts.

This Court previously dismissed Ewing's RICO claims in a similar lawsuit. *Ewing v. Flora, No*. 14CV2925 AJB (NLS), 2015 WL 12564225 (S.D. Cal. Mar. 25, 2015) [hereinafter *Flora*]. His RICO claims have been rejected by multiple decisions yet he realleges those claims against First Union. This is nothing more than harassment.

Compounding his harassment of First Union, Ewing has now filed suit against Dennis Arroyo of First Union, based on discussions they had to try to resolve the current lawsuit against First Union. *See Ewing v. Dennis Arroyo/ Dennis Cage and First Union*, 3:18−cv−01212−AJB−BGS (S.D. Cal. filed June 11, 2018).

Ewing's harassing and repetitive litigation needs to be stopped. As he was in the San Diego Superior Court, Ewing should be deemed a vexatious litigant subject to a prefiling order.

## II. BACKGROUND

Since 2015, Ewing has filed at least 16 actions in either this District or the San Diego Superior Court, asserting violation of RICO, TCPA, and CIPA. In

three of these actions, Ewing was declared a vexatious litigant pursuant to California *Code of Civil Procedure* section 391.7: *Ewing v. Parker* 37-2016-00028312CUBTCTL(S.D. Sup. Ct.), *Ewing v. Monster Solar Inc.*, 37-2016-0038027-CUBTCLT (S.D. Sup. Ct.); *Ewing v. Taylor,* 37-2017-00022988CUBTCLT(S.D. Sup. Ct.)  See Ex. 1 to Request for Judicial Notice.  A chart of the relevant cases are set forth below.  The dockets and the Complaints in these cases are set forth in Exhs. 3-16 to Defendants' RJN.

| Ex. | Case Name/No. | Date Filed | Claims Include | Status |
|---|---|---|---|---|
| 3 | *Ewing v. Flora* 3:14-cv-02925-AJB-NLS (S.D. Cal.) | 12/11/14 | RICO, TCPA and CIPA | Motion to dismiss granted as to RICO claim; settled and dismissed |
| 4 | *Ewing v. A1 Solar*, 37-2015-00035326-CU-BT-CTL (S.D. Sup. Ct.) | 10/20/15 | RICO, TCPA and CIPA | Dismissed |
| 5 | *Ewing v. A1 Solar Power, Inc.* 3:15-CV-02695-LAB-DHB (S.D. Cal.) | 12/01/2015 | TCPA | Stipulation to remand to state court |
| 6 | *Ewing v. K2 Property Development, LLC et al.* 3:16-CV-00678-LAB-AGS(S.D. Cal.) | 03/21/2016 | RICO, TCPA and CIPA | Motion to enforce settlement agreement still pending |
| 7 | *Ewing v. Lend Mark Capital Group Inc. et al.* 3:16-CV-00967-BAS-NLS(S.D. Cal.) | 04/21/2016 | TCPA | Dismissed for failure to prosecute |
| 8 | *Ewing v. Integrity Capital Solutions, Inc. et al.* 3:16-CV-01469-JLS-MDD (S.D. Cal.) | 06/14/2016 | RICO, TCPA and CIPA | Accepted offer of judgment |

| Ex. | Case Name/No. | Date Filed | Claims Include | Status |
|---|---|---|---|---|
| 9 | *Ewing v. SQM,* 3:16-CV-01609-CAB-JLB (S.D. Cal.) | 06/23/2016 | TCPA | Motion to dismiss for lack of subject matter jurisdiction granted |
| 10 | *Ewing v. Parker,* 37-2016-00028312CUBTCTL(S.D. Sup. Ct.) | 8/16/16 | RICO, TCPA and CIPA | Declared vexatious litigant and subject to prefiling order |
| 11 | *Ewing et al. v. Jarvey et al.* 3:16-CV-02097-AJB-NLS (S.D. Cal.) | 08/18/2016 | RICO, TCPA and CIPA | Settled and dismissed |
| 12 | *Osgood et al v. Main Streat Marketing, LLC et al* 3:16−cv−02415−GPC−BGS S.D. Cal.) | 9/26/16 | RICO, TCPA and CIPA | Defense counsel withdrew and Ewing sought default |
| 13 | *Ewing v. Monster Solar Inc.*, 37-2016-0038027-CUBTCLT (S.D. Sup. Ct.) | 10/27/2016 | RICO, TCPA and CIPA | Declared vexatious litigant |
| 14 | *Ewing v. Charter Communications Holding Company, LLC et al.* 3:17-CV-00222-BEN-WVG (S.D. Cal.) | 02/03/2017 | TCPA | Compelled arbitration |
| 15 | *Ewing v. Taylor* 37201700022988CUBTCLT S.D. Sup. Ct.) | 6/23/17 | TCPA | Declared vexatious litigant but posted bond |
| 16 | *Ewing v. Dennis Arroyo/ Dennis Cage and First Union*, 3:18−cv−01212−AJB−BGS (S.D. Cal.) | 6/11/18 | RICO | Defendants have not yet answered |

## III. ARGUMENT

### A. Authority

There are no federal statutes defining a vexatious litigant for federal court purposes, and California's statutory definitions are of course not determinative in the federal courts. But the nature of the conduct supporting Ewing's designation as a vexatious litigant under California law reflects Ewing's abuse of the courts, the litigants, the judiciary, and the judicial processes.

The All Writs Act vests federal courts with the power to enjoin vexatious litigants. 28 U.S.C. §1651. "There is a strong precedent establishing the inherent power of the federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances". *De Long v. Hennessy*, 912 F.2d 1144 (9 Cir 1990).

Under Ninth Circuit authority, to issue a pre-filing order the court must: (1) give plaintiff notice and an opportunity to oppose the order before it is entered; (2) create an adequate record for review; (3) make substantive findings of the frivolous and harassing nature of plaintiff's litigation; and (4) narrowly tailor the pre-filing order. *Id.*, at 1147; *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9 Cir. 2007).

Although pre-filing orders should be rarely used, and only issued after a careful review of the relevant circumstances, a "flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.

Ewing relitigates cases endlessly in any court that will accept his complaint for filing. In particular, he has relitigated his RICO claims even after Ewing has been informed by the courts, through the numerous orders and judgments, that such claims are not viable. *See Flora*, *Integrity*, *supra*. Ewing is an attorney. Thus Ewing is not ignorant in these matters. He is just misdirected and ill

intentioned.  Unfortunately, his knowledge of the legal processes just makes Ewing more dangerous than a non-attorney vexatious litigant.

### B. This Court should issue a pre-filing order

#### 1. Ewing has notice and opportunity to be heard

These moving papers provide Ewing with notice and an opportunity to be heard before the entry of a pre-filing order.

#### 2. First Union has set forth an adequate record for review

In *Molski*, again citing *De Long*, at 1059, the Ninth Circuit stated "[a]n adequate record for review should include a listing of all of the cases and motions that led the district court to conclude that a vexatious litigant order was needed." . This Court in *Calhoun v. San Diego Cty.*, No. 12CV2596 AJB JMA, 2012 WL 5878666, at *3 (S.D. Cal. Nov. 21, 2012) held that the number of actions filed by the plaintiff and repetitive nature of the claims, supported that the factor of adequate record for review.

Similarly, Ewing's filings continue to raise the same issues again and again—RICO, TCPA and CIPA.  See Exhs. 3-16 to Defendants' RJN.  The repetitive nature of these claims demonstrate that there is an adequate record for review to issue a pre-filing order.

#### 3. Ewing's Claims are Frivolous and Harassing

The third *De Long* factor requires the Court to make substantive findings regarding the frivolous or harassing nature of the plaintiff's litigation. *De Long*, 912 F.2d at 1148. *Molski* went on to note that a complete list of cases filed by Molski, along with the complaint in many of those cases, were provided to the trial court, and that while the trial court in its order did not list every case filed by Molski, it did outline and discuss many of them. Molski held that this was adequate.  In accordance with the language of *De Long* , First Union does not base this motion just on the number of cases filed by Ewing. The content and the results of those filings are of at least equal importance.  Ewings's continual filings,

continue to raise the same issues again and again—RICO, TCPA and CIPA. See Exhs. 3-16.

In *Calhoun*, this Court held that the plaintiff filed twenty-six cases in the Southern District of California to date. In all but two of these cases, the court *sua sponte* dismissed Plaintiff's case with prejudice. In this case, Ewing has filed thirteen cases. In none of those cases did he prevail. His RICO claims always resulted in dismissal. Moreover, he was deemed a vexatious litigant in three of those cases. See Ex. 1.

In *Ewing v. A1 Solar*, 37-2015-00035326-CU-BT-CTL (S.D. Sup. Ct.), Ewing was initially held liable for sanctions for filing a frivolous lawsuit. See Ex. 2. In overturning this ruling on reconsideration, the Superior Court retroactively applied the safe harbor provision of California *Code of Civil Procedure* § 128.5 because Ewing dismissed his Complaint.

Ewing has now sued individuals associated with First Union for comments they made in connection with trying to resolve this lawsuit and stop Ewing's harassment. *See Arroyo*, *supra*. His repeated claims as clearly harassing.

**4.     First Union seeks a narrowly drawn pre-filing order.**

The final *De Long* factor is a narrowly drawn pre-filing order. "In order to issue a vexatious litigant order, Court must now craft a narrowly tailored pre-filing restriction to closely fit the specific vice encountered." *Calhoun*, 2012 WL 5878666, at *4.

First Union is not asking for an outright prohibition on any new filings by Ewing. All that is requested is the typical pre-filing order, which only means that Ewing has to get the permission of this Court before filing any new action against First Union-related defendants. The scope of such an order is appropriate given the circumstances. First, Ewing's many complaints invariably concern matters already decided in other actions. This is therefore not a matter of Ewing not having his day in court. By the time he gets to this Court he has already had many days in

court. It is therefore submitted that this Court should enter an order which: (1) declares Ewing to be a vexatious litigant; (2) imposes a pre-filing order against Ewing which enjoins Ewing from filing or causing to be filed any new complaint in this Court that names as defendants First Union, Arroyo, or any individual associated with First Union without first obtaining a written order from the District Judge permitting such filing; (3) requires that any application submitted by or on behalf of Ewing seeking such an order be submitted in writing to the District Judge, along with a copy of the complaint that is proposed to be filed, and a copy of this Court's order determining Ewing to be a vexatious litigant and imposing such pre-filing requirements on Ewing; (4) states that any violation of such order may be deemed a contempt of court; and (5) provides that any new complaint filed without first complying with the provisions of such order will be subject to summary dismissal on such grounds.

      Without such an order, First Union, individuals associated with First Union and others, will no doubt continue to be exposed to Ewing's never ending cycle of litigation over the same issues of TCPA, RICO and CIPA, and all of the substantial expenses related to such perpetual litigation. The First Union defendants in this case have no other adequate remedy

Dated: June 26, 2018                             **CARLSON & MESSER LLP**

                                                  By: /s/ David J. Kaminski
                                                      David J. Kaminski
                                                      Stephen A. Watkins
                                                      Attorneys for Defendants,
                                                      FIRST UNION LENDING, LLC
                                                      And TIMUR SHAMSUTDINOV

# CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2018 a true and correct copy of the foregoing DEFENDANT FIRST UNION LENDING, LLC AND TIMUR SHAMSUTDINOV'S BRIEF IN SUPPORT OF MOTION TO DECLARE ANTON EWING A VEXATIOUS LITIGANT AND FOR A PREFILING ORDER PURSUANT TO 28 USC SECTION 1651, was filed through the ECF system, which will send notification of such filing to the following e-mail addresses:

Anton Ewing
3077 B Clairemont Drive #372
San Diego, CA 92117
619-719-9640
Email: anton@antonewing.com
PRO SE

Dated:  June 26, 2018  **CARLSON & MESSER LLP**

By: /s/ David J. Kaminski
    David J. Kaminski
    Attorneys for Defendants,
    FIRST UNION LENDING, LLC
    And TIMUR SHAMSUTDINOV

{00095033;1}

1