Craig J. Mariam (SBN: 225280)
cmariam@grsm.com
Rhonda R. Adato (SBN: 292325)
radato@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (877) 306-0043

Attorneys for Defendants RFR Capital, LLC and Robert Signore

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>8 FIGURE DREAM LIFESTYLE, LLC, A WYOMING LIMITED LIABILITY COMPANY; RICHARD WALDMAN, AN INDIVIDUAL; R. SCOTT INTERNATIONAL CORP., FLORIDA CORPORATION, ET AL.<br><br>Defendants. | CASE NO. 3:18-cv-01063-AJB-AGS<br><br>*Honorable Anthony J. Battaglia*<br><br>*Magistrate Judge Andrew G. Schopler*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO RFR CAPITAL, LLC AND ROBERT SIGNORE**<br><br>*[Filed concurrently with Notice of Motion and Motion; [Proposed] Order]*<br><br>Hearing Date: August 30, 2018<br>Time: 2:00 p.m.<br>Courtroom: 4A |

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 5 |
| II. | LEGAL STANDARD | | 6 |
| III. | ARGUMENT | | 7 |
| | A. | The Complaint Fails to State a Claim for RICO Conspiracy | 7 |
| | | 1. Telephone Consumer Protection Act | 8 |
| | | 2. Money Laundering | 9 |
| | | 3. Wire Fraud | 11 |
| | | 4. Extortion | 12 |
| | | 5. Unlawful Debt Collection | 13 |
| | B. | The Complaint's Conspiracy and Enterprise Allegations are Inadequate as a Matter of Law | 14 |
| | C. | Plaintiff Lacks Standing to Allege a RICO Claim | 15 |
| | D. | The Complaint Fails to Allege that RFR and Mr. Signore Engaged in a Pattern of Racketeering Activity | 16 |
| IV. | CONCLUSION | | 18 |

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway Suite 2000
San Diego, CA 92101

-2-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO RFR CAPITAL, LLC AND ROBERT SIGNORE

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Johnson*,
   355 F.3d 1179 (9th Cir. 2004) ........................................................................ 6

*Ashcroft v. Iqbal*,
   U.S., 129 S.Ct. 1937 (2009) ........................................................................... 6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................... 6

*Desoto v. Condon*,
   371 F. App'x 822 (9th Cir. 2010) ................................................................... 9

*Eldridge v. Block*,
   832 F.2d 1132 (9th Cir. 1987) ........................................................................ 7

*Graf v. Peoples*,
   2008 U.S. Dist. LEXIS 78919 (C.D. Cal. 2008) ............................... 13, 14, 15

*H.J. Inc. v. Northwestern Bell Telephone Company*
   492 U.S. 229 (1989) ..................................................................................... 17

*Hupp v. Cnty. of San Diego*,
   2016 U.S. Dist. LEXIS 157419 (C.D. Cal. 2016) .......................................... 7

*Innovative Metal Design, Inc. v. U.S. Bank Nat'l Ass'n*,
   2015 U.S. Dist. LEXIS 171329 (D. Or. 2015) ..................................... 8, 9, 10

*Odom v. Microsoft Corp.*,
   486 F.3d 541 (9th Cir. 2007) ........................................................................ 11

*Osgood v. Main Streat Mktg., LLC*,
   2017 U.S. Dist. LEXIS 5625 (S.D. Cal. 2017) .............................. 8, 11, 15, 16

*Pedrina v. Chun*,
   97 F.3d 1296 (9th Cir. 1996) ........................................................................ 14

*Prime Healthcare Servs. v. Servs. Emples. Int'l Union*,
   97 F. Supp. 3d 1169 (S.D. Cal. 2015) .......................................................... 12

*Raney v. Allstate Ins. Co.*,
   370 F.3d 1086 (11th Cir. 2004) ..................................................................... 9

*Sea-Land Serv. v. Atlantic Pac. Int'l*,
   61 F. Supp. 2d 1102 (D. Haw. 1999) ........................................................... 17

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
   473 U.S. 479 (U.S. 1985) ....................................................................... 15, 17

*Gordon Rees Scully Mansukhani, LLP*
*101 W. Broadway Suite 2000*
*San Diego, CA 92101*

**Statutes**

18 United States Code
   Section 1951 ........................................................................................................ 12

18 United States Code
   Section 1961 ..................................................................................... 5, 8, 9, 13, 17

18 United States Code
   Section 1964 ................................................................................................ 5, 7, 15

47 United States Code
   Section 227 ........................................................................................................... 8

8 United States Code
   Section 1962 ................................................................................................ 5, 7, 15

California Penal Code
   Section 632 ......................................................................................................... 17

California Penal Code
   Section 632.7 ...................................................................................................... 17

California Penal Code
   Section 637.2 ...................................................................................................... 17

**Rules**

Federal Rules of Civil Procedure
   Rule 12 ............................................................................................................. 5, 6

**Other Authorities**

1 Civil RICO P 2.01 (2018) ....................................................................................... 8

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

TO THIS HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants RFR Capital, LLC ("RFR") and Robert Signore, pursuant to Federal Rules of Civil Procedure 12(b)(6), respectfully submit this memorandum of points and authorities in support of their motion to dismiss the Complaint's second cause of action against them, Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy, 18 U.S.C. § 1964(c).[1]

## I.   INTRODUCTION

The Complaint's second cause of action for RICO conspiracy against RFR and Mr. Signore is subject to dismissal with prejudice.

Despite the sheer length of the Complaint (fifty-nine pages *in addition to* multiple exhibits), the Complaint fails to state a claim upon which relief can be granted for RICO conspiracy. As a preliminary matter, the Complaint fails to set forth facts supporting plaintiff's predicate allegations of wire fraud, money laundering, extortion, and unlawful debt collection. Plaintiff also alleges that Defendants engaged in "illegal international spam calling," which is not defined by 18 U.S.C. § 1961(1) as a predicate act in the first instance.

Further, the Complaint's fails to set forth the requisite factual allegations to support a finding of an "enterprise" or "conspiracy" pursuant to 18 U.S.C. Section 1962(c) and (d). The Complaint specifically fails to demonstrate how RFR and Mr. Signore are remotely involved in such "conspiracy," or that they played a managerial role in same.

Next, plaintiff lacks statutory standing to assert a RICO violation because he has failed to allege an injury and causation. Plaintiff's allegations of an "injury"

---

[1] The Complaint's cause of action for RICO Conspiracy is listed as the first cause of action in the caption of the Complaint, but is also listed as the second cause of action in the body of the Complaint. For ease of reference, it is referred to within the instant Motion as the Complaint's second cause of action.

-5-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO RFR CAPITAL, LLC AND ROBERT SIGNORE

1 are rote recitations of the elements of a RICO claim.  Such conclusory assertions
2 are inadequate to satisfy the relevant pleading standard.

3  Finally, the Complaint fails to allege that RFR and Mr. Signore engaged in
4 two or more predicate acts within the meaning of a RICO violation.  The
5 Complaint merely alleges that RFR and Mr. Signore placed telephone calls to
6 plaintiff on a single day, which does not constitute a predicate RICO act as a
7 matter of law.  Such alleged conduct also does not amount to a "pattern" of
8 predicate acts.

9  Based upon the foregoing, RFR and Mr. Signore respectfully request that the
10 Court dismiss the Complaint's second cause of action for RICO conspiracy against
11 them with prejudice.

## II.  LEGAL STANDARD

13  Failure to state a claim upon which relief can be granted is grounds for
14 dismissal.  *See*, Fed. R. Civ. P. 12(b)(6).  Under Federal Rule of Civil Procedure
15 12(b)(6), dismissal for failure to state a claim can be based on either: (1) a lack of a
16 cognizable legal theory; or (2) the absence of sufficient facts to raise a reasonable
17 expectation that discovery will reveal evidence of the cognizable legal theory.
18 Fed. R. Civ. P. 12 (b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557
19 (2007).  Conclusory allegations of law and unwarranted inferences are insufficient
20 to defeat a motion to dismiss.  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.
21 2004) (internal citation omitted).

22  To survive a motion to dismiss, a complaint must contain sufficient factual
23 matter, accepted as true, to "state a claim to relief that is plausible on its face."
24 *Ashcroft v. Iqbal*, U.S., 129 S.Ct. 1937, 1949 (2009) (internal citations and
25 quotations omitted).  A claim has facial plausibility when the plaintiff pleads
26 factual content that allows the court to draw the reasonable inference that the
27 defendant is liable for the misconduct alleged.  *Id*.  The plausibility standard is not
28 akin to a "probability requirement," but it asks for more than a sheer possibility

that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief." *Id*.

Of relevance here, courts normally construe *pro se* complaints liberally. *See*, *Hupp v. Cnty. of San Diego*, 2016 U.S. Dist. LEXIS 157419, *13 (C.D. Cal. 2016) (internal citations omitted). However, where, as here, a claimant is, although not a practicing attorney, a law school graduate, the question of whether he is entitled to the leniency afforded to those unskilled in the law is questionable. *Id*. at *13-14 (citing *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (discussing liberal construction given to "inartful pleading" of pro se litigants, who are "[p]resumably unskilled in the law").

## III.  ARGUMENT

### A.  The Complaint Fails to State a Claim for RICO Conspiracy

18 U.S.C. 1964(c) provides:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter [18 USCS § 1962] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962 [18 USCS § 1962]. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

18 U.S.C. 1962(c) provides that "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." Subdivision (d) of the same statute provides that "[i]t shall be unlawful for any person to conspire to violate

any of the provisions of subsection (a), (b), or (c) of this section."

"Racketeering activity" is any act indictable under the several provisions of Title 18 of the United States Code. *Osgood v. Main Streat Mktg., LLC*, 2017 U.S. Dist. LEXIS 5625, *24 (S.D. Cal. 2017) (citing 18 U.S.C. § 1961(1). A "pattern of racketeering activity" requires at least two predicate acts within ten years of one another. *Id*. Where, as here, there are multiple defendants, a RICO plaintiff "must allege that each individual defendant engaged in a pattern of racketeering activity." *Innovative Metal Design, Inc. v. U.S. Bank Nat'l Ass'n*, 2015 U.S. Dist. LEXIS 171329, *7 (D. Or. 2015) (emphasis added) (internal citation omitted). Plaintiff must also plead RICO predicate crimes with the specificity necessary to satisfy Rule 9(b). *Id*. at *8 (internal citations omitted).

Here, the Complaint purports to allege predicate acts of wire fraud, money laundering, extortion, collection of an unlawful debt and "illegal international spam calling" in support of plaintiff's RICO cause of action. However, as discussed below, plaintiff fails to satisfy the relevant pleading standard for each claim. As such, the Complaint fails to state a claim upon which relief can be granted for RICO conspiracy.

### 1. Telephone Consumer Protection Act

No crime can be a part of a RICO pattern of racketeering activity unless it is expressly set forth within 18 U.S.C. Section 1961(1). 1 Civil RICO P 2.01 (2018). Because a violation of the Telephone Consumer Protection Act ("TCPA") is *not* listed as a predicate act under 18 U.S.C. § 1961(1), a RICO claim based on a TCPA violation cannot stand. *Osgood*, U.S. Dist. LEXIS 5625 at *24.

Plaintiff's assertion that Defendants are engaging in "international spam calling" in violation of 47 U.S.C. § 227 therefore cannot, as a matter of law, form the basis of a RICO claim. *See,* Dkt. No. 1 (*Compl.*), ¶ 93. Such allegation is subject to dismissal.

### 2. Money Laundering

The crime of money laundering requires pleading and proving the following elements: (1) the defendant conducted or intended to conduct a financial transaction involving property that represented the proceeds from an unlawful activity, (2) the defendant knew that the property represented the proceeds from an unlawful activity, (3) the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity, or to avoid a transaction reporting requirement under state or federal law, and (4) the defendant did something that constituted a substantial step toward committing the crime. *Innovative Metal Design, Inc.*, 2015 U.S. Dist. LEXIS 171329 at *8 (internal citation omitted). In order to state a civil RICO claim based on the predicate act of money laundering, a claimant must allege facts sufficient to support each of the statutory elements of his RICO claim, as well as each of the statutory elements of the predicate act of money laundering. *Id.* (citing *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1087 (11th Cir. 2004) (per curiam) (surviving a Rule 12(b)(6) motion to dismiss "requires that a plaintiff allege facts that support each statutory element of a violation of one of the state or federal laws described in 18 U.S.C. § 1961(1)")).

Plaintiff must also plead RICO predicate crimes with the specificity necessary to satisfy Rule 9(b). *Innovative Metal Design, Inc.*, 2015 U.S. Dist. LEXIS 171329 at *8 (citing *Desoto v. Condon*, 371 F. App'x 822, 824 (9th Cir. 2010) (upholding district court's conclusion that complaint failed to plead RICO predicate acts with the specificity necessary to satisfy Rule 9(b), and noting that the plaintiff failed to allege whether the defendant had the requisite intent to commit the predicate act of money laundering)). As such, satisfying Rule 9(b)'s heightened pleading standard requires a claimant plead, among other things, :the specific unlawful activity from which the monies were allegedly produced, the actions of <u>each defendant</u> in the money laundering scheme, [and] the <u>specific intent</u>

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

of each defendant." *Id*. (internal citation omitted) (emphases added).

Here, plaintiff's allegations of money laundering are vague, unspecific, and utterly insufficient to satisfy the relevant pleading standard. Specifically, the Complaint vaguely alleges that defendants "us[ed] the wires of the United States to illegally record Plaintiff's telephonic conversations and laundering over $10,000 of the proceeds of the wire fraud through financial institutions." Dkt. No. 1 (*Compl.*), ¶ 93. Plaintiff additionally asserts that "Defendants actually laundered well over $10,000 of illegal revenues, gains and earnings obtained from the criminal violation of 47 USC §501 by violating §227(b)(1)(a) and (c)(5)." *Id*. at ¶ 36.

However, the Complaint is devoid of an allegation of a *financial transaction* involving property that represents the proceeds from an unlawful activity. The Complaint does not state or clarify the provenance of the purported "$10,000." It is furthermore absolutely unclear how "illegally recording Plaintiff's telephonic conversations" could have generated any revenue. The Complaint further fails to allege that Defendants "conducted or intended to conduct a financial transaction involving property that represented the proceeds from an unlawful activity," or that Defendants "knew that the property represented the proceeds from an unlawful activity." Finally, the Complaint fails to allege that Defendants knew that the transaction was design to conceal the nature or source of the unlawful activity. Such allegations are required to be stated *with particularity*. The Complaint does not even set forth a token assertion of same.

More importantly, however, the Complaint fails to allege how *RFR and Mr. Signore* purportedly participated in a "money laundering" scheme, or the *specific intent* of RFR and Mr. Signore in doing so. *See*, *Innovative Metal Design, Inc.*, 2015 U.S. Dist. LEXIS 171329 at *8 (holding that a claimant must plead the specific actions of <u>each defendant</u> in the alleged money laundering scheme, as well as the specific intent of each defendant). In fact, the only mention of RFR and Mr. Signore's alleged conduct is set forth in Paragraph 3 of the Complaint, which does

not so much as mention money laundering, or a single transaction.  (There was no transaction in the first instance.)  The Complaint therefore fails to meet the relevant pleading standard for an allegation of money laundering as to RFR and Mr. Signore.

As such, plaintiff's allegations of money laundering against RFR and Mr. Signore are subject to dismissal.

### 3. Wire Fraud

"[A] wire fraud violation consists of (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Osgood*, 2017 U.S. Dist. LEXIS 5625 at *21 (citing *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007)).  In addition, a plaintiff must comply with the heightened pleading requirement under Rule 9(b) to allege wire fraud.  (*Id.* (internal citations omitted).  Under Rule 9(b), while the state of mind may be alleged generally, the circumstances constituting fraud must be stated with particularity and a party must set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id.* at *21-22 (internal citation omitted).  In *Odom*, the Ninth Circuit explained that while the specific intent to deceive or defraud requires only general allegations, the factual circumstances of the fraud itself must be particularized.  486 F.3d at 554.

Here, again, the Complaint utterly fails to satisfy the relevant standard. Specifically, the Complaint fails to set forth the <u>time, place and specific content</u> of any false representation *made by RFR and/or Mr. Signore* to plaintiff.  (No such misrepresentations were in fact made.)   The Complaint is also devoid of an allegation that RFR and Mr. Signore formed a scheme to defraud plaintiff, or that they harbored a specific intent to deceive or defraud plaintiff.  Again, the factual circumstances of alleged wire fraud must be set forth in a complaint with

-11-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO RFR CAPITAL, LLC AND ROBERT SIGNORE

particularity.  In the absence of same, plaintiff's second cause of action is subject to dismissal.

### 4.  Extortion

In order to state a claim for extortion, a claimant must assert "obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."  18 U.S.C. § 1951(b)(2).  To meet the first "obtaining of property from another" element, the plaintiff must allege facts showing that the defendant has acquired or is seeking to acquire property from the plaintiff that the defendant (or an allied third party) can "exercise, transfer, or sell."  *Prime Healthcare Servs. v. Servs. Emples. Int'l Union*, 97 F. Supp. 3d 1169, 1189 (S.D. Cal. 2015) (internal citation omitted).  Mere coercion, interference, or deprivation without acquisition is not sufficient to constitute extortion for a RICO claim.  *Id*. (internal citation omitted).  In other words, this element "requires that the victim 'part with' his property, and that the extortionist 'gain possession' of it."  *Id*. (internal citation omitted).  The second element of generic extortion requires the wrongful use of force, fear, or threats.  *Id*. at 1191 (citing 18 U.S.C. § 1951(b)(2)) (additional internal citation omitted).

Here, the Complaint vaguely alleges that "Defendants engaged in the fraudulent use of the wires to threaten and extort Plaintiff into handing over money or property to Defendants."  Dkt. No. 1 (*Compl.*), ¶ 93.  The Complaint does not identify or specify the "money or property" allegedly "extorted" from plaintiff.  The Complaint does not allege how, when, or under what circumstances RFR and/or Mr. Signore threatened plaintiff (they did not).  Further, plaintiff does not claim that he <u>actually parted</u> with any property or money, or that RFR and/or Mr. Signore received same.  Instead, the Complaint merely alleges that RFR and Mr. Signore used an ATDS to place a call to plaintiff, which is irrelevant for purposes of an extortion claim.  *Id*. at ¶ 3.

In the absence of allegations that meet the relevant pleading standard, the

Complaint's allegation of extortion as to RFR and Mr. Signore are subject to dismissal.

### 5. Unlawful Debt Collection

As used in RICO, an "unlawful debt" is one: (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State or political subdivision thereof, or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a State or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate. *Graf v. Peoples*, 2008 U.S. Dist. LEXIS 78919, *20-21 (C.D. Cal. 2008) (citing U.S.C. § 1961(6)).

Other than a conclusory allegation that "Defendants are collecting an unlawful debt," the Complaint is devoid of any details regarding "unlawful debt collection." Dkt. No. 1 (*Compl.*), ¶ 19. Specifically, the Complaint does not identify the provenance or details of the alleged debt. The Complaint does not allege that the debt *belongs to plaintiff*, or how he incurred it. The Complaint does not allege that the debt was incurred in "gambling activity." The Complaint merely alleges that Defendants called plaintiff's cell phone number to "solicit and sell" "usurious loans," but, again, such assertion is irrelevant to a claim of unlawful debt collection. *Id.* at ¶ 23.

In the absence of the requisite factual allegations, plaintiff's unlawful debt collection allegations is inadequate.

Based upon the foregoing, plaintiff fails to satisfy the requisite pleading standard for the alleged predicate acts to support his RICO claim. The Complaint's second cause of action is therefore subject to dismissal for failure to state a claim.

///

## B.  The Complaint's Conspiracy and Enterprise Allegations are Inadequate as a Matter of Law

To allege a violation of section 1962(c), a claimant must show some degree of participation "in the operation or management of the enterprise itself." *Graf*, 2008 U.S. Dist. LEXIS 78919 at *21 (internal citation omitted).  One who has no managerial role is not liable. *Id.* at *21-22 (citing *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (holding on summary judgment that allegations that mayor did not control, but rather was controlled by, the alleged RICO enterprise, insufficient to show section 1962(c) violation)).

Plaintiff, in support of his second cause of action, spuriously asserts that the fifteen Defendants named in the Complaint are part of the same "international crime syndicate," "conspiracy" and "enterprise."  However, the Complaint is devoid of sufficient factual allegations to support such allegations.  It is entirely unclear what "enterprise" plaintiff alleges, or how the various named entities are allegedly linked.  Dkt. No. 1 (*Compl.*), ¶ 93 ("The enterprise is the combination of the entities named herein as Defendants.  Specifically, the Defendants is [*sic*] the enterprise.").

More importantly, however, the Complaint is devoid of any allegation specifying RFR and Mr. Signore's purported participation "in the operation of management" of the alleged enterprise or "conspiracy."  The Complaint is also devoid of an allegation that RFR and Mr. Signore played a *managerial role* in the alleged enterprise.  Further, plaintiff alleges that "the conspiracy has lasted from at least April, 2016." Dkt. No. 1 (*Compl.*), ¶ 93.  However, plaintiff *also* alleges that RFR called plaintiff on *May 18, 2018*, over two years later, indicating a clear distinction between the activities of the purported "enterprise" and RFR's individual (unrelated) conduct years later.  Additionally, to the extent that plaintiff's RICO claims under Section 1962(c) are insufficient, plaintiff's

-14-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO RFR CAPITAL, LLC AND ROBERT SIGNORE

conspiracy claim under section 1962(d) also is insufficient.  *Graf*, 2008 U.S. Dist. LEXIS 78919 at *22 (internal citation omitted).  The Complaint simply does not set forth sufficient facts to demonstrate that RFR and Mr. Signore were direct participants or leaders of an "enterprise" or "conspiracy."

As such, the Complaint fails to state facts upon which relief may be granted for conspiracy and enterprise pursuant to Section 1962(c) and (d), and is therefore subject to dismissal.

### C. Plaintiff Lacks Standing to Allege a RICO Claim

Under § 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Osgood*, 2017 U.S. Dist. LEXIS 5625 at *19 (internal citation omitted).  18 U.S.C. § 1964(c) provides a civil remedy for "[a]ny person injured in his business or property by reason of a violation of section 1962."  *Id*. (citing 18 U.S.C. § 1964(c)).  "[T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Id*. (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (U.S. 1985).  To recover under RICO, a plaintiff "must show proof of concrete financial loss" and demonstrate that the "racketeering activity proximately caused the loss." *Id*. (internal citations omitted).

In *Osgood*, plaintiffs Anton Ewing and Claudine Osgood alleged that they had "been injured in their business and property," that "financial harm to each Plaintiffs' property has been substantial," that plaintiffs' businesses has suffered a significant economic downturn," and that "Plaintiffs have lost money and revenues that could have been earned but for [defendant's] racketeering activity. 2017 U.S. Dist. LEXIS 5625 at *19.  Plaintiffs additionally alleged that defendants "attempted" to get plaintiffs to send money.  *Id*. at *20.  Plaintiff finally alleged that Defendants "laundered" over $10,000 through financial institutions, but did not clearly state whether the $10,000 was obtained fraudulently by defendants

-15-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO RFR CAPITAL, LLC AND ROBERT SIGNORE

from plaintiffs. *Id*. The court held that plaintiffs' allegations of injury to "business or property" were conclusory, and a mere recitation of the elements of a RICO injury. *Id*. Further, because plaintiffs' failed to sufficiently allege an injury, the court held that the allegations in plaintiffs' pleading were insufficient to support the claim that the "racketeering activity proximately caused the loss." *Id*. The Court therefore granted defendants' motion to dismiss plaintiffs' RICO claim for lack of standing.

Here, as in *Osgood*, plaintiff Anton Ewing alleges that he "sustain[ed] and suffer[ed] actual harm and loss of business property." Dkt. No. 1 (*Compl.*), ¶ 41. Plaintiff further alleges that his "business has suffered a significant economic downturn as a direct and proximate cause of Defendant's [*sic*] racketeering activities…" *Id*. at ¶ 94. Additionally, as in *Osgood*, plaintiff alleges that he "lost money and revenues that could have been earned but for Defendants racketeering activity." *Id*. Plaintiff further alleges that "Defendants' attempted to get Plaintiff to send them money." *Id*. at ¶ 60. Finally, plaintiff asserts that "Defendants have earned, illegally, over $10,000 in this racketeering enterprise," but fails to specify whether the $10,000 was obtained fraudulently from plaintiff. *Id*. at ¶ 101.

Plaintiff's Complaint is nearly identical to the one discussed in *Osgood*, and fails to establish standing for the same reasons. Plaintiff's allegations of injury are conclusory, rote, and merely recite the elements of a RICO claim. As in *Osgood*, the Complaint's conclusory injury allegations are insufficient to support the claim that the "racketeering activity proximately caused [a] loss." As such, the Complaint's RICO claim should be dismissed for lack of standing.

### D. The Complaint Fails to Allege that RFR and Mr. Signore Engaged in a Pattern of Racketeering Activity

RICO defines the term "pattern of racketeering activity" as requiring "at least two acts of racketeering activity … the last of which occurred within ten years … after the commission of a prior act of racketeering activity." *Sea-Land*

*Serv. v. Atlantic Pac. Int'l*, 61 F. Supp. 2d 1102, 1115 (D. Haw. 1999) (citing 18 U.S.C. § 1961(5)). Aside from the minimal requirement of showing two predicate acts existed, RICO nowhere addresses the meaning of the term "pattern" as used throughout the statute. *Id*. In *H.J. Inc. v. Northwestern Bell Telephone Company*, the Supreme Court sought to develop a meaningful concept of that term. *Id*. (citing 492 U.S. 229 (1989)). Drawing on dicta from a previous opinion in which the issue was considered, *Sedima*, 473 U.S. at 496 n. 14, the Supreme Court developed from RICO's legislative history a two-prong framework for analysis: "To prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *Id*. (citing *Northwestern Bell*, 492 U.S. at 239). Thus, the determination of whether a RICO plaintiff is able to establish a pattern of racketeering activity necessarily entails an initial determination of whether the defendant committed two or more predicate acts within the meaning of the RICO statute and, if so, whether the predicate acts were related in a manner such that they created a threat of continued unlawful activity. *Id*.

Here, plaintiff alleges that Mr. Signore "admitted on the phone to illegal recording and to calling using a robo-dialer (ATDS)." Dkt. No. 1 (*Compl.*), ¶ 3. The Complaint further asserts that RFR "repeatedly called from 914-239-0204 on May 18, 2018." *Id*. However, as discussed above, a violation of the TCPA does *not* constitute a predicate act sufficient to support a RICO violation. Further, an illegal recording claim pursuant to California Penal Code Sections 632, 632.7 and 637.2 is also not listed as a predicate act in 18 U.S.C. Section 1961(1). Finally, "repeated calling" also does not constitute a predicate act sufficient to support RICO liability.

In the absence of a sufficient conspiracy claim linking RFR and Mr. Signore's alleged conduct to the other named defendants, plaintiff's RICO allegations against RFR and Mr. Signore stand alone. They are also patently

-17-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO RFR CAPITAL, LLC AND ROBERT SIGNORE

insufficient to support a RICO claim. As a matter of law, the Complaint's allegations as to RFR and Mr. Signore do not constitute "predicate acts." Further, the Complaint also does not allege that RFR and Mr. Signore engaged in *two or more* predicate acts. Plaintiff alleges that he was contacted on a single day, thereby failing to establish a "pattern."

As such, in the absence of a cognizable RICO claim, the Complaint's second cause of action against RFR and Mr. Signore is subject to dismissal for failure to state a claim.

## IV. CONCLUSION

Therefore, based on the foregoing, RFR and Mr. Signore respectfully request that this Honorable Court dismiss plaintiff's second cause of action against them for RICO conspiracy *with* prejudice, and for such further relief as the Court deems appropriate.

Respectfully submitted,

Dated:  June 28, 2018

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Craig J. Mariam*
  Craig J. Mariam
  Rhonda R. Adato
  Attorneys for Defendants RFR Capital, LLC and Robert Signore

# CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and sent a copy of the foregoing document via first class mail, postage prepaid, addressed to:

| | |
|---|---|
| Anton Ewing<br>3077 B Clairemont Drive #372<br>San Diego, CA 92117<br>(619) 719-9640<br>Email: anton@antonewing.com | Plaintiff In Pro Per |
| David J Kaminski<br>CARLSON AND MESSER<br>5901 West Century Boulevard<br>Suite 1200<br>Los Angeles, CA 90045<br>(310)242-2200<br>Fax: (310)242-2222<br>Email: kaminskid@cmtlaw.com | Defendants<br>First Premier Funding, LLC; First Union Lending, LLC; Timur Shamsutdinov |

By: /s/ *Craig J. Mariam*
      Craig J. Mariam

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

PG1300/38977863v.1

-19-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO RFR CAPITAL, LLC AND ROBERT SIGNORE