1
2
3

Anton Ewing
3077 B Clairemont Drive #372
San Diego, CA 92117
(619) 719-9640
anton@antonewing.com

4    Plaintiff In Pro Per

5

6          THE UNITED STATES FEDERAL DISTRICT COURT

7              SOUTHERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9   Anton Ewing, an individual, | ) Civil Case No. 18-CV-1063 AJB-AGS |
| 10            Plaintiff, | ) *Honorable Anthony J. Battaglia* |
| 11        vs. | ) *Magistrate Judge Andrew G. Schopler* |
| 12  8 Figure Dream Lifestyle, LLC, a Wyoming limited liability company; | ) **PLAINTIFF'S RESPONE IN OPPOSITION TO MOTION TO DISMISS FILED BY RFR CAPITAL, LLC** |
| 13  Richard Waldman, an individual; | ) |
| 14  R. Scott International Corp., Florida corporation; | ) |
| 15 | ) |
| 16  RFR Capital, LLC, a Delaware limited liability company; | ) |
| 17  Robert Signore, an individual; | ) Hearing Date: August 30, 2018 Time: 2:00 PM Courtroom: 4A |
| 18  ET AL | ) |
| 19            Defendants. | ) |
| 20 | ) |
| 21 _____ | ) |

22    May it please the Court:

23

24

25

# Table of Contents

INTRODUCTION ...................................................................................................... 3

MOTION SHOULD BE STRIKEN FOR FAILURE TO COMPLY WITH LOCAL AND CHAMBER

RULES ......................................................................................................................... 3

THE COURT MUST READ PRO SE COMPLAINTS WITH A LESS STRINGENT STANDARD 5

BACKGROUND ON MOVING DEFENDANTS ................................................................. 5

MOVING DEFENDANTS MISREAD THE COMPLAINT'S WIRE FRAUD ALLEGATIONS ..... 6

THE COMPLAINT DOES IN FACT ALLEGE MANAGEMENT OF ENTERPRISE...................... 8

DECEIT UPON THE COURT BY AN ATTORNEY IS A CRIME ................................................. 11

WIRE FRAUD IS PLEAD WITH PARTICULARITY AND IT IS WELL STATED IN THE

COMPLAINT WITH CLEAR LANGUAGE...................................................................... 13

MOVING DEFENDANTS MISREAD EXTENSION OF CREDIT AS COLLECTION OF DEBT 14

AMENDMENT OF THE COMPLAINT WILL CURE ANY AND ALL DEFECTS...................... 15

MOVING DEFENDANTS DO NOT HAVE A CFL LICENSE TO SELL LOANS ....................... 19

MOVING DEFENDANTS WERE REQUIRED TO REGISTER WITH DOJ ............................... 23

PLAINTIFF IS ENTITLED TO HONEST SERVICES FROM MOVING DEFENDANTS ........... 23

TELEMARKETING DOES IN FACT SUPPORT WIRE FRAUD CLAIMS................................. 25

THREATENING TO EXTORT PLAINTIFF IS A PREDICATE ACT ......................................... 26

PLAINTIFF HAS CONCRETE INJURY AND THEREFORE STANDING ................................. 29

STANDING HAS BEEN CLEARLY DELINEATED ................................................................ 33

RICO CONSPIRACY 18 U.S.C. §1964(d) ......................................................................... 41

SUMMARY.......................................................................................................................... 43

## INTRODUCTION

Plaintiff Anton Ewing (herein "Plaintiff" or "Ewing"), proceeding pro se, hereby responds in opposition to RFR Capital, LLC, a Delaware limited liability company (herein "RFR") and Robert Signore, an individual (herein "Signore"), (collectively "Defendants") motion to dismiss as follows:

RFR and Signore have only moved to dismiss one of the three causes of action, RICO. The TCPA and CIPA causes of action are not part of this motion, and thus waived[1]. Additionally, said moving defendants, by filing a simple[2] and paired down motion, have thus waived all other FRCP 12(b) arguments as well.

## MOTION SHOULD BE STRIKEN FOR FAILURE TO COMPLY WITH LOCAL AND CHAMBER RULES

Moving Defendants filed a proposed order in the CM/ECF system. See ECF No. 18-3. Proposed Orders are not allowed to be filed in the ECF system; rather, Local Rules and Standing Orders require them to be emailed directly to the Court. And this Court does not even allow them in this situation. Moving Defendants are

---

[1] By not moving to dismiss the TCPA and CIPA causes of action, Moving Defendants have effectively confessed that these are two legitimate claims. By confessing to criminal TCPA violations and confessing to criminal CIPA violations, Moving Defendants have just confessed to wire fraud, that is, using the wires to criminally telemarket and criminally record through a plan or scheme business operation, which is one of the predicate acts under RICO.

[2] The arguments are: (1) TCPA is not a RICO predicate, (2) money laundering allegation is too vague and no "provenance", (3) wire fraud not plead with particularity as to RFR and Signore, (4) extortion did not claim defendants sought to acquire property from plaintiff, (5) that §1951 extortion requires use of force, (6) unlawful debt collection requires gambling activity, (7) defendants must be part of the operation of management of the enterprise, (8) plaintiff lacks standing (9) and there is no pattern of racketeering activity of two or more predicate acts.

PLAINTIFF'S RESPONSE TO RFR'S MOTION TO DISMISS COMPLAINT- 3

held to the highest standard of practicing[3] law because they are represented by a member of the state bar (or even 7 bars).  The Court has the power to strike Moving Defendants motion *sua sponte* for violating these rules.  Moreover, the Moving Defendants Notice of Motion contains a summary of the legal arguments.  That is not allowed by the Local Rules.  Instead the Local Rules require a Notice of Motion and a separate motion wherein the summary of argument is required to be set forth.  *See* Local Rule 7.1f.  Local Rule 7.1f2b specifically states: "[a] movant's failure to file any papers required under the local rules may be deemed as a waiver of the motion, or other request for ruling by the court."  Here the movants have failed to file the papers correctly.  At line 10 of page 2 of the Notice of Motion, Movants actually cite to legal authority (and again at page 3, line 7, line 13, and line 22).  This is inappropriate and violates the Local Rules.  Legal authorities belong in the memorandum of points and authorities.  Defense counsel's failure to follow the rules should not go unnoticed and the Court should not waste its time even reading Movant's motion[4].  Moreover, Local Rule 7.1f expressly and clearly states that the Notice of Motion and the Motion must be separate documents (in addition to the Memo of P&A's).  Here, Moving Defendants have combined both into one document in direct violation of the Local Rule.  Moving Defendants have waived their rights.

---

[3] Mr. Mariam has been practicing law for over 15 years and is admitted to seven different state bars.  He should know better.  He is a partner in a firm with over 800 lawyers, thousands of staff and over 50 offices.  He should know better.  There is a team of Gordon Rees lawyers in Alabama and in Pennsylvania working on this matter also.

[4] An attorney admitted to 7 state bars, with 15 years of experience, a partner with 800 lawyers with 51 offices, with two other pending TCPA federal lawsuits, should be held to the absolute highest standard that the law requires.

PLAINTIFF'S RESPONSE TO RFR'S MOTION TO DISMISS COMPLAINT- 4

**THE COURT MUST READ PRO SE COMPLAINTS WITH A LESS STRINGENT STANDARD**

1. On the other hand, a plaintiff acting in propria persona who is not a member of any State Bar anywhere, is held to a much less stringent standard.  "As the Court unanimously held in *Haines v. Kerner*, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id., at 520-521, quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)." *Estelle v. Gamble* (1976) 429 U.S. 97, 106 [97 S.Ct. 285, 292, 50 L.Ed.2d 251, 261]. It is standard practice in the Southern District of California to give a pro se plaintiff at least one opportunity to correct errors and fix inartfully plead complaints to comport with the law's requirements for proper averment.

**BACKGROUND ON MOVING DEFENDANTS**

2. RFR Capital, LLC, a Delaware limited liability company, is run, operated, managed and controlled by Robert Signore in New York.  Signore claims to be a financial guru but in fact he is just another one of thousands of arrogant and pompous individuals who blatantly violate the TCPA over ten thousand times

18cv1063

each day.  RFR Capital was sued in *Martin vs. RFR Capital, LLC*, 17-cv-00560, in the Southern District of Alabama for TCPA violations.  This is a class action lawsuit – hundreds of thousands of victims are represented.   Very recently, RFR has also been sued in the Eastern District of Pennsylvania for TCPA violations in *Shelton vs. RFR Capital, LLC, et al*. 18-cv-2259.  It is telling that defense counsel fails to disclose this to the Court.  Signore admitted on the phone to illegal recording and to calling using a robo-dialer (ATDS).  See Exhibit "B" filed with the Complaint.  RFR Capital repeatedly called from 914-239-0204 and 914-751-9778 on May 18, 2018.  Moreover, RFR Capital was asked for a copy of its written do not call policy and none has been provided to Plaintiff.

## MOVING DEFENDANTS MISREAD THE COMPLAINT'S WIRE FRAUD ALLEGATIONS

3.  Moving Defendants incorrectly articulate the definition of wire fraud under section 1343 of Title 18.  In addition, Moving Defendants incorrectly argue, at MTD Notice page 2, line 23-24, that the "illegal international spam calling" is not a predicate act.  This statement by Moving Defendants is mind-boggling to say the least.  The Complaint nowhere states, nowhere alleges, nowhere avers, nowhere accuses nor claims that "illegal international spam calling" is a

18cv1063

predicate act.  It is an insult to Plaintiff's intelligence to even make such as

statement.  Section 1961 of Title 18 is very clear.    Section 1961 is a list.

Plaintiff has read section 1961 over a thousand times.  Why Moving

Defendants would make such an outrageous claim is practically deceitful and

can only be interpreted as an insult to the intelligence[5] of this Court.  Do the

Moving Defendants really think that this Court will not read the Complaint?

Do the Moving Defendants really think that this Court will not read section

1961?  Moving Defendants have twisted and contorted the plain reading of the

Complaint beyond belief.  The Complaint does not say that "illegal

international spam calling[6]" is a predicate act under section 1961.  It is

---

[5] It is also shocking to the conscience that a firm like Gordon Rees would lower themselves to such dishonorable tactics.

[6] This phrase is found once on page 52 of the Complaint at lines 20-22. "Defendants are also engaging in voluminous illegal international spam calling in direct violation of 47 U.S.C. §227 to solicit confidential information over the wires of the United States."  It is interesting that the general use of the word "Defendants" here is specific enough for Mr. Mariam but when he argues about Rule 9 particularity it is too general and vague for him.  The Court should also note that this phase was not used to describe a section 1961 predicate act as such.  Thus Mariam is being criminally deceitful with this Court.  The sentence obviously refers to and actually states "wires of the United States" and thus wire fraud, which is a listed predicate act.  Mr. Mariam's statement is an abuse of his right to be a member of this bar.  The Court should not let Mr. Mariam's conduct go unnoticed.  To even make an argument like this impeaches his credibility, his candor and his ability to tell the truth going forward.

laughable that Mr. Mariam even makes this outrageous claim.  One has to wonder if Mr. Mariam read the Complaint.

### THE COMPLAINT DOES IN FACT ALLEGE MANAGEMENT OF ENTERPRISE

4. Moving Defendants also allege that they must be accused of being "in the operation or management of the enterprise itself" in order to be liable under RICO.  This is plainly absurd for two reasons.  First, the statement is false and deceitful.  In *USA vs. Bell, et al*, 09-CR-1209, the court made a finding that this Plaintiff was not just a minor roll, but a *minimal* roll participant and did not know anyone else in the conspiracy.  If this Court wishes to make a holding that only those "in the management of the enterprise itself" are liable under RICO, then please do.  A motion to set aside and dismiss 09-CR-1209 will be filed immediately and this Court's opinion will be cited as the authority to overturn the Honorable Judge Huff in 09-CR-1209.  But of course, that is not what the law says, and Moving Defendant's attorney knows this.  An attorney can be sanctioned for an intentional misstatement of the law as has been done with the *Graf* holding from the Central District in 2008.  In fact, mere deceit is a criminal act when done by an attorney, even in federal court.

18cv1063

5.    Graf is quoting Reves.  "The United States also argues that the "operation or management" test is not consistent with § 1962(c) because it limits the liability of "outsiders" who have no official position within the enterprise. Brief for United States as *Amicus Curiae* 12 and 15. The United States correctly points out that RICO's major purpose was to attack the "infiltration of organized crime and racketeering into legitimate organizations," S. Rep. No. 91-617, at 76, but its argument fails on several counts. First, it ignores the fact that § 1962 has four subsections. Infiltration of legitimate organizations by "outsiders" is clearly addressed in subsections (a) and (b), and the "operation or management" test that applies under subsection (c) in no way limits the application of subsections (a) and (b) to "outsiders." Second, § 1962(c) is limited to persons "employed by or associated with" an enterprise, suggesting a more limited reach than subsections (a) and (b), which do not contain such a restriction. Third, § 1962(c) cannot be interpreted to reach complete "outsiders" because liability depends on showing that the defendants conducted or participated in the conduct of the "*enterprise's* affairs," not just their *own* affairs. Of course, "outsiders" may be liable under § 1962(c) if they are "associated with" an enterprise and participate in the conduct of *its* affairs -- that is, participate in the operation or management of the enterprise itself -- but it would be consistent with neither the language nor the legislative history of § 1962(c) to interpret it as broadly as petitioners and the United States urge.  In sum, we hold that "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs," § 1962(c), one must participate in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 184-85, 113 S. Ct. 1163, 1173 (1993)

6. All that is required for RICO liability is to merely "participate," "indirectly," in the "operation" of the enterprise, even in a minimal roll capacity just like in 09cr1209.  The Complaint at page 6, lines 22-24, it states that RFR is "run, operated, managed and controlled by Robert Signore in New York."  The Complaint states that RFR is the racketeering enterprise.  And yet, Moving

PLAINTIFF'S RESPONSE TO RFR'S MOTION TO DISMISS COMPLAINT- 9

18cv1063

Defendants state, at MTD page 14, lines 19-21: "*Complaint is devoid of any allegation specifying RFR and Mr. Signore's purported participation "in the operation of [sic] management" of the alleged enterprise or "conspiracy.""* At page 12 of the Complaint at lines 11-17 it expressly states: "The enterprise that each defendant used, ran and employed to commit interstate racketeering, extortion and harassment is the LLC or corporation respectively named as a defendant. The enterprises that each defendant used are: …; RFR Capital, LLC, a Delaware limited liability company…." The word used by defense counsel is "*devoid*" which means empty, barren, completely lacking, without, bereft. Importantly, the word deceit, as provided in California Business & Professions code section 6128, means dishonesty, deception, trickery, sham, treachery. Defendant's attorney is being deceitful when he states that the Complaint is devoid of any allegation of participation in the operation of the enterprise. Moreover, Moving Defendant's attorney is being criminally deceitful to this Court when he states, at lines 21-23 on page 14, the "Complaint is also devoid of an allegation that RFR and Mr. Signore played a managerial role in the alleged enterprise." This is criminal. The Complaint states that Signore "managed and controlled" RFR Capital, LLC. For Mr. Mariam to actually write that the Complaint is "devoid of an allegation" that Signore played a "managerial role in the alleged enterprise" is a criminal act

18cv1063

by Mr. Mariam.  Mariam's statement is beyond lack of candor to this Court, it is criminal deceit upon the Court.  Mariam is literally asking this Court to dismiss the RICO cause of action with prejudice because, he says, it fails to allege that Defendant Signore participated in the operation or management of the racketeering enterprise when in fact, that is exactly what the Complaint states.  This shocks the conscience.

## DECEIT UPON THE COURT BY AN ATTORNEY IS A CRIME

7.   B&P §6128 states: "Every attorney is guilty of a misdemeanor who either: (a) Is guilty of *any deceit* or collusion, or consents to any deceit or collusion, *with intent to deceive the court* or any party. (b) Willfully delays his client s suit with a view to his own gain. (c) Willfully receives any money or allowance for or on account of any money which he has not laid out or become answerable for.  Any violation of the provisions of this section is punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both. *(Amended by Stats. 1976, Ch. 1125.)(emphasis added)*  "Though the attorneys' conduct in *Kinnamon* was unethical, it was not criminal. Here, on the other hand, the attorney's blatantly false statements were not only unethical, they also appear to be a criminal violation.  Business and Professions Code section

18cv1063

6128 provides in relevant part*: "Every attorney is guilty of a misdemeanor who . . . [para. ] (a) [Is] guilty of any deceit or collusion, or consent to any deceit or collusion, with intent to deceive the court or any party." (Italics added.)"  Carney v. Rotkin, 206 Cal. App. 3d 1513, 1522, 254 Cal. Rptr. 478, 483 (1988)*

8.  The Court has the power to sanction Mr. Mariam by referral to the State Bar for disbarment proceedings or to fine him $2500 and sentence him to jail for six months.  Doing neither of these would be a miscarriage of justice.

9.  Another example of deceitful and dishonest citation to legal authority is Moving Defendant's claim that the *Osgood* case allegedly holds that there is no injury or causation.  That claim is very unsettling for a defense attorney to make in this matter.  Does defense counsel think that the Court will not read the *Osgood* case?  Or rather, read it blatantly out of context as has been done here by defense counsel?  There is a reason that the State of California had to pass a law making it a crime for attorneys being deceitful with courts.  This MTD is exactly the reason this criminal law exists.  The Court has just witnessed multiple criminal acts committed by Mr. Mariam.  Local Rule 83.4 should not employed to cover up these crimes.  There is a difference between zealous advocacy and criminal deceit.  Zealous advocacy requires intelligence, legal acumen, decades of legal experience, cogent and skillful arguments,

obeying the FRCP, Local Rule and Chamber rules, and proper citation to controlling caselaw precedent.  Deceit is misquoting cases, misstating your opponents averments, covering up your clients conduct, failing to disclose relevant facts and law to the court, failing to disclose that your client has been recently sued multiple times for the same acts, and unreasonable twisting of the facts.

## WIRE FRAUD IS PLEAD WITH PARTICULARITY AND IT IS WELL STATED IN THE COMPLAINT WITH CLEAR LANGUAGE

10. At paragraph 4 of the MTD on page 3, lines 18-19, Moving Defendants state that the entire RICO claim should be dismissed with prejudice because they have not been accused of engaging in "two or more predicate acts within the meaning of the RICO statute."  Does this defense attorney think that the Court has not or will not read the Complaint?  Wire fraud is a predicate act.  Clearly. Using the wires of the United States to carry out a scheme or criminal operation is wire fraud.  The pattern is also proven by the fact that Moving Defendants have been sued, recently, in two other federal courts for the exact same conduct.  One of those cases is a class action purporting to represent hundreds of thousands of other victims of Moving Defendant's criminal operations.  A mere two acts of wire fraud are legally sufficient to support a

RICO conspiracy cause of action.  But here, these Moving Defendants have actually committed hundreds of thousands of instances of predicate acts of wire fraud[7].  Selling felonious loans (usury) by using the wires is wire fraud.  Violating section 501 of Title 47 by violating section 227(b)(1) is a crime.  Section 501 states "what has been made unlawful…" and section 227 states "it shall be unlawful…"   Running an operation, plan or scheme that violates federal criminal laws thousands of times each day, as stated above, is wire fraud.

**MOVING DEFENDANTS MISREAD EXTENSION OF CREDIT AS COLLECTION OF DEBT**

11. Moving Defendants cite 18 USC section 1961(6) and then go on to confuse the Court with a discussion of "collection of unlawful debt."  Moving Defendants are confused.  RICO is complicated but attorneys are required to know it before taking on a case defending against it.  Collection of unlawful debt is not an extortionate extension of credit.  Perhaps defense counsel has just not studied this area of the law yet.

---

[7] Mariam thinks that two or more acts must be committed against each victim.  That is wrong.  Not sure how a single person would be a victim of murder twice.  But that is Mariam's logic.  Mariam has single handedly redefined a double murder to mean killed twice.

**AMENDMENT OF THE COMPLAINT WILL CURE ANY AND ALL DEFECTS**

12. It is possible for Plaintiff to amend the Complaint to expressly state that "Defendant Signore and Defendant RFR (through agent "Mark Berg" and then "Randy") have committed two acts of wire fraud by calling Plaintiff's cell phone on October 2, 2017 at 2:48PM and May 3, 2018 at 1:34PM, from 347-627-9668 to 619-719-9640 without permission or consent in violation of 18 USC section 1343." "Brian" from RFR called Plaintiff from 914-795-9778 on May 18, 2018. The addition of these two sentences would put Moving Defendants on notice that they have committed two or more acts of wire fraud, which is a section 1961(1)(B) predicate act, and it would advise them exactly how and when and at what time they are alleged to have committed the crimes.

13. The below is copied and pasted directly from Plaintiff's ATT phone bill.

05/18/2018 03:49PM 914.751.9778 Incoming, CL SDDV 1

05/18/2018 03:34PM 914.751.9778 Incoming, CL SDDV 6

05/18/2018 03:14PM 914.239.0204 Incoming, CL SDDV 11

This shows multiple calls from Moving Defendants.  Each of Robert Signore's emails to Plaintiff on 5/18/18 shows a 914 area code also.  On May 21, 2018, Robert Signore sent an email to Plaintiff asking if Plaintiff would settle for

$1,000 which was up from his prior email offer of $500.  Then the threats started to get more violent and much more serious.

To allege mail fraud or wire fraud, Plaintiff must allege that: (1) Defendants formed a scheme or artifice to defraud; (2) Defendants used or caused the use of the United States mails or wires in furtherance of the scheme; and (3) Defendants did so with the specific intent to deceive or defraud.  See *Schreiber Distr. Co. v. Serv-Well Furniture Co., Inc*., 806 F.2d 1393, 1399-1400 (9th Cir. 1986).  Rule 9(b) of the Federal Rules of Civil Procedure requires that Plaintiff plead the fraud "with particularity." See also *Odom v. Microsoft Corp.*, 486 F.3d 541, 553-54 (9th Cir.) (en banc), cert. denied, 128 S. Ct. 464, 169 L. Ed. 2d 325 (2007); *Alan Neuman Productions, Inc. v. Albrigh*t, 862 F.2d 1388, 1392 (9th Cir. 1988), cert. denied, 493 U.S. 858, 110 S. Ct. 168, 107 L. Ed. 2d 124 (1989).  Plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Odom v. Microsoft Corp*., 486 F.3d at 553-54 (citation, internal quotations and brackets omitted) (holding that, in the circumstances of the case, plaintiff store customer need not plead the identities of store employees who allegedly established an Internet service account without plaintiff's knowledge or consent).  *Graf v. Peoples*, No. CV 07-4731-VAP(E), 2008 U.S. Dist. LEXIS 78919, at *17-18 (C.D. Cal. Aug. 31, 2008)

14. To state a claim under § 1962(c), Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Walter v. Drayson,* 538 F.3d 1244, 1247 (9th Cir. 2008) (quoting *Odom v. Microsoft Corp.,* 486 F.3d 541, 547 (9th Cir. 2007).  Plaintiff alleged that Moving Defendants engaged in the conduct of an enterprise through a pattern of racketeering activity.  The conduct is the violation of predicate acts in violation of 18 USC §1961.  Specifically, Moving Defendants violated the wire fraud statute, 18 USC §1343, multiple times.  That is, Moving Defendants committed and engaged in the use of the US wires to run a common plan or scheme to commit crimes, including illegal telemarketing (47 USC §501 by violation §227), violating the right to honest services, by making express extortionate threats to Plaintiff that violate California Penal Code sections 518 – 523, a felony.  These state law felonies are, additionally, predicate acts under 18 USC §1961(1)(A)[8].  Moreover, Moving Defendants violated usury laws (not to be confused with debt collection as Mariam

---

[8] Nowhere and at no time did Plaintiff ever allege a violation of 18 USC section 1951 extortion.  Plaintiff has always, and only, alleged state law extortion under PC §§518-523.  Under PC §519, there are 5 types of threats that constitute extortionate threats.  18 USC §1961(1)(A) states "any act or threat" which means an act of extortion and it also means any threat of extortion.  Both are predicate acts.  Mariam is confused.  Section 1961(1)(B) (which lists §1951) and it says "any act" but not say "any act or threat."

18cv1063

misstates) and engaged in loan shark lending by selling and attempting to sell loans[9] at interest rates above 25% to Plaintiff.  Moving Defendants also failed to register for a California Finance Lender license at the time of the illegal telemarketing calls.  Moving Defendants also failed to register with the California Department of Justice as a telemarketer, nor did they post the required bond therefor.  The enterprise that Moving Defendants used, ran and employed to commit interstate racketeering, extortion and harassment is RFR Capital, LLC, a Delaware limited liability company.  Said entity was the racketeering enterprise that was used in this matter.  The pattern of racketeering activity consists of the repeated telephone calls made by Moving Defendants over months and months, and in many instances – several years, along with the email threats to extort Plaintiff by accusing Plaintiff of a crime or threatening to accuse Plaintiff of a crime if Plaintiff did not give up his right to file this lawsuit and seek damages for illegal telemarketing by Moving

---

[9] At MTD page 8, line 13, it states "collection of an unlawful debt" and yet nowhere in the Complaint are these words ever used with respect to Plaintiff.  Mariam is making up arguments to win an argument that does not exist.  Truly breath-taking.  At Complaint page 18, line 15, it states "Defendants are collecting an unlawful debt" but it does not state that this is from Plaintiff.  Defendants have loaned out a lot of money at rates over 25% (twice the legal limit of 10% in CA).  Those loans are illegal because RFR does not have a CFL license.  Their attempt to collect that debt from OTHERS, is the unlawful collection of debt.  This simply shows that RFR is a bunch of racketeers on many levels and on many fronts.

Defendants.  The racketeering activities are those predicate acts described in detail in the Complaint which violated 18 USC §1961(1)(A) and (B).

**MOVING DEFENDANTS DO NOT HAVE A CFL LICENSE TO SELL LOANS**

15. Moving Defendants are also not licensed to sell loans to California consumers (including Plaintiff) that exceed 10% per annum interest rates.  Moving Defendants did, and do still, sell loans into California, to California residents, that far exceed the 10% legal limit and thus Moving Defendants are engaged in felony loan shark usury lending[10], which is a violation of 18 USC §1961 predicate act as well as a direct and explicit violation of §1962.  Moving Defendants use the wires of the United States to engage in this fraudulent lending, all of which constitutes a common plan or scheme to engage in criminal activity.  Moving Defendants have made express and overt threats to Plaintiff that can only be described as totally uncalled for in a rule-of-law society whereby Plaintiff asserts his legal rights not to be harassed, seriously annoyed and telephonically stalked.   Moving Defendants engaged in extortionate threats, claiming to expose Plaintiff to disgrace and public oblique

---

[10] To extend credit means to make or renew any loan, or to enter into any agreement, tacit or express, whereby the repayment or satisfaction of any debt or claim, whether acknowledged or disputed, valid or invalid, and however arising, may or will be deferred. See 18 USC §891

18cv1063

if Plaintiff did not give up his right to be left alone (ie. right to sue for injunctive relief under 47 USC §227(b)(3)).

16. Moving Defendants have engaged in and committed the act of a conspiracy to violate RICO under 18 USC §1964(c), by violating 18 USC §1962(d), by violating 18 USC §1962(c) through a conspiracy to run a racketeering enterprise and committed two or more predicate acts of wire fraud in violation of 18 USC §1343, which is an enumerated act of racketeering activity under 18 USC §1961. This is a specific allegation with evidence and not an anecdotal generalization. To be clear, Moving Defendants have, within the time stated above, made thousands of illegal telemarketing calls as part of a scheme to defraud Plaintiff and others of money or property. Plaintiff has expressly articulated when and what number was called. Moving Defendants' metadata will show from their own database that they called Plaintiff. They know what day and time as well as from what number and to what number.

17. Each time Moving Defendants called Plaintiff it was a completed crime under 47 USC §501. Moving Defendants are expressly and clearly being accused of criminal activity in the Complaint. That criminal activity has a statutory private right of action that is being enforced by this Plaintiff. The American public demands that these laws be enforced so they can trust the legitimacy of telecommunications coming from the ever evolving and steep learning curve from digital devices. Therefore, Moving Defendants should never be allowed to get away with illegally and criminally calling millions of Americans because this hurts the future of the American economy and dampers good faith in our American telecommunication systems. The American public has lobbied for and demonstrated zero tolerance for these illegal calls. These illegal calls are not only harassing in nature but also dangerous and distracting when a

seemingly important, but illegal call, gets connected during inopportune activities such as operating machinery or motor vehicles.

18. The statute that was violated was 47 USC §227(b) and it expressly states "it shall be unlawful…" and by doing the unlawful act of calling Plaintiff to solicit the Moving Defendant's illegal criminal telemarketing conspiracies, the Moving Defendants have committed a willful crime over and over again.

19. 47 USC §501 expressly states that it is a crime to violate what has been "made unlawful" within Chapter 6 and §227 is within Chapter 6.

20. Defendants are selling and have sold illegal loans at the usurious interest rate of 52% (fifty-two percent) per annum charged on the principle amount of the outstanding loan.  See 18 USC §892(b)(2) which provides that Moving Defendant's extension of credit at above 45% constitutes an extortionate extension of credit.  18 USC §892 is listed as a predicate act under 18 USC §1961's definition of racketeering activity.  It is telling that Moving Defendants did not provide a declaration from RFR or its CEO, Mr. Signore, that declares under oath that they not loan out money as usurious rates or extortionate rates.

21. Moving Defendants, along with the employees and contracted agents of Moving Defendants, owed a duty of care, a duty of honesty, and a duty of loyalty as well as a fiduciary duty (found in every client-customer relationship wherein confidential and private information is exchanged), to Plaintiff when Moving Defendants called Plaintiff to sell its loan.  Those above stated duties, and each of them, were breached by Moving Defendants when their employees and

18cv1063

agents illegally, and criminally, called Plaintiff by violating 47 USC §501[11] and §227(b)(1)(A) and (c)(5), as well as the Telemarketing Sales Rule (16 CFR Part 310).  Additionally, Moving Defendants breached said duties when they, and their agents and employees, illegally, and with criminal *mens rea*, secretly recorded the solicitation calls they made to Plaintiff in violation of Cal. Pen. Code §632, §637.2 and §632.7 as well as violation of Civil Code §1770(a)(22). This business model and method of operation of their business is a plan or scheme to engage in criminal activity on a daily basis through the use of the wire of the United States.  It is eye-popping that Moving Defendants cannot understand, or refuse to concede that using ones telephone to make criminally illegal calls[12] (47USC§501) and to criminally record (PC§632) each of those calls to criminally sell loans (Article 15 California Constitution)

---

[11] Any person who willfully and knowingly does or causes or suffers to be done any act, matter, or thing, in this chapter prohibited or declared to be unlawful, or who willfully and knowingly omits or fails to do any act, matter, or thing in this chapter required to be done, or willfully and knowingly causes or suffers such omission or failure, shall, upon conviction thereof, be punished for such offense, for which no penalty (other than a forfeiture) is provided in this chapter, by a fine of not more than $10,000 or by imprisonment for a term not exceeding one year, or both.

[12] Defendants were on notice via B&P §17363.5 "Any person advertising or offering for sale automatic dialing-announcing devices, as defined in Section 2871 of the Public Utilities Code, shall specify on all advertising therefor and in the instruction manual or other information included with the equipment that the equipment may be operated within California only in accordance with Article 1 (commencing with Section 2871) of Chapter 10 of Part 2 of Division 1 of the Public Utilities Code .  The person shall also

**MOVING DEFENDANTS WERE REQUIRED TO REGISTER WITH DOJ**

22. Moving Defendants have each knowingly and willfully failed to register as telemarketers with the California Department of Justice, failed to pay the $50 fee and failed to post the $100,000 bond that is required. Moving Defendants are in violation of and did in fact violate B&P §17511.1 et seq. Each of these above stated acts are part of the common plan and scheme to defraud California residents, including this Plaintiff. The Complaint spells this out exactly, expressly and explicitly with amazing detail.

**PLAINTIFF IS ENTITLED TO HONEST SERVICES FROM MOVING DEFENDANTS**

23. Moving Defendants violated Plaintiff's intangible right to honest services as defined in 18 USC §1346 which defines the term scheme or artifact to defraud regarding wire fraud (18 USC §1343). See *United States v. Rybicki*, 354 F.3d 124 (2d Cir. 2003) Moving Defendants repeatedly called Plaintiff, which constitutes the use of the wires to engage in their scheme and thus wire fraud under 18 USC §1343, to illegally sell its 52% annual interest rates loans, which is usurious felony loan shark lending in violation of California and Federal law. Moving Defendant's employees and agents were dishonest with Plaintiff and

provide a full copy of that article to each purchaser of the equipment, and shall also provide a full copy to each prospective purchaser upon request."

were committing multiple criminal acts as a result of the calls and during the calls.  Moving Defendants breached Plaintiff's right to privacy and Plaintiff's intangible right to honest services when they called Plaintiff.  Plaintiff's privacy rights are protected under Cal. Pen. Code §632.  Plaintiff had the vested right to have Moving Defendant's employees and agents communicate honestly and truthfully, which they did not do.  Plaintiff provided Moving Defendants with extensive private information during each call as Moving Defendant's agent was filling out the loan application contemporaneously.  Moving Defendant's agent had a duty to be honest with Plaintiff and had a duty not to engage in criminal conduct at any time during said calls.  The act of committing the crime of calling (47 USC §501), along with the act of selling a usurious loan (18 USC §892), as well as the act of illegal recording (PC §632) was a breach of Plaintiff's intangible right to honest services and right to privacy.  The breach and violation of the intangible right to honest services and right to privacy constitutes wire fraud under 18 USC §1343.

24. It is a well-established rule of construction that "'where Congress uses terms that have accumulated settled meaning under . . . the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms.'" *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322, 117 L. Ed. 2d 581, 112 S. Ct. 1344

(1992)(quoting Community for Creative Non-Violence v. Reid, 490 U.S. 730, 739, 104 L. Ed. 2d 811, 109 S. Ct. 2166 (1989)); see Standard Oil Co. of N.J. v. United States, 221 U.S. 1, 59, 55 L. Ed. 619, 31 S. Ct. 502 (1911) ("Where words are employed in a statute which had at the time a well-known meaning at common law or in the law of this country, they are presumed to have been used in that sense").

**TELEMARKETING DOES IN FACT SUPPORT WIRE FRAUD CLAIMS**

25. The 9th Circuit held in the *Blitz* case that it is possible to commit the predicate act of wire fraud by engaging in an illegal telemarketing scheme to sell felonious loans:  "The record of this case contains ample evidence from which a rational jury could find Hall guilty of wire fraud, which is established through the existence of a scheme to defraud and the use of interstate wires in furtherance of that scheme. *See United States v. Hubbard,* 96 F.3d 1223, 1227-28 (9th Cir. 1996); *United States v. Lothian,* 976 F.2d 1257, 1262 (9th Cir. 1992). The government presented overwhelming evidence that the *Nortay* telemarketers engaged in a scheme to defraud victims of other fraudulent telemarketing schemes, in many of which *Nortay* telemarketers had themselves been involved." *United States v. Blitz*, 151 F.3d 1002, 1006 (9th Cir. 1998).  See also *United States v. Brown*, 147 F.3d 477 (6th Cir. 1998) (holding that telemarketing in violation of TCPA constitutes wire fraud when

the scheme is to defraud consumers).  Moving Defendants did not even

address this case or discuss it in any manner.  The *Bitz* case was disclosed in

the Complaint and thus Moving Defendants are fully aware of it.  An attorney

is held to the highest standards and Moving Defendant's failure to address this

issue is actually a serious issue in and of itself.  Deceit by an attorney is a

criminal act under B&P §6128.

**THREATENING TO EXTORT PLAINTIFF IS A PREDICATE ACT**

26. Moving Defendants committed the crime of extortion by threatening Plaintiff

with criminal action by threatening to contact the San Diego Police in violation

of Cal. Pen. Code §519 and §523.  There was no other reason to contact the San

Diego Police other than to engage in, or threaten to engage in, extortion.

Moving Defendant's conduct is criminal and they have the gall and audacity to

accuse Plaintiff of wrong-doing when it is Moving Defendants who are the

criminal telemarketers using dozens of cubicles filled with telemarketers using

robo-dialers.  But for Moving Defendant's failure to scrub their telemarketing

lists, they would not have called Plaintiff.  Moving Defendants do not care

about the law.  Moving Defendants do not care that their business operation is a

criminal act.  Making extortionate threats is a crime.  Calling DNC registered

cell phones with an ATDS is a crime.  Doing business in California without

registering as a telemarketer with the DOJ is a crime.  Being unlicensed and

selling loans at usurious interest rates is a crime.  Recording calls without warning or disclosure thereof is a crime.  Moving Defendants have committed each of the above stated crimes multiple times through their enterprise called RFR.  That is racketeering under 18 USC §1962.

27. In the Complaint, Plaintiff expressly plead, alleged, complained and accused Moving Defendants of knowingly and intentionally engaging in a conspiracy to commit racketeering through the conduct of an enterprise, that is the entity named RFR Capital, LLC as the enterprise, in violation of 18 USC §1961, §1962 and §1964.  Specifically, between June 13, 2014 and continuing to present, Moving Defendants actually laundered well over $10,000 of illegal revenues, gains and earnings obtained from the criminal violation of 47 USC §501 by violating §227(b)(1)(a) and (c)(5).  Moving Defendants have committed wire fraud, a predicate act know as 18 USC §1343, which is expressly listed under 18 USC §1961.  Moving Defendants have engaged in a common plan and scheme to defraud Plaintiff and thousands of other California citizens and residents with usurious loans.  Moving Defendants have and are running a boiler-room operation with dozens of third world telemarketers that they have trained and conspired with to make illegal telemarketing calls to Americans whose cellular and home phones are registered on the FTC's DNC Registry.  The running and operating the telemarketing boiler-room to harm,

injure, harass, endanger, scam, and hurt Americans, including this honorably discharged military veteran Plaintiff, is a criminal predicate act in violation of 18 USC §1964 and §1962.

28. Moving Defendants gave orders, directions, advice, counsel and information to the other Defendants on exactly how, when and where to conduct illegal telemarketing calls to California citizens, including Plaintiff specifically.

29. Moving Defendants actually have several boiler-room type telemarketing operations, including one in India and another in the Philippines. Moving Defendants believe that running their wire fraud operation using the wires or telephone systems of the United States by originating their illegal telemarketing calls from outside the USA will allow them to evade America's racketeering laws. Moving Defendants have directly and through each other, violated 18 USC §1343 (wire fraud) by calling Plaintiff and other California residents from India and the Philippines to illegally sell their usurious loans into California without a CFL license, DRE or a California Real Estate Broker License. Additionally, Moving Defendants are not registered to do business in California with the California Secretary of State.  Moving Defendants are required by law to register to do business in California and to obtain licensing to sell loans at over 10% interest. Moving Defendants have purposefully availed themselves of the benefits and protections of California law by selling into California, via

telephone wires, to California-registered telephone numbers (cellular and

landlines) to California residents and domiciled persons, including Plaintiff.

**PLAINTIFF HAS CONCRETE INJURY AND THEREFORE STANDING**

30. Moving Defendants harmed, injured and caused tortious interference with

Plaintiff's business by repeatedly calling or causing others hired by them to call

Plaintiff over and over again to telemarket their scam usurious loans.  Plaintiff's

business was seriously interrupted by the plethora of calls instituted and made

by Moving Defendants.  Plaintiff could not meet with his own separate clients

during the times the Moving Defendants called Plaintiff's phone.  Additionally,

Plaintiff could not trust his cell phone caller ID and missed several important

client calls during the period in question (June 13, 2014 to May 28, 2018)

causing unwarranted financial stress and reducing the overall earning potential

that Plaintiff could have reaped. Furthermore, Plaintiff could not engage in

gainful business activity while Plaintiff had to wait for his phone to recharge as

a result of the battery depletion cause by Moving Defendants.  Moreover,

Plaintiff suffered and incurred the loss of the use of his phone during each call

and during the recharging thereof.  In addition, Plaintiff was harmed and injured

by the fact that Moving Defendants, and each of them, directly and proximately

caused Plaintiff to have to pay for the electric utilities to recharge his phone and

18cv1063

to have to pay his AT&T cellular phone company for the additional minutes used up by Moving Defendant's illegal scam telemarketing calls made to sell illegal loans into California without any license whatsoever.  Selling loans into California without a license (CFL or DRE) at more than 10% per annum interest is a felony under California law.  Moving Defendants did, in fact, sell and continue to sell illegal loans into California.  The racketeering enterprise has not stopped.  Moving Defendants have not been indicted by the United Statas Attorney yet.  As such, Moving Defendants are continuing to make illegal calls and continuing to harass California residents by soliciting usurious loans.  Moving Defendant's conducted as described herein above actually caused Plaintiff to sustain and suffer actual harm and loss of business and property.  But for Moving Defendants' conduct, Plaintiff would have been able to earn the income, revenue and gains that were denied to Plaintiff as a direct, legal and proximate cause of Moving Defendants' illegal, criminal and conspiring conduct, including Moving Defendant's conspiracy to commit racketeering through the conduct of an enterprise.  Plaintiff additionally alleged in the Complaint that the significant time and effort spent to bring these Moving Defendants to justice before this Court through research and investigation is also an injury caused by Moving Defendants and each of them.

31.  Plaintiff was forced to pay San Diego Gas & Electric Company more money for Plaintiff's electric utility bill than he would have had to pay but for Moving Defendants violating Plaintiff's privacy and other rights from the illegal calls made by Moving Defendants and their employees and agents, to Plaintiff. Plaintiff's bitcoin mining application was shut off when Moving Defendants called Plaintiff's smart phone.  Thus Plaintiff lost actual earnings and revenues as a direct result of Moving Defendant's illegal calls.

32. Moving Defendants in 2016 knowingly and intentionally met, convened, gathered and conspired to employ a telemarketing company located in the Philippines, India, and elsewhere, to make ATDS-dialed prerecorded message calls to Plaintiff and thousands of other California citizens and residents. Moving Defendants conspired to employ this telemarketing boiler-room of criminal conspirators to use advanced technology to randomly sequentially dial every combination of telephone number in all of California's area codes, including Plaintiff's home and cellular phones within area code 619.  The Moving Defendants employed, trained and conspired to make and in fact did make live transfers of the illegal calls from the international boiler-room operations using the telephone system, whether direct dial or through Skype or Google Voice, to violate the DNC Registry to sell usurious loans without a CFL license constitutes wire fraud. Moving Defendants knowingly and intentionally,

18cv1063

with a greedy hand guided by an evil mind, exactly and expressly did this every

day from June 13, 2016 to the present day.

33. Under Federal Rule of Civil Procedure 8(a)(2), the Plaintiff is required only to

set forth a "short and plain statement of the claim showing that the pleader is

entitled to relief," and "give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007). A Complaint may survive a Motion to Dismiss if, taking

all well-pleaded factual allegations as true, it contains enough facts to "state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* "In sum, for a complaint to survive a Motion to Dismiss, the

non-conclusory factual content, and reasonable inferences from that content,

must be plausibly suggestive of a claim entitling the Plaintiff to relief." *Moss*

*v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In

reviewing a Rule 12(b)(6) motion, the Court must accept as true all facts

alleged in the complaint and draw all reasonable inferences in favor of the

Plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). The Court

must evaluate lack of statutory standing under the Rule 12(b)(6) standard.

*Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). However, because Plaintiff is proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard reviewing pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and pro se pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally"). *Romero* has been overruled by the 9th Circuit Court of Appeals.

## STANDING HAS BEEN CLEARLY DELINEATED

41.    Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    i.   A valid injury in fact;

    ii.  which is traceable to the conduct of Defendants;

and is likely to be redressed by a favorable judicial decision.  See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555

18cv1063

at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiffs must

clearly allege facts demonstrating all three prongs above.

A. The "Injury in Fact" Prong.

Plaintiff's injury, in fact, must be both "concrete" and "particularized" in order

to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo*

*(*Id.). For an injury to be "concrete," it must be a de facto injury, meaning that it

actually exists. In the present case, Plaintiff was called on his cellular phone at

least five (5) times by Moving Defendants.  In fact, Plaintiff expressly informed

Moving Defendants to cease and desist from all future telemarketing on the very

first call.  Such calls are a nuisance, an invasion of privacy, and an expense to

Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637,

638 (7th Cir. 2012). Moving Defendant's invasion of Plaintiff's right to privacy is

further exacerbated by the fact that Plaintiff's phone number, at all times relevant

to this litigation, was on the DNC Registry.  As well, Plaintiff had no prior

business relationship with Moving Defendants prior to receiving the seriously

harassing and annoying calls as well as the extortionate threats by Moving

Defendants.  All of Plaintiff's injuries are concrete and de facto.  For an injury to

be "particularized" means that the injury must "affect the plaintiff in a personal and

individual way." *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016)* at 14.      In the

instant case, it was Plaintiff's phone that was called and it was Plaintiff himself

18cv1063

who answered the calls.  It was Plaintiff's personal privacy and peace that was

invaded by Moving Defendant's persistent phone calls using an ATDS and a pre-

recoded robot voice message, despite Plaintiff having no prior business

relationship with Moving Defendants and Plaintiff's attempt to avoid the damage

by registering his number on the DNC Registry.  Finally, Plaintiff alone is

responsible to pay the bill on his cellular phone, his home phone and to pay the bill

for his electric utility company kilowatt-hour power usage, and lost potential

earnings and wages.  All of these injuries are particularized and specific to Plaintiff

and will be the same injuries suffered by Plaintiff.

B.  The "Traceable to the Conduct of Defendants" Prong

The second prong required to establish standing at the pleadings phase is that

Plaintiff must allege facts to show that his injury is traceable to the conduct of

Moving Defendants. In the instant case, this prong is met by the fact that the calls

to Plaintiff's cellular phone and home phone (landline) were placed either by

Moving Defendants directly, or by Moving Defendants' agent at the direction of

Moving Defendants.

C.  The "Injury is Likely to be Redressed by a Favorable Judicial Opinion"
     Prong.

The third prong to establish standing at the pleadings phase requires Plaintiff to

allege facts to show that the injury is likely to be redressed by a favorable judicial

opinion. In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Moving Defendants, as authorized by statute in 47 U.S.C. § 227.  The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.  Furthermore, Plaintiff's prayed for injunctive relief to restrain Moving Defendants from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future.  Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue Moving Defendants on the stated claims.

> "…[C]ourts in the Ninth Circuit have held that "allegations of nuisance and invasions of privacy in TCPA actions are concrete" injuries that establish standing. See *Mbazomo v. ETourandtravel, Inc*., 16-CV-2229-SB, 2016 U.S. Dist. LEXIS 170186, 2016 WL 7165693, at *2 (E.D. Cal. Dec. 8, 2016); *Cabiness v. Educ. Fin. Sols., LLC*, 16-CV-1109-JST, 2016 U.S. Dist. LEXIS 142005, 2016 WL 5791411, at *5 (N.D. Cal. Sept. 1, 2016); *Juarez v. Citibank, N.A*., No. 16-CV-1984-WHO, 2016 U.S. Dist. LEXIS 118483, 2016 WL 4547914, at *3 (N.D. Cal. Sept. 1, 2016); *Hewlett v. Consolidated World Travel, Inc.*, 16-713 WBS AC, 2016 U.S. Dist. LEXIS 112553, 2016 WL 4466536, at *2 (E.D. Cal. Aug. 23, 2016); *Cour v. Life360, Inc*., 16-CV-00805-TEH, 2016 U.S. Dist. LEXIS 98945, 2016 WL 4039279, at *2 (N.D. Cal. July 28, 2016); *Booth v. Appstack, Inc*., No. 13-1553JLR, 2016 U.S. Dist. LEXIS 68886, 2016 WL 3030256, at *7 (W.D. Wash. May 25, 2016). In *Mbazamo*, the court held that

a violation of the TCPA represents a concrete injury because "[t]he history of sustaining claims against both unwelcome intrusion into a plaintiff's seclusion and unceasing debt-collector harassment are squarely 'harm[s] that [have] traditionally been regarded as providing a basis for a lawsuit.'" Mbazomo, 2016 U.S. Dist. LEXIS 170186, 2016 WL 7165693, at *2 (quoting *Spokeo*, 136 S.Ct. at 1549-50). The court declined to follow Romero, explaining that Romero "improperly erodes the pleading standard set under Fed. R. Civ. P. 8(a) . . . . A plaintiff [need only] plausibly tie the alleged acts of the defendant to the alleged harms suffered." Id.

Similarly, in *Cabiness*, the court held that a violation of the TCPA represents a concrete injury because "[e]very unconsented call through the use of an ATDS to a consumer's cellular phone results in actual harm: the recipient wastes her time and incurs charges for the call if she answers the phone, and her cell phone's battery is depleted even if she does not answer the phone . . . . unsolicited calls also cause intangible harm by annoying the consumer." *Cabiness*, 2016 U.S. Dist. LEXIS 142005, 2016 WL 5791411, at *5 (internal citations omitted). And in *Juarez*, the court held that the plaintiff's allegation "that he received repeated unwanted calls that caused him aggravation, nuisance, and an invasion of privacy, is sufficient to allege a 'concrete' and 'particularized' injury that establishes standing under *Spokeo*." *Juarez*, 2016 U.S. Dist. LEXIS 118483, 2016 WL 4547914, at *3.

*Messerlian v. Rentokil N. Am., Inc.* (C.D.Cal. Dec. 15, 2016, No. CV 16-6941-GW (GJSx)) 2016 U.S.Dist.LEXIS 175224, at *7-8.

42. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and

18cv1063

'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560).  The Supreme Court noted that concreteness is quite distinct from particularization. *Id*.  An injury is "particularized" if it affects "the plaintiff in a personal and individual way." Id.  In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id*.  However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id*. at 1549.  In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id*. at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549.  In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id*.

43. During the period relevant herein, which is April 13, 2016 and continuing presently, Moving Defendants were and continue to be the agent of the enterprise for purposes of setting aside the corporation's veil of liability protection. Because Moving Defendants have disregarded and disrespected the corporation and all of its required formalities of operation as well as the fact that Moving Defendants have used and employed agents and employees to commit multiple criminal acts, including but not limited to 47 USC §501, Cal. Pen. Code §632, 18 USC §1343 and 18 USC §1962, then the officers, members, managers and directors cannot hide behind the corporation or LLC.

44. On April 13, 2016, Moving Defendants, or one of its employees, agents or contractors at its direction and control, called Plaintiff from telephone number spoofed 877-454-6885, on Plaintiff's personal cellular telephone at 619-719-9640 for which Plaintiff has expressly informed the public to not make solicitation calls via the DNC Registry as well as other public warnings. A personal cell phone is not required to be listed on the DNC Registry in order not to be called and to receive protection from spam telemarketers.

45. During the relevant period described herein, Moving Defendants each aided and abetted, encouraged and rendered substantial assistance to each other in furthering the RICO violations. In addition to acting on their own behalf individually, Moving Defendants are and were acting as the agent, servant,

18cv1063

employee, joint venturer, and representative of, and with the knowledge, consent and permission of, and in concert with the other Defendants. The actions of the Moving Defendants as described in the Complaint all fall within the course, scope, and authority of the agency, service, and employment relationships that exist between the Moving Defendants, and as such, create joint ventures between all of the defendants to the extent that binding legal relationships do not already exist. The actions and representations of Moving Defendants constitute a conspiracy on the part of Moving Defendants for the purpose of such actions and representations made to the Plaintiff of this cause of action. The Moving Defendants illegally and unlawfully engaged in the conduct of an enterprise through a pattern of racketeering activity. Said conduct occurred over an extended period of time so as to form a pattern. The enterprise consisted of Moving Defendants and each fictitiously named Defendant. The enterprise was controlled, operated, directed and managed by Moving Defendants and other persons that are yet to be determined and remain unknown as of the time of filing the Complaint. The racketeering activity consisted of the making of threats, extortion, wire fraud, mail fraud, and violations of California criminal laws, including illegal recording of Plaintiff's calls. Plaintiff is not alleging that telemarketing, as telemarketing, is a RICO predicate act. It is not. Rather, the criminal act of telemarketing bolsters and in

part, supports the allegation that Moving Defendants have engaged in multiple acts of wire fraud. Moving Defendants used the United States wires to engage in extortion, to engage in money laundering, to engage in loan shark lending without a California license. Plaintiff is entitled to engage in discovery to obtain admissible evidence to prove to the jury that Moving Defendants have knowingly and intentionally committed the torts alleged herein. Each of the above stated acts by Moving Defendants and co-conspirator defendants, constitute racketeering activity indictable pursuant to 18 USC §1962, et seq.

### RICO CONSPIRACY 18 U.S.C. §1964(d)

84. Moving Defendants have engaged in the predicate acts of wire fraud and money laundering which supports the claim of violation of 18 U.S.C. §1962(d) and (c), conspiracy to conduct racketeering affairs through a pattern of racketeering activity. Additionally, Moving Defendants have made express and intentional threats directly at Plaintiff that were within the course and scope of the racketeering enterprise's operations. The enterprise is the combination of the entities named herein as Moving Defendants. The period of the conspiracy has lasted from at least April, 2016 forward to present day. The conspiracy began in 2016 when Moving Defendants initiated the idea of illegal telemarketing to sell felonious and usurious loans. Plaintiff has been injured in his business and property as a direct and proximate cause of Moving Defendants willful

violations of California law as described above, which is the pattern of racketeering activity. Plaintiff business has suffered a significant economic downturn as a direct and proximate cause of Moving Defendant's racketeering activities as described herein. Plaintiff has lost money and revenues that could have been earned but for Moving Defendants racketeering activity. Moving Defendants did not act by mistake or accident, but rather acted voluntarily and knowingly all while conspiring to defraud Plaintiff of his privacy, money, business and property. Each and every fraudulent telephone conversation that forms the basis of this cause of action constituted an illegal use of the wires in violation of 18 U.S.C §1343.

85. Moving Defendants laundered their profits, revenues, expenses and income from their racketeering activities as defined by 18 U.S.C. 1961(1), through United States financial institutions in violation of 18 U.S.C. §§1956 and 1957. Moving Defendants have earned, illegally, over $10,000 in this racketeering enterprise operation and Moving Defendants have laundered those said funds through financial institutions in the United States.

86. The Moving Defendants specified unlawful activity for purposes of 18 U.S.C. §1956(c)(7), is 18 U.S.C. §1343 as defined in 18 U.S.C. §1961(1).

# SUMMARY

87. In summary, Moving Defendants ignorantly argued that: (1) the TCPA is not a RICO predicate when in reality it is the criminal plan and scheme of illegal telemarketing and usurious lending that supports the wire fraud predicate act, (2) money laundering allegation is too vague and no "provenance" when in fact the Complaint clearly states, with particularity, when, how, how much, from whom, through whom and where they laundered money, (3) wire fraud is not plead with particularity as to RFR and Signore is clearly erroneous, (4) extortion did not claim defendants sought to acquire property from plaintiff when a threat of extortion is all that is required, (5) that §1951 extortion requires use of force when §1951 is not even alleged in the Complaint, (6) unlawful debt collection requires gambling activity when this is not even alleged or needed in the RICO cause of action, (7) defendants must be part of the operation or management of the enterprise when the Complaint clearly states that Signore manages RFR, (8) plaintiff lacks standing which has been redressed in numerous other cases and clearly set forth in the Complaint (9) and there is no pattern of racketeering activity of two or more predicate acts when in fact the Complaint demonstrate significantly more than two predicate acts ranging from the threat of extortion to wire fraud and money laundering.

18cv1063

88. Wherefore, based on each of the above arguments and assertions, Plaintiff respectfully prays this Court deny Moving Defendant's motion to dismiss the RICO cause of action; or, in the alternative, grant pro se Plaintiff leave to amend the Complaint to correct any errors that might be present.  The Court may also find good cause to strike Moving Defendants motion *sua sponte* for failure to comply with the Local Rules and Chamber Rules.  Plaintiff prays this Court will also admonish, sanction and reprimand Mr. Mariam for violation of B&P §6128.  Finally, Plaintiff prays the Court will refer Mr. Mariam to the State Bar for proceedings against his license to practice law based on his knowing, willful and intentional deceit to the Court.

Dated:  July 9, 2018


/s/ *Anton Ewing*
Anton Ewing,
Plaintiff in pro per
Anton@antonewing.com

**Cases and Statutes**

18 U.S.C §1343 .................................................................................................... 42

18 U.S.C. §§1956 ................................................................................................ 42

18 U.S.C. §1956(c)(7) .......................................................................................... 43

18 U.S.C. §1962(d) .............................................................................................. 41

18 USC §1343 ........................................................................................... 24, 27, 28

18 USC §1346 ...................................................................................................... 23

18 USC §1961 ...................................................................................................... 27

18 USC §1962 ...................................................................................................... 27

18 USC §1964 ...................................................................................................... 28

18 USC §892 ........................................................................................................ 24

47 USC §501 ........................................................................................................ 27

47USC§501 ......................................................................................................... 22

*Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) ................... 16

*al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) ................................................... 33

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................. 32

B&P §17511.1 ...................................................................................................... 23

B&P §6128 .......................................................................................................... 26

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .............................................. 32

*Booth v. Appstack, Inc.*, No. 13-1553JLR, 2016 U.S. Dist. LEXIS 68886, 2016 WL 3030256, at *7 (W.D. Wash.
  May 25, 2016)................................................................................................. 37

*Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010) .................................... 33

*Cabiness v. Educ. Fin. Sols., LLC*, 16-CV-1109-JST, 2016 U.S. Dist. LEXIS 142005, 2016 WL 5791411 ............. 36

Cal. Pen. Code §519 .............................................................................................. 26

Cal. Pen. Code §632 ......................................................................................... 24, 39

1   Cal. Pen. Code §632, §637.2 ............................................................................22

2   *Carney v. Rotkin, 206 Cal. App. 3d 1513, 1522, 254 Cal. Rptr. 478, 483 (1988)* ...............12

3   Civil Code §1770(a)(22) ..................................................................................22

4   Community for Creative Non-Violence v. Reid, 490 U.S. 730, 739, 104 L. Ed. 2d 811, 109 S. Ct. 2166 (1989) ......25

5   *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957 .......................................................5

6   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ........................................................33

7   *Estelle v. Gamble* (1976) 429 U.S. 97, 106 [97 S.Ct. 285, 292, 50 L.Ed.2d 251, 261] ................5

8   *Graf v. Peoples*, No. CV 07-4731-VAP(E), 2008 U.S. Dist. LEXIS 78919 .........................17

9   *Haines v. Kerner*, 404 U.S. 519 (1972) ..............................................................5

10  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ..............................................33

11  *Hewlett v. Consolidated World Travel, Inc.*, 16-713 WBS AC, 2016 U.S. Dist. LEXIS 112553, 2016 WL 446653637

12  *Juarez v. Citibank, N.A.*, No. 16-CV-1984-WHO, 2016 U.S. Dist. LEXIS 118483, 2016 WL 4547914 ...................36

13  *Lujan v. Defenders of Wildlife*, 504 U.S. 555 .......................................................34

14  *Martin vs. RFR Capital, LLC*, 17-cv-00560 ..........................................................6

15  *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016) ...............38

16  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) .....................................33

17  *Mbazomo v. ETourandtravel, Inc.*, 16-CV-2229-SB, 2016 U.S. Dist. LEXIS 170186, 2016 WL 7165693 ..............36

18  *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010) ......................................33

19  *Messerlian v. Rentokil N. Am., Inc.* (C.D.Cal. Dec. 15, 2016, No. CV 16-6941-GW (GJSx)) 2016 U.S.Dist.LEXIS

20      175224 ......................................................................................38

21  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ..................................32

22  *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322, 117 L. Ed. 2d 581, 112 S. Ct. 1344 ...................25

23  *Odom v. Microsoft Corp.*, 486 F.3d 541, 553-54 (9th Cir.) .......................................16

24  *Schreiber Distr. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1399-1400 (9th Cir. 1986) ............16

25  *Shelton vs. RFR Capital, LLC, et al.* 18-cv-2259 .................................................6

PLAINTIFF'S RESPONSE TO RFR'S MOTION TO DISMISS COMPLAINT- 46

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012) .................................34

*Spokeo, Inc. v. Robins*, 578 U.S.____(2016) ........................................................................34

Standard Oil Co. of N.J. v. United States, 221 U.S. 1, 59, 55 L. Ed. 619, 31 S. Ct. 502 (1911) ...............................25

*United States v. Blitz*, 151 F.3d 1002, 1006 (9th Cir. 1998) ........................................................26

*United States v. Brown*, 147 F.3d 477 (6th Cir. 1998)................................................................26

*United States v. Hubbard,* 96 F.3d 1223, 1227-28 (9th Cir. 1996)................................................25

*United States v. Lothian,* 976 F.2d 1257, 1262 (9th Cir. 1992) .................................................25

*United States v. Rybicki*, 354 F.3d 124 (2d Cir. 2003) ............................................................23

*USA vs. Bell, et al,* 09-CR-1209 ..........................................................................................8

*Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008) ........................................................17

PLAINTIFF'S RESPONSE TO RFR'S MOTION TO DISMISS COMPLAINT- 47

**DECLARATION IN SUPPORT OF OPPOSITION TO RFR'S MOTION TO DISMISS THE RICO CAUSE OF ACTION**

I, ANTON EWING, hereby depose, declare and state the following as true and correct under penalty of perjury under the laws of the State of California:

1. I was called multiple times by Moving Defendants herein and said calls were recorded without my knowledge or consent on May 18, 2018 and at other times.
2. My cellular telephone was registered with the DNC Registry more than 31 days prior to any and all calls made to said cell phone.
3. I heard a distinctive click at the beginning of each telemarketing call made to my phone by Moving Defendants.
4. There was a more than two-second delay before a live human operator came on to the calls that were made to my phone for telemarketing purposes by Moving Defendants.
5. RFR has been sued in at least two other TCPA lawsuits.
6. An RFR employee admitted to me that RFR records calls.
7. An RFR employee admitted to me that RFR used an auto dialer.
8. One of the telemarketing calls from RFR was live transferred to an employee of RFR.
9. Robert Signore manages, operates and controls RFR Capital, LLC
10. I sent several emails to Mr. Mariam asking him to explain his statements and asking him to meet and confer with me and I have never received any kind of response from him.

I am competent to testify to the above stated factual assertions.

Dated: July 9, 2018

/s/ *Anton Ewing*
Anton Ewing

18cv1063

Civil Case No. 18cv1063-AJB-AGS

## PROOF OF SERVICE

I, **Anton Ewing**, being a United States Citizen and over the age of 18 and a party to this case, hereby declare that I have served the following documents:
**PLAINTIFF'S RESPONE IN OPPOSITION TO MOTION TO DISMISS FILED BY RFR CAPITAL, LLC**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.

On: July 9, 2018

In the following manner:

_____By placing a true and correct copy of the same in the US mail, first class postage prepaid, on May 30, 2018 to:

__x___ By scanning and emailing the same to cmariam@grsm.com and kaminskid@cmtlaw.com through the CM/ECF computer system. No other defendants have appeared yet.

____ By placing a true and correct copy of the same in the USA service pick up box at the federal district court

I declare under penalty of perjury that the above is true and correct. My business address is 3077 Clairemont Drive #372, San Diego, CA 92117.

___/s/ Anton Ewing_____
Dated: _____July 9, 2018_____          Anton Ewing

18cv1063