Craig J. Mariam (SBN: 225280)
cmariam@grsm.com
Rhonda R. Adato (SBN: 292325)
radato@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:  (619) 696-6700
Facsimile:  (877) 306-0043

Attorneys for defendants RFR Capital, LLC and Robert Signore

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>8 FIGURE DREAM LIFESTYLE, LLC, A WYOMING LIMITED LIABILITY COMPANY; RICHARD WALDMAN, AN INDIVIDUAL; R. SCOTT INTERNATIONAL CORP., FLORIDA CORPORATION, ET AL.<br><br>Defendants. | CASE NO. 3:18-cv-01063-AJB-AGS<br><br>*Honorable Anthony J. Battaglia*<br><br>*Magistrate Judge Andrew G. Schopler*<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO RFR CAPITAL, LLC AND ROBERT SIGNORE**<br><br>Hearing Date: September 6, 2018<br>Time: 2:00 p.m.<br>Courtroom: 4A |

TO THIS HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants RFR Capital, LLC ("RFR") and Robert Signore respectfully submit the following reply memorandum of points and authorities in support of their motion to dismiss the Complaint's second cause of action against them.

## I. INTRODUCTION

Plaintiff's second cause of action is subject to dismissal.

As a preliminary matter, plaintiff's opposition is *forty-nine* pages, nearly twice the page limit authorized by the Local Rules.  The opposition should be

stricken in its entirety. Aside from such deficiency, the opposition fails to shore up or excuse the Complaint's failure to allege a claim for RICO conspiracy. Plaintiff's predicate act allegations are insufficient, and fail to satisfy the applicable standards. Plaintiff also fails to allege that RFR and Mr. Signore engaged in a conspiracy or enterprise within the meaning of same. The Complaint additionally fails to properly establish standing or causation, *and* plaintiff fails to delineate a "pattern" of racketeering activity purportedly engaged in by Moving Defendants. Plaintiff's assertions to the contrary are unavailing.

## II.  ARGUMENT

### A.  Plaintiff's Opposition Impermissibly Exceeds the Page Limit

Local Civil Rule 7.1(h) limits all briefs or memoranda in support of or in opposition to all motions noticed for the same day to 25 pages in length absent leave. A court may strike a brief that violates the length requirement set by the Local Rules, or strike the offending portion exceeding the length requirement. *Elliott v. QF Circa 37, LLC*, 2017 U.S. Dist. LEXIS 183684, *4 (S.D. Cal. 2017) *DeMarco v. Depotech Corp.*, 1999 U.S. Dist. LEXIS 15321, *4-5 (S.D. Cal. 1999).

Plaintiff's opposition is *forty-nine pages* long, nearly *twice* the page limit set forth in Local Civil Rule 7.1(h). Plaintiff was also aware of the page limitation, as he filed a request to exceed the page limit set forth in Rule 7.1(h) on July 10, 2018 in connection with separate motions. Dkt. No. 35.

### B.  Plaintiff's Opposition Ignores the Applicable Standard of Review

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. *Comm. for Reasonable Regulation of Lake Tahoe v. Tahoe Reg'l Planning Agency*, 365 F. Supp. 2d 1146, 1152 (D. Nev. 2005) (internal citation omitted). A court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id*. at 1152-1153 (internal citation omitted).

1 Plaintiff's declaration in support of his opposition to the instant motion
2 discusses matters outside the scope of the Complaint.  The Complaint does not
3 incorporate the declaration by reference, nor has plaintiff requested that the Court
4 to take judicial notice of same.  Moving Defendants respectfully request that the
5 Court disregard plaintiff's declaration in its entirety.

### C. RFR and Mr. Signore Have Not Waived their Right to Respond to the First or Third Causes of Action

Federal Rule of Civil Procedure 12(a)(4) provides that a Rule 12 motion tolls the time period within which a defendant must file a responsive pleading. Fed. R. Civ. P. 12(a)(4).  *Ingram v. Sterling*, 2016 U.S. Dist. LEXIS 108650, *2-3 (S.D. Cal. 2016.)  The majority of courts have concluded that Rule 12(a)(4) also applies to a partial Rule 12(b) motion, tolling the time period for filing an answer to *all* claims contained in the complaint, not just the claims for which the motion seeks dismissal.  *Id*. at *2-3 (denying plaintiff's motion for entry of default).

Plaintiff makes the unsupported claim that by moving to dismiss the Complaint's second cause of action, RFR and Mr. Signore have "confessed" to the pleading's other two causes of action.  Plaintiff is incorrect.

### D. The Complaint Fails to State a Claim for RICO Conspiracy

As a general matter, "racketeering activity" is any act indictable under the several provisions of Title 18 of the United States Code. *Osgood v. Main Streat Mktg., LLC*, 2017 U.S. Dist. LEXIS 5625, *21 (S.D. Cal. 2017) (citing 18 U.S.C. § 1961 (1).  A "pattern of racketeering activity" requires at least two predicate acts within ten years of one another.  *Id*.  Where, as here, there are multiple defendants, a RICO plaintiff "must allege that each individual defendant engaged in a pattern of racketeering activity." *Innovative Metal Design, Inc. v. U.S. Bank Nat'l Ass'n*, 2015 U.S. Dist. LEXIS 171329, *7 (D. Or. 2015) (emphasis added) (internal citation omitted).  Plaintiff must also plead RICO predicate crimes with the specificity necessary to satisfy Rule 9(b).  *Id*. at *8 (internal citations omitted).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Each of plaintiff's deficient "predicate" act allegations is discussed below.

### 1. Telephone Consumer Protection Act

A violation of the Telephone Consumer Protection Act ("TCPA") is not listed as a predicate act under 18 U.S.C. § 1961 (1). As such, a RICO claim based on a TCPA violation ("international spam calling") cannot stand. *Osgood*, 2017 U.S. Dist. LEXIS 5625 at *24.

Plaintiff alleges "international spam calling" in support of his second cause of action. Dkt. No. 1 (Compl.), ¶ 93. However, plaintiff readily admits in his opposition that a violation of a TCPA claim does not constitute a "predicate act." *See*, Dkt. No. 34 (Opp'n), ¶ 3. Plaintiff has conceded the point.

### 2. Money Laundering

The elements of money laundering are: (1) the defendant conducted or intended to conduct a financial transaction involving property that represented the proceeds from an unlawful activity, (2) the defendant knew that the property represented the proceeds from an unlawful activity, (3) the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity, or to avoid a transaction reporting requirement under state or federal law, and (4) the defendant did something that constituted a substantial step toward committing the crime. *Innovative Metal Design, Inc.*, 2015 U.S. Dist. LEXIS 171329 at *8-9 (internal citation omitted). Money laundering must be pled in accordance with Rule 9(b)'s heightened pleading standard. *Id*. at *8. A claimant must allege the specific unlawful activity from which the monies were allegedly produced, the actions of <u>each defendant</u> in the money laundering scheme, [and] the <u>specific intent</u> of each defendant." *Id*. (internal citation omitted) (emphases added).

Here, the Complaint is devoid of specific allegation of a *financial transaction* involving property that represents the proceeds from an unlawful activity. The Complaint vaguely alleges that Defendants laundered over $10,000

of illegal revenues, but does not state or clarify the provenance of same. Dkt. No. 1 (Compl.), ¶ 36. The Complaint further fails to allege that *RFR and Mr. Signore* conducted a financial transaction involving property that represented the proceeds from an unlawful activity, or that they "knew that the property represented the proceeds from an unlawful activity." The Complaint additionally fails to allege that RFR and Mr. Signore knew that the transaction was design to conceal the nature or source of the unlawful activity.

Rather than alleviating the issue, plaintiff's opposition only reiterates the Complaint's conclusory allegations. Dkt. No. 34 (Opp'n), ¶¶ 27, 83-85. Plaintiff's money laundering claim fails to satisfy the relevant standard.

### 3. Wire Fraud

"[A] wire fraud violation consists of (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Osgood*, 2017 U.S. Dist. LEXIS 5625 at *21 (citing *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007)). In addition, a plaintiff must comply with the heightened pleading requirement under Rule 9(b) to allege wire fraud. (*Id.* (internal citations omitted). Under Rule 9(b), the circumstances constituting fraud must be stated with *particularity* and a party must set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id.* at *21-22 (internal citation omitted).

Here, the Complaint fails to set forth the time, place and specific content of any false representation *made by RFR and/or Mr. Signore* to plaintiff. Exhibit B to the Complaint is also devoid of same. Plaintiff's opposition, rather than alleviating the deficiency, only doubles down on the Complaint's vagueness. Plaintiff ambiguously asserts that "Moving Defendants have actually committed hundreds of thousands of instances of predicate acts of wire fraud," but, again, fails to state the time, place and specific content of same. Dkt. No. 34 (Opp'n), ¶ 10.

Of note, RFR and Mr. Signore's involvement in other lawsuits is entirely irrelevant. Plaintiff specifically lacks standing to co-opt the acts alleged by other plaintiffs in support of his own claims, as he has not been injured by them. Plaintiff's reliance on *United States v. Blitz*, 151 F.3d 1002, 1006 (9th Cir. 1998) is also misguided. In that case, defendant Hall made false representation to victims to induce them to pay him money. Plaintiff's Complaint, by contrast, does not set forth *any* specific false representations made by Moving Defendants to plaintiff.

### 4. Extortion

Plaintiff asserts in his opposition that the Complaint alleges extortion pursuant to California Penal Code sections 518 through 523. However, the allegations set forth in the Complaint are insufficient to meet the standard for pleading a claim thereunder. California Penal Code Section 518 provides that "[e]xtortion is the obtaining of property from another, with his or her consent . . . induced by a wrongful use of force or fear…" Section 519(2) provides that "[f]ear, such as will constitute extortion, may be induced by a threat . . . To accuse the individual threatened, or any relative of his, or member of his family, of any crime." In the absence of an allegation of an attempt to obtain property, an extortion claim pursuant to Section 518 is deficient. *See*, *e.g.*, *Cobb v. Consunji*, 2011 U.S. Dist. LEXIS 148829, *18-19 (N.D. Cal. 2011).

Here, the Complaint does not allege how, when, or under what circumstances RFR and/or Mr. Signore threatened plaintiff (they did not). Further, plaintiff does not claim that he actually parted with any property or money, or that Moving Defendants received same. Plaintiff claims in his opposition that *Moving Defendants* threatened to call the San Diego Police (which is not alleged in his Complaint), but does not identify any attempt to obtain property via same. *See*, Dkt. No. 1 (Compl.), ¶ 3.

### 5. Unlawful Debt Collection

Plaintiff's opposition, rather than bolstering the Complaint's unlawful debt

collection claims, admits that RFR and Mr. Signore *never attempted to collect an unlawful debt from plaintiff*. Plaintiff in fact denies that the Complaint alleges unlawful debt collection in the first instance. Dkt. No. 34 (Opp'n), ¶ 14, fn. 9. Plaintiff has therefore waived any argument as to the sufficiency of same.

### 6. Usurious Lending

18 U.S.C. § 892 prohibits making an "extortionate extension of credit." Section 891(6) defines an "extortionate extension of credit" as one involving an "understanding of the creditor and the debtor…that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means to cause harm."

Plaintiff asserts in his opposition that RFR and Mr. Signore engaged in the "act of selling a usurious loan" in violation of 18 U.S.C. Section 892. However, the Complaint does not allege that RFR and Mr. Signore extended credit to plaintiff with the understanding that failure to make repayment would result in violence or other means to cause harm. *See*, Dkt. No. 1 (Compl.), ¶ 3. The Complaint does not specifically allege that *Moving Defendants* threatened plaintiff with harm in the first instance. Plaintiff's assertion is therefore unavailing.

### 7. Additional Miscellaneous Claims

Plaintiff asserts in his opposition that the following conduct supports his cause of action for RICO conspiracy: failing to register as a telemarketer and failing to post a bond in violation of B&P Section 17511.1 *et seq.*, selling loans without a CFL license, violating 47 U.S.C. § 501, violating Telemarketing Sales Rule 16 CFR Part 310 and violating plaintiff's right to privacy. These are not listed as predicate acts pursuant to 18 U.S.C. Section 1961(1). These arguments are irrelevant.

**E.    The Complaint's Conspiracy Allegations are Inadequate**

In *Graf v. Peoples*, 2008 U.S. Dist. LEXIS 78919, *21-22 (C.D. Cal. 2008), the court held in relevant part that to "allege a violation of section 1962(c),

1  Plaintiff must show some degree of participation "<u>in the operation or management</u>
2  <u>of the enterprise itself</u>." [Citation.] One who has no managerial role is not liable."
3  The *Graf* court ultimately held that plaintiff's 1962(c) and (d) claims were
4  insufficient, and dismissed the complaint. *Id*. at *21-22, 31.

5       The Complaint alleges that the *fifteen* defendants named in the Complaint
6  form a "conspiracy." Dkt. No. 1 (*Compl.*), ¶ 93 ("The enterprise is the
7  combination of the entities named herein as Defendants. Specifically, the
8  Defendants is [*sic*] the enterprise."). However, the Complaint is devoid of any
9  assertion that RFR and Mr. Signore had any type of managerial role in same. The
10  Complaint does not so much as specify the nature of Moving Defendants'
11  participation in the purported fifteen-party "enterprise."

12       Further, contrary to plaintiff's assertion, RFR and Mr. Signore neither
13  misquote nor mischaracterize the *Graf* court's holding. The instant Motion also
14  accurately cites and discusses *Osgood v. Main Streat Mktg.*, LLC, 2017 U.S. Dist.
15  LEXIS 5625 (S.D. Cal. 2017). Plaintiff's assertion that Moving Defendants'
16  motion violates the Court's Local Rules is additionally inaccurate. Plaintiff's
17  demand that defense counsel be sanctioned, disbarred, and *sentenced to jail for six*
18  *months* for purportedly mischaracterizing relevant authority is therefore uncalled
19  for, uncivil, unprofessional, and wholly inappropriate. The Court should not
20  condone such conduct. RFR and Mr. Signore request that the Court impose
21  appropriate sanctions against plaintiff, and explicitly reprimand him for such
22  behavior. Plaintiff's conduct is nothing short of harassing.

23       Finally, plaintiff claims in his opposition that the "enterprise" is in fact *only*
24  RFR, which directly contradicts the allegations set forth in his Complaint: "The
25  enterprise that Moving Defendants used, ran and employed to commit interstate
26  racketeering, extortion and harassment is RFR Capital, LLC…" Dkt. No. 34
27  (Opp'n), ¶ 14; *compare with*, Dkt. No. 1 (*Compl.*), ¶ 93 (alleging that 15
28  defendants form the purported "enterprise"). As discussed above, the standard of

-8-
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO RFR CAPITAL, LLC AND ROBERT SIGNORE

review on a motion to dismiss is limited to the four corners of a pleading, not to a plaintiff's sham, belated allegations asserted in an opposition brief. Plaintiff's argument is inadequate. The Complaint therefore fails to state facts upon which relief may be granted pursuant to Section 1962(c) and (d).

### F. Plaintiff Lacks Standing to Allege a RICO Claim

To assert a RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Osgood*, 2017 U.S. Dist. LEXIS 5625 at *19 (internal citation omitted). "[T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Id*. (internal citation omitted). To recover under RICO, a plaintiff "must show proof of concrete financial loss" and demonstrate that the "racketeering activity proximately caused the loss." *Id*. (internal citations omitted).

In *Osgood*, plaintiffs Anton Ewing and Claudine Osgood made nearly identical allegations of injury and financial harm in support of their RICO claims as those set forth in plaintiff's Complaint here. The court in *Osgood* held that plaintiffs' allegations of injury and causation were conclusory, and a mere recitation of the elements of a RICO injury. *Id*. The court therefore granted defendants' motion to dismiss plaintiffs' RICO claim for lack of standing.

Likewise, plaintiff's injury allegations here are conclusory, rote, and merely recite the elements of a RICO claim. Further, plaintiff's opposition fails to alleviate the deficiency, and instead simply reiterates those rote claims. The opposition's lengthy discussion of Article III standing pursuant to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) is also entirely irrelevant here, and fails to alleviate the deficiency. Plaintiff's RICO claim should be dismissed for lack of standing.

### G. The Complaint Fails to Allege a Pattern of Racketeering

RICO defines the term "pattern of racketeering activity" as requiring "at least two acts of racketeering activity … the last of which occurred within ten

years … after the commission of a prior act of racketeering activity." *Sea-Land Serv. v. Atlantic Pac. Int'l*, 61 F. Supp. 2d 1102, *1115 (D. Haw. 1999) (citing 18 U.S.C. § 1961(5)).  To prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *Id*. (internal citation omitted).

Here, the Complaint alleges that RFR and Mr. Signore illegally recorded a call and used a robo-dialer, and repeatedly called plaintiff.  Dkt. No. 1 (*Compl.*), ¶ 3.  However, neither a violation of the TCPA nor California Penal Code Sections 632, 632.7 and 637.2 constitutes a predicate act under 18 U.S.C. Section 1961(1).  "Repeated calling" also does not support RICO liability.  The Complaint fails to allege that Moving Defendants engaged in *two or more predicate acts* and as such, the Complaint's second cause of action is subject to dismiss.

### III. CONCLUSION

Based on the foregoing, RFR and Mr. Signore respectfully request that this Honorable Court grant the instant Motion *without* leave to amend.

Respectfully submitted,

Dated:  July 18, 2018        GORDON REES SCULLY
                             MANSUKHANI, LLP

                             By:  */s/ Craig J. Mariam*
                                  Craig J. Mariam
                                  Rhonda R. Adato
                                  Attorneys for Defendants RFR
                                  Capital, LLC and Robert Signore

# CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2018 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and sent a copy of the foregoing document via first class mail, postage prepaid, addressed to:

| | |
|---|---|
| Anton Ewing<br>3077 B Clairemont Drive #372<br>San Diego, CA 92117<br>(619) 719-9640<br>Email: anton@antonewing.com | Plaintiff In Pro Per |
| David J. Kaminski<br>Stephen A. Watkins<br>CARLSON AND MESSER<br>5901 West Century Boulevard<br>Suite 1200<br>Los Angeles, CA 90045<br>(310) 242-2200<br>Fax: (310) 242-2222<br>Email: kaminskid@cmtlaw.com<br>watkinss@cmtlaw.com | Defendants First Union Lending, LLC; Timur Shamsutdinov |

By: /s/ *Craig J. Mariam*
      Craig J. Mariam

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

PG1300/38977863v.1

-11-
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO RFR CAPITAL, LLC AND ROBERT SIGNORE