1   Kimberly A. Wright, Esq. (265899)
2   **REVOLVE LAW GROUP LLP**
    2601 Main Street, Suite 1200
    Irvine, CA 92614
3   T:  833-775-4557
    F:  888-711-7710
4
5   Attorneys for Defendants,
    Fast Advance Funding LLC
6
7
8              **UNITED STATES DISTRICT COURT**
9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  ANTON EWING, an individual, | Case No.: 3:18-CV-01063-AJB-AGS |
| 12                    PLAINTIFF, | Hon. Anthony J. Battaglia |
| 13      vs. | **MEMORANDUM OF POINTS** |
| 14 | **AND AUTHORITIES IN** |
| 15  8 FIGURE DREAM LIFESTYLE, | **SUPPORT OF MOTION TO** |
|     LLC, RICHARD WALDMAN, R. | **DISMISS COMPLAINT AS TO** |
| 16  SCOTT INTERNATIONALC CORP., | **FAST ADVANCE FUNDING LLC** |
|     FAST ADVANCE FUNDING, LLC, | |
| 17  ANTHONY GIBSON, FIRST | *[Filed concurrently with Notice of* |
| 18  PREMIER FUNDING, LLC, | *Motion and Motion; [Proposed] Order]* |
|     ANTHONY J. GAGLIO, FIRRST | |
| 19  UNION LENDING, LLC, TIMUR | Hearing Date:  August 30, 2018 |
| 20  SHAMSUTDINOW, FIG CAPITAL, | Time:  2:00 p.m. |
|     LLC, MICHAEL SCARPACI, | Courtroom:  4A |
| 21  PREMIUM MERCHANT FUNDING, | |
| 22  ONE, LLC and ELIE GOLSHAM, | **NO ORAL ARGUMENT UNLESS** |
| 23 | **REQUESTED BY THE COURT** |
| 24                    DEFENDANTS. | |

25
26
27
28

REVOLVE LAW GROUP LLP
2601 Main Street., Suite 1200
Irvine, California 92614

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................. 6

II.  LEGAL STANDARD....................................................................... 7

    A.   Fed. R. Civ. P. 12(b)(5). ...................................................... 7

    B.   Fed. R. Civ. P. 12(b)(6). ...................................................... 7

III. ARGUMENT .................................................................................. 8

    A.  Plaintiff Served an Individual Not Employed by FAF. ............ 9

    B.  Plaintiff Does Not Have Standing to Assert a RICO claim and
       Fails to Sufficiently Plead Elements of RICO. .................... 9

    C.  Plaintiff Fails to State Any Particularized Facts That FAF
       Violated the TCPA. ........................................................... 14

IV.  CONCLUSION ............................................................................ 15

REVOLVE LAW GROUP LLP
2601 Main Street., Suite 1200
Irvine, California 92614

# TABLE OF AUTHORITIES

*Cases*

*al-Kidda v. Ashcroft,* 580 F.3d 949, 956 (9th Cir. 2009) _____ 7

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)_____ 6

*Balistreri v. Pacifica Police Dep't,* 901 Fed.2d 696, 699 (9th Cir. 1990) _____ 6

*Beatie and Osborn LLP v. Patriot Scientific Corp.,* 431 F.Supp.2d 367 (S.D.N.Y
2006) _____ 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) _____ 6, 9, 13

*Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986). _____ 6

*Chaset v. Fleer/Skybox Int'l, LP,* 300 F.3d 1083, 1087 (9th Cir. 2002) _____ 8

*Desoto v. Condon,* 371 F. App'x 822, 824 (9t Cir. 2010) _____ 11

*DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) _____ 7

*Diaz v. Gates,* 420 F.2d 897, 898 (9th Cir. 2005) _____ 9

*Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065-66 (9th Cir. 2004)_____ 10

*Flore v. Adir International, LLC,* No. CV-15-00076-AB, 2015 WL 4340020, at *4
(C.D. Cal. July 15, 2015) _____ 14

*Gragg v. Orange Cab Co., Inc.,* No. C12-0576RSL, 2013 WL 195466, at *2 n. 3
(W.D. Wash. Jan. 17, 2013) _____ 13

*Guerrero v. Gates,* 442 F.3d 697, 707 (9th Cir. 2006)_____ 8

*Hill v. Opus Corp.,* 841 F.Supp.2d 1070 (C.D. Cal. 2011) _____ 12

*Innovative Metal Design, Inc.* 2015 U.S. Dist. LEXIS 171329 at *8 _____ 11

*Living Designs, Inc. v. E.I. Dupont de Memours and Co.,* 431 F.3d 353, 364 (9th
Cir. 2005) _____ 9

*Mata v. Veros Credit, LLC,* Case No. CV-16-8-DOC-JCG, 2017 WL 2644633
(C.D. Cal. Jan. 20, 2017)_____ 13

*Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011)_____ 7

*Meyer v. Portfolio Recovery Assocs., LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012) 13

*Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) _____ 7

REVOLVE LAW GROUP LLP
2600 Main Street., Suite 1200
Irvine, California 92614

*Odom v. Microsoft Corp.,* 486 F.3d 541, 547 (9th Cir. 2007) _____ 8, 10

*Omni Capital Int'l, Ltd. v. Wolff & Co.,* 484 U.S. 97, 104 (1987) _____ 5

*Osgood v. Main Street Marketing, Inc.,* Case. No. 12cv2415-GPC-BGS, 2017 WL 131829 (S.D. Cal. Jan. 13, 2017) _____ 9, 11, 12

*Prime Healthcare Servs. v. Servs. Emples. Int'l Union,* 97 F.Supp.3d 1169, 1189 (S.D. Cal. 2015) _____ 11

*R. Griggs Group Ltd. v. Filanto SPA,* 920 F.Supp. 1100, 1102 (D. Nev. 1996) __ 6

*Resolution Trust Corp. v. Keating,* 186 F.3d 1110, 1117 (9th Cir. 1999) _____ 8

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) _____ 7, 10

*Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985) _____ 8

*Stanford v. MemberWorks, Inc.,* 625 F.2d 550, 559 (9th Cir. 2010) _____ 12

*Syhersound Records, Inc. v. UAV Corp.,* 517 F.3d 1137, 1146 (9th Cir. 2008) __ 8

*Turner v. Cook,* 362 F.3d 1219, 1229 (9th Cir. 2004) _____ 10

*United States v. Marbella,* 73 F.3d 1508, 1514 (9th Cir. 1996) _____ 11

*Walter v. Drayson,* 538 F.3d 1244, 1247 (9th Cir. 2008)_____ 8

*Yao v. Crisnic Fund, S.A.,* 2011 WL 3818406, at *2 (C.D. Cal. 2011) _____ 6

**Statutes**

18 U.S.C. § 1956(a)(1) _____ 11

18 U.S.C. §1951(b)(2) _____ 12

18 U.S.C. §1962(d)_____ 13

18 U.S.C. 1961(1)_____ 5, 10

47 U.S.C. §§ 227(a)(2)(5)_____ 13

47 U.S.C. §§ 227(b)(1)(A) _____ 13

California's Invasion of Privacy Act ("CIPA"), Penal Code § 632 et seq. _____ 5

REVOLVE LAW GROUP LLP

2601 Main Street., Suite 1200
Irvine, California 92614

*Rules*

Fed. R. Civ. P. 12(b)(5) _____ 5, 6, 8

Fed. R. Civ. P. 12(b)(6) _____ 5, 7

Fed. R. Civ. P. 4(h)(1)(B)_____ 8

Fed. R. Civ. P. 8(a)(2) _____ 7

Fed. R. Civ. P. 9(b)_____ 11

REVOLVE LAW GROUP LLP
2601 Main Street., Suite 1200
Irvine, California 92614

**TO THE HONORABLE COURT AND ALL PARTIES:**

Defendant Fast Advance Funding LLC ("FAF") pursuant to Federal Rules of Civil Procedure 12(b)(5), respectfully submits this memorandum of points and authorities in support of its motion to dismiss the Complaint for insufficient service of process. Alternatively, Defendant requests that the Court dismiss Plaintiff's second and third causes of action under the Civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., or conspiracy to commit RICO, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6).

## I.  **INTRODUCTION**

Plaintiff Anton Ewing ("Plaintiff") is a serial pro se litigator who on December 5, 2017, was found by the Superior Court of California to be a vexatious litigant. *See* the Judicial Council's Vexatious Litigant List available at www.courts.ca.gov/documents/vexlit.pdf.  Since 2014, Plaintiff has filed at least 50 lawsuits in the District and Superior Courts of California alleging violations of California's Invasion of Privacy Act ("CIPA"), Penal Code § 632 et seq., Civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., or conspiracy to commit RICO, or the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, with at least seventeen (17) civil actions being filed in the District Courts of California, and at least forty-two (42) civil actions filed in the San Diego County Superior Courts of California.

Now Plaintiff has filed yet another lawsuit within this District alleging these very same allegations against Fast Advance Funding, LLC. Defendant FAF has zero connection to the other named defendants, was not properly served with the complaint and summons, and the allegations against FAF fails to support a violation of RICO or conspiracy to commit RICO, and TCPA. Based upon the

REVOLVE LAW GROUP LLP

2601 Main Street., Suite 1200
Irvine, California 92614

foregoing, FAF respectfully requests that the Court quash the service of summons or, in the alternative, dismiss Plaintiff's RICO and TCPA causes of action with prejudice.

## II.   LEGAL STANDARD

### A.   Fed. R. Civ. P. 12(b)(5).

A defendant may bring a motion to dismiss for insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5). Federal courts cannot exercise personal jurisdiction over a defendant without proper service. *Omni Capital Int'l, Ltd. v. Wolff & Co.,* 484 U.S. 97, 104 (1987). "When a defendant files a motion to dismiss challenging sufficiency of service of process, [the] plaintiff bears the burden of proving adequacy of service." *Yao v. Crisnic Fund, S.A.,* 2011 WL 3818406, at *2 (C.D. Cal. 2011) (citing *Beatie and Osborn LLP v. Patriot Scientific Corp.,* 431 F.Supp.2d 367 (S.D.N.Y 2006)). "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements. *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986). In addition, although the Federal Rules of Civil Procedure do not expressly provide for a motion to quash defective service, courts have recognized that "federal courts have the authority to quash defective service of process as an alternative to dismissing a complaint" under Rule 12(b)(5). *R. Griggs Group Ltd. v. Filanto SPA,* 920 F.Supp. 1100, 1102 (D. Nev. 1996).

### B.   Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't,* 901 Fed.2d 696, 699 (9th Cir. 1990). Under Rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim

REVOLVE LAW GROUP LLP
2601 Main Street., Suite 1200
Irvine, California 92614

REVOLVE LAW GROUP LLP

2601 Main Street., Suite 1200
Irvine, California 92614

showing that the pleader is entitled to relief," and "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570. "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the statements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. *al-Kidda v. Ashcroft,* 580 F.3d 949, 956 (9th Cir. 2009). The court evaluates lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto,* 957 F.2d at 658; *Schreiber,* 806 F.2d at 1401.

//

//

REVOLVE LAW GROUP LLP

2601 Main Street., Suite 1200
Irvine, California 92614

III.  **ARGUMENT**

A.  **Plaintiff Served an Individual Not Employed by FAF.**

Pursuant to Fed. R. Civ. P. 4(h)(1)(B) a corporation, partnership, or association must be served by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1)(B). Here, Plaintiff's proof of service states that "Anthony" was served and the man served "insisted that [he] had the wrong place." (ECF No. 41). The process server, however, refused to accept this fact and instead believed "Anthony" to be lying. (ECF No. 41).

The individual "Anthony" is known to be an employee of the business adjacent to FAF called Ticket Guru. *See* Declaration of Daniel Natuzzi, attached hereto as Exhibit A. FAF is located at 22 N. 3rd Street. *Id.* "Anthony" is not an officer, managing or general agent, or any authorized agent of FAF. *Id.* Based on the foregoing, Plaintiff served the wrong entity. Accordingly, Plaintiff cannot meet his burden of establishing the sufficiency of service of process. Plaintiff's complaint should therefore be dismissed, or, in the alternative, service of process should be quashed under Fed. R. Civ. P. 12(b)(5).

B.  **Plaintiff Does Not Have Standing to Assert a RICO claim and Fails to Sufficiently Plead Elements of RICO.**

Plaintiff pleads a RICO claim under § 1962(c), which "prohibits a person employed by or associated with any enterprise engaged in interstate commerce to conduct or participate in the conduct of the enterprise through a pattern of racketeering activity." *Syhersound Records, Inc. v. UAV Corp.,* 517 F.3d 1137, 1146 (9th Cir. 2008). The statute confers a right of action upon "any person injured in his business or property" by a RICO violation. *Id.*

To state a claim under § 1962(c), Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Walter v. Drayson,* 538 F.3d 1244, 1247 (9th Cir. 2008) (quoting *Odom v. Microsoft Corp.,* 486 F.3d 541, 547 (9th Cir. 2007). "The plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985). To recover under RICO, a plaintiff "must show proof of concrete financial loss" and demonstrate that the "racketeering activity proximately caused the loss." *Guerrero v. Gates,* 442 F.3d 697, 707 (9th Cir. 2006) (quoting *Chaset v. Fleer/Skybox Int'l, LP,* 300 F.3d 1083, 1087 (9th Cir. 2002). That is, Plaintiff must plead that the defendants' racketeering activities were both the "but for" and proximate cause of a concrete financial injury. *Resolution Trust Corp. v. Keating,* 186 F.3d 1110, 1117 (9th Cir. 1999).

"Financial losses, in and of themselves, are insufficient to confer standing under RICO." *Living Designs, Inc. v. E.I. Dupont de Memours and Co.,* 431 F.3d 353, 364 (9th Cir. 2005). "RICO does not provide a cause of action for all types of injury to property interests, but only for injuries resulting in 'concrete financial loss.'" *Diaz v. Gates,* 420 F.2d 897, 898 (9th Cir. 2005). "Without a harm to a specific business or property interest – a categorical injury typically determined by reference to a state law – there is no injury to business or property within the meaning of RICO." *Id.* at 900. The allegations of injury to "business or property" in the Complaint are conclusory and mere recitation of the elements of a RICO injury and fail to provide sufficient facts to support an alleged injury caused by the alleged illegal conduct. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

In the instant action, the amount of damages are not only difficult to ascertain but they are highly speculative. Plaintiff asserts that he "has been injured

REVOLVE LAW GROUP LLP

2601 Main Street., Suite 1200
Irvine, California 92614

in his business and property" that Plaintiff's business "has suffered a significant economic downturn" and Plaintiff has "lost money and revenues that could have been earned but for [Movants's] racketeering activity." (Dkt. No. 1, Complaint, pg. 47, ¶ 94). The Complaint further contends that Defendants earned, illegally over $10,000 through financial institutions. (*Id.* at ¶¶ 60, 101). There are no allegations that the $10,000 was obtained fraudulently by Defendants from Plaintiff. These allegations are conclusory and mere recitations of the elements of a RICO injury and fail to provide sufficient facts to support an alleged injury caused by the alleged illegal conduct. *See Twombly,* 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."). Moreover, Plaintiff fails to sufficiently allege an injury, the allegations in the Complaint are insufficient to support the claim that the "racketeering activity proximately caused the loss." *See Guerrero,* 442 F.3d at 707. Accordingly, this Court should grant Movants's motion to dismiss the RICO claim for lack of standing. *See Osgood v. Main Street Marketing LLC,* 2017 WL 131829 (January 13, 2017).

Moreover, Plaintiff has not alleged a pattern of racketeering activities of wire fraud, money laundering and extortion. Any claim of wire fraud fails to comply with the heightened pleading requirement under Rule 9(b). "'Racketeering activity' is any act indictable under the several provisions of Title 18 of the United States Code. *See* 18 U.S.C. § 1961(1)." *Turner v. Cook,* 362 F.3d 1219, 1229 (9th Cir. 2004). A "pattern of racketeering activity" requires at least two predicate acts within ten years of one another. *Id.* Wire fraud, money laundering, and extortion are predicate acts under RICO. *See* 18 U.S.C. 1961(1).

"[A] wire fraud violation consists of (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Odom v. Microsoft Corp.,* 486 F.3d 541, 554 (9th Cir. 2007)(quoting *Schreiber Distrib. Co. v. Serv-Well Furn. Co.,* 806 F.2d 1393, 1400 (9th Cir.

REVOLVE LAW GROUP LLP
2601 Main Street., Suite 1200
Irvine, California 92614

REVOLVE LAW GROUP LLP
2601 Main Street., Suite 1200
Irvine, California 92614

1986)). In addition, Plaintiff must comply with the heightened pleading requirement under Rule 9(b) to allege wire fraud. *Id; Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065-66 (9th Cir. 2004) (stating that Rule 9(b) applies equally to civil RICO claims and that the plaintiff must state with particularity the circumstances constituting fraud). Under Rule 9(b), while the state of mind may be alleged generally, the circumstances constituting fraud must be stated with particularity and a party must set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Odom,* 486 F.3d at 553. In *Odom,* the Ninth Circuit explained that while the specific intent to deceive or defraud requires only general allegations, the factual circumstances of the fraud itself must be particularized. *Id.* at 554.

Here, again, the Complaint fails to satisfy the relevant standard. The allegations completely fail to specifically state the time, place and specific representations made to Plaintiff by each of the numerous Defendants included in this Complaint – regarding any alleged causes of action against any Defendant. Accordingly, Plaintiff fails to comply with Rule 12(b)(6) and Rule 9(b) and the claim for wire fraud must be dismissed. *See Osgood v. Main Street Marketing LLC,* 2017 WL 131829 (January 13, 2017).

For money laundering under 18 U.S.C. § 1956(a)(1), Plaintiff must alleged that Klein "(1) engaged in a financial transaction which involved proceeds from specified illegal activity, (2) knew the proceeds were from illegal activity, and (3) intended the transaction either to promote the illegal activity or to conceal the nature, source or ownership of the illegal proceeds." *United States v. Marbella,* 73 F.3d 1508, 1514 (9th Cir. 1996). Plaintiff only alleges that FAF laundered over $10,000 of the proceeds by wire fraud through financial institutions, (DKT. No. 1, Complaint ¶ 93), and do not allege any facts to support the elements of a predicate claim for money laundering under RICO. *See Osgood v. Main Streat Marketing,*

*Inc.,* Case. No. 12cv2415-GPC-BGS, 2017 WL 131829 (S.D. Cal. Jan. 13, 2017). No where does Plaintiff allege whether FAF had the requisite intent to commit the predicate act of money laundering. *Innovative Metal Design, Inc.* 2015 U.S. Dist. LEXIS 171329 at *8 (citing *Desoto v. Condon,* 371 F. App'x 822, 824 (9t Cir. 2010) (upholding district court's conclusion that complaint failed to plead RICO predicate acts with specificity necessary to satisfy Rule 9(b), and noting that the plaintiff failed to allege whether the defendant had the requisite intent to commit the predicate act of money laundering)).

As to extortion, Plaintiff must assert "obtaining money or property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. §1951(b)(2). Plaintiff must allege facts showing that FAF acquired or attempted to acquire property from the Plaintiff that defendant can "exercise, transfer or sell." *Prime Healthcare Servs. v. Servs. Emples. Int'l Union,* 97 F.Supp.3d 1169, 1189 (S.D. Cal. 2015) (internal citations omitted). Plaintiff must also allege the wrongful use of force, fear, or threats. *Id.* at 1191 (citing 18 U.S.C. § 1951(b)(2)). Here, Plaintiff alleges that "Defendants engaged in the fraudulent use of the wires to threaten and extort Plaintiff into handing over money or property to Defendants." (Dkt. No. 1, Complaint, ¶93. There are no allegations in the Complaint that support a finding that FAF actually obtained money or property from Plaintiff. There are simply no facts supporting the pleading standard for extortion.

Finally, a violation of 47 U.S.C. §227 is not a predicate act under RICO. Thus, a RICO claim based on TCPA violations cannot stand. *See Osgood v. Main Street Marketing, Inc.,* Case. No. 12cv2415-GPC-BGS, 2017 WL 131829 (S.D. Cal. Jan. 13, 2017).   Accordingly, Klein respectfully requests that this Court grant his motion for judgment on the pleadings as to Plaintiff's RICO claim under §1962(c).

Plaintiff additionally asserts a claim of conspiracy among the defendants to

cause injury to Plaintiff's business and property under § 1962(d). This section states that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), (c) of this section." 18 U.S.C. §1962(d). Because plaintiff lacks standing to plead violations under § 1962(c), he cannot allege the existence of a conspiracy to violate RICO. *Stanford v. MemberWorks, Inc.,* 625 F.2d 550, 559 (9th Cir. 2010). Where a plaintiff fails to establish a claim for substantive RICO violation, "any claim for conspiracy to commit that violation must necessarily fail as well." *Hill v. Opus Corp.,* 841 F.Supp.2d 1070 (C.D. Cal. 2011). Accordingly, Plaintiff's cause of action for a conspiracy to commit RICO fails.

### C.    Plaintiff Fails to State Any Particularized Facts That FAF Violated the TCPA.

Plaintiff has done little more than to recite the TCPA statute and assert blanket statements with zero focus on which defendant did what to violate the statute. The TCPA makes it "unlawful to make any call … using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number … for which the called party is charged for the call" without the prior express consent of the called party. 47 U.S.C. §§ 227(a)(2)(5), (b)(1)(A). To plead a TCPA claim, Plaintiff must allege three elements: (1) a call to a cellular telephone, (2) using an ATDS or an artificial or prerecorded voice, (3) without the recipient's prior express consent. *Meyer v. Portfolio Recovery Assocs., LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012). To sufficiently plead the second element, Plaintiff must sufficiently plead facts showing one of two things: use of an ATDS or use of an artificial or prerecorded voice. *See Mata v. Veros Credit, LLC,* Case No. CV-16-8-DOC-JCG, 2017 WL 2644633 (C.D. Cal. Jan. 20, 2017). In order to properly allege use of an ATDS, a lack of human intervention must also be alleged. *See id.*

"The plaintiff must point to factual allegations "that state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 568 (2007).

REVOLVE LAW GROUP LLP
2601 Main Street., Suite 1200
Irvine, California 92614

Plaintiff alleges "Defendants" called him using an automated telephone dialing system. (DKT. No. 1, Complaint, ¶¶ 14, 16, 53, 105). Except for the allegations, likely based on information and belief, as to the ATDS system, all allegations are conclusory. Strangely, Plaintiff alleges that Defendants refuse to provide their policies and procedures and yet somehow is able to articulate the "policy and practice" of the ATDS calls. (DKT. No. 1, Complaint, ¶¶ 62). "The issue is whether the allegations of the complaint, taken as a whole and including the nature of the communication, give rise to a plausible belief that the messages were sent using an ATDS." *Gragg v. Orange Cab Co., Inc.,* No. C12-0576RSL, 2013 WL 195466, at *2 n. 3 (W.D. Wash. Jan. 17, 2013).

Plaintiff's Complaint provides zero details about the content or context of the calls. In fact, there is not one allegation in the Complaint regarding the purpose of the call, the context of the conversation, or even what the call related to. This does not allow the Court to infer the calls were impersonal or were consistent with "random or sequential number generation required for an ATDS." *Flore v. Adir International, LLC,* No. CV-15-00076-AB, 2015 WL 4340020, at *4 (C.D. Cal. July 15, 2015). Rather, the opposite inference is more plausible. *Id.* Further, Plaintiff failed to allege any facts indicating a lack of human intervention or that the calls to him were placed using a prerecorded voice. Moreover, with respect to element three, prior express consent, it is virtually impossible to tell from the Complaint whether the call was an advertisement, telemarketing, or purely informational since Plaintiff pleads no facts as to the content or context of the call. Accordingly, since Plaintiff cannot support a claim for relief under the TCPA on the basis of calls made using ATDS or a prerecorded voice the Court should dismiss Plaintiff's third cause of action for violation of the TCPA.

## IV.   CONCLUSION

Therefore, based on the foregoing, FAF respectfully requests that this

REVOLVE LAW GROUP LLP

2601 Main Street., Suite 1200
Irvine, California 92614

Honorable Court dismiss Plaintiff's Complaint for insufficient service of process. Alternatively, dismiss Plaintiff's second and third causes of action against FAF for RICO conspiracy and TCPA with prejudice, and for such other relief as the Court deems appropriate.

Dated: July 26, 2018                          **REVOLVE LAW GROUP LLP**

By:  ___/s/ *Kimberly A. Wright* ____
      Kimberly A. Wright
Attorneys for Defendant Fast Advance Funding LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REVOLVE LAW GROUP LLP
2601 Main Street., Suite 1200
Irvine, California 92614

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


By:   __/s/ *Kimberly A. Wright* ____
        Kimberly A. Wright