Anton Ewing
3077 B Clairemont Drive #372
San Diego, CA 92117
(619) 719-9640
anton@antonewing.com

Plaintiff In Pro Per

# THE UNITED STATES FEDERAL DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>8 Figure Dream Lifestyle, LLC, a Wyoming limited liability company;<br><br>Premium Merchant Funding One, LLC, a New York limited liability company; Elie Golshan, an individual;<br><br>*et al,*<br><br>　　　　　Defendants. | Civil Case No. 18-CV-01063 AJB AGS<br><br>*Honorable Judge Anthony J. Battaglia*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT PREMIUM MERCHANT FUNDING MOTION TO DIMISS**<br><br>Date: September 27, 2018<br>Time: 2 PM<br>Place: Courtroom 4A<br><br>Complaint Filed: May 29, 2018 |

　　　Plaintiff Anton Ewing (herein "Ewing") hereby respectfully responds in opposition to Defendant Premium Merchant Funding One, LLC's (herein "PMFO") motion to dismiss due to an alleged failure to state a claim under Rule 12(b)(6) as follows:

### REFUSAL TO MEET AND CONFER

1.　Mr. Trader was sent a copy of this opposition prior to efiling with a request

PLAINTIFF'S OPPOSITION TO DEFENDANT PREMIUM MERCHANT FUNDING MOTION TO DISMISS- 1

to meet and confer regarding the same. He did not respond in any manner.

**FALSE CLAIM OF NO FACTUAL SUPPORT**

2. PMFO claims, at line 8, page 2, that Plaintiff's "variety of claims" have no "factual support." And yet, in Complaint paragraph 8 on page 10, it states that PMFO called Plaintiff from "315-257-1195, 646-766-0835 and 646-766-1774. Premium Merchant Funding called Plaintiff on September 21, 2017. Premium Merchant Funding called Plaintiff through Abe Burger on November 10, 2017." Exhibit G attached to the Complaint provides a true and correct copy of a TCPA class action filed on 4/24/2018 in Ohio in case number 18-cv-00377, an email confirming a telemarketing call from Tony Roger sent from his email at troger@premiummerchantfunding.com from 11/13/2017 at 9:14 AM. Said email shows Tony Roger as a Funding Specialist located at 40 Wall Street, Suite 501, New York, NY 10005 with phone number 646-359-6651. An exhibit of PMFO's web page showing the same address along with a California Secretary of State Statement of Information filed on 11/04/2016 and signed by Simon Nadel showing the same address. Another email from April 18, 2018 at 11:15 AM from Mr. Curry at jcurry@premiummerchantfunding.com which has phone number 315-257-1195 in the signature line. Another email from September 22, 2017 at 9:55 AM from Dennis Carter, a "Funder" at PMFO at the same address with phone number 646-766-0835. An email from Abe Burger, COO, same address on

November 10, 2017 at 8:41 AM discussing this lawsuit.  It is truly bizarre and perhaps borders on frivolous that attorney Bryan D. Trader[1], with 236 days of legal experience practicing law, would actually try to sucker the Court into really believing that the Complaint has **no** "factual support" for its "variety of claims."

### VIOLATION OF LOCAL RULES BY ATTORNEY AT LAW

3.      Local Rules provide that a motion must consist of three separate and distinct documents: (1) Notice of motion, (2) Motion and (3) Memorandum of points and authorities.  Further, Local Rules require a table of contents and table of authorities when the pleading is over 10 pages.  Defendant Premium Merchant Funding One, LLC is represented by lawyers.  Their pleadings are required to comply with the rules.  Only pre se pleadings are afforded wide latitude.  Moving Defendant PMFO failed to separate the motion and the memorandum of points and authorities.  For this reason, the motion should be stricken and warnings provided.  See *Payne v. Exxon Corp.*, 121 F.3d 503 (9th Cir. 1997) and *Lasar v. Ford Motor Co.*, 399 F.3d 1101 (9th Cir. 2005)

### FALSE DESCRIPTION OF COMPLAINT'S ALLEGATIONS

4.      At line 12, page 2 of the Motion to Dismiss (MTD), PMFO alleges "Plaintiff

---

[1] The Court is requested to spend a brief moment instructing the attorney with 236 days of experience about B&P §6068(b) respect and (d) candor and B&P §6128 deceit upon the court by an attorney at law, and impress upon him the importance of retaining his bar license.

PLAINTIFF'S OPPOSITION TO DEFENDANT PREMIUM MERCHANT FUNDING MOTION TO DISMISS- 3

does not allege any factual allegation against" PMFO or Defendant Golshan "to support a cause of action."

5.     The Complaint states the following: "Premium Merchant Funding One, LLC, a New York limited liability company, is run, operated, managed and controlled by Elie Golshan.  Premium Merchant Funding has been sued in 18-cv-00377 in the Southern District of Ohio for TCPA violations.  Premium Merchant Funding has called Plaintiff from 315-257-1195, 646-766-0835 and 646-766-1774.  Premium Merchant Funding called Plaintiff on September 21, 2017.  Premium Merchant Funding called Plaintiff through Abe Burger on November 10, 2017.  See attached Exhibit "G" which is hereby incorporated by this reference as if fully set forth herein."

6.     The statement by PMFO appears to be fraudulent and deceitful.  The Complaint states, factually, what number was called from and what number was called to.  It states the parties who were on each call.  It states the date of the calls.  The TCPA does not require this level of detail, but it is contained within the Complaint nevertheless.  The Complaint incorporates by reference as if fully set forth therein the exhibits behind tab G.  To put into writing and sign pursuant to Rule 11, that the Complaint "does not allege any factual allegation against Premium Merchant" is a fraud upon the Court (and not a very good one considering how obvious the lie).

PLAINTIFF'S OPPOSITION TO DEFENDANT PREMIUM MERCHANT FUNDING MOTION TO DISMISS- 4

18cv1063

7. At PMFO's motion page 2, line 27, it argues that the Complaint does not specify "who did what and when." Apparently when Mr. Trader read the Complaint he did not think that stating "*Premium Merchant Funding has called Plaintiff from 315-257-1195, 646-766-0835 and 646-766-1774. Premium Merchant Funding called Plaintiff on September 21, 2017. Premium Merchant Funding called Plaintiff through Abe Burger on November 10, 2017*" and then listing the exhibits to back up those claims is specific specifications. Apparently providing the exact phone number on the exact date and showing the exact name of the person at PMFO who called with their exact phone, fax and address does not inform a person of ordinary intelligence about who called who and when that call occurred. A truly frivolous motion can be stricken and default entered forthwith *suo motu*. It seems intrinsically obvious that the motion filed by Trader is solely for delay and harassment.

### DISMISSAL WITH PREJUDICE IS NOT ALLOWED

8. At PMFO's motion page 2, line 23, Trader has the audacity to move the Court to dismiss this pro se Complaint with prejudice. Apparently the fact that PMFO repeatedly called Plaintiff, even after being told to never call ever again over the past year, is not factual enough to make out a claim under the TCPA according to Trader. The Complaint contains 59 pages of factual allegations against PMFO. Page 2 at line 21 of the Complaint it states that the word

"Defendants" means PMFO throughout the Complaint. Therefore every paragraph that says "Defendants" did this or "Defendants" did that, it is referring the PMFO. The Complaint describes PMFO as selling usurious interest rate loans in California without a license. That is a specific fact allegation. *See, e.g., Foltz v. Moore McCormack Lines, Inc.*, 189 F.2d 537, 539 (2d Cir. 1951) (holding that violation of Rule 10(b) did not justify dismissal without leave to amend where plaintiff could remedy pleading deficiency through amendment) *DeMarco v. Depotech Corp.*, 149 F. Supp. 2d 1212, 1222 n.5 (S.D. Cal. 2001).

## DEFENDANT'S ARGUMENTS ARE TOTALLY INCONSISTENT

9. On the one hand PMFO argues for a short and plain statement under Rule 8 and then in the same two-faced breath, Trader argues that the Complaint must be particularized and detailed under Rule 9. See motion page 5, line 14 arguing "plaintiff must allege with at least some degree of particularity overt facts to support a claim." PMFO cannot have it both ways. Either the complaint must be short and plain or it must be particularized and detailed. PMFO cannot wip-saw Plaintiff by arguing that the Complaint must be permanently dismissed as res judicata because it is too long and then argue that the Complaint must be dismissed permanently because it is too short and lacks any factual details. This is a complex case with one of the most intricate causes of action known in the law, RICO. Topped off with TPCA and CIPA claims, this lawsuit is not for the weak-of-heart

and the unskilled legal mind. Perhaps 236 days is not enough time to ethically represent PMFO. Mr. Trader needs to be schooled, scolded, admonished and sanctioned. Responding to the motion has been a colossal waste of time, effort and energy.

## EXTREME EXAGGERATION BY DEFENSE COUNSEL

10. At PMFO's motion page 5, lines 3-5 it states: "First, nearly every single paragraph in the Complaint dominates, if not extends well beyond, one page, violating the directive of Rule 10(b)." Rule 10(b) states: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Where does Rule 10(b) state that a paragraph must be limited to "one page" in length ?

| Complaint Paragraph Number | Length of Each Paragraph (25 lines per pg) |
|---|---|
| 1 | While this paragraph is over one page long it has subsections A through O and merely names each defendant. |
| 2 | 16 lines |
| 3 | 11 lines |
| 4 | 19 lines |
| 5 | 16 lines |
| 6 | 21 lines |
| 7 | 7 lines |
| 8 | 8 lines |

| | |
|---|---|
| 9 | 7 lines |
| <span style="color:red">10</span> | <span style="color:red">43 lines</span> |
| 11 | 7 lines |
| 12 | 4 lines |
| 13 | 9 lines |
| <span style="color:red">14</span> | <span style="color:red">40 lines</span> |
| 15 | 11 lines |
| 16 | 11 lines |
| 17 | 3 lines |
| 18 | 14 lines |
| 19 | 17 lines |
| 20 | 22 lines |
| 21 | 4 lines |
| 22 | 2 lines |
| 23 | 6 lines |
| 24 | 4 lines |
| 25 | 6 lines |
| 26 | 12 lines |
| 27 | 5 lines |
| 28 | 6 lines |
| 29 | 4 lines |
| <span style="color:red">30</span> | <span style="color:red">27 lines</span> |
| 31 | 11 lines |
| 32 | 14 lines |
| 33 | 10 lines |

PLAINTIFF'S OPPOSITION TO DEFENDANT PREMIUM MERCHANT FUNDING MOTION TO DISMISS- 8

| | |
|---|---|
| 34 | 5 lines |
| 35 | 3 lines |
| 36 | 18 lines |
| 37 | 3 lines |
| 38 | 18 lines |
| 39 | 7 lines |
| 40 | 4 lines |
| 41 | 38 lines |
| 42 | 7 lines |
| 43 | 15 lines |
| 44 | 11 lines |
| 45 | 36  lines |

11.     Out of 113 paragraphs in the Complaint, no more than 10 are in excess of one page, which is not even a rule within Rule 10.  Thus, when Trader falsely and fraudulently states that "nearly every single paragraph in the Complaint dominates, if not extends well beyond, one page," he is committing a serious deceit upon the Court.  See B&P §6128.   In fact, less than 10% of the numbered paragraphs exceed one page.

12.     Trader goes on to assert that "not a single one of those rambling paragraphs is limited to a single set of circumstances."  The Court is encouraged to read paragraphs 10, 14, 30, 41, and 45 to make a determination as to the "single set of circumstances" provision of Rule 10(b).  Moreover, the Court is encouraged to

read that part of Rule 10(b) that provides "as far as practicable…" Paragraph 10 explains the single set of circumstances of RICO and its elements. A very complex statute. Additionally, the word "circumstances" is plural.

### PRO SE PLEADING MUST BE GIVEN WIDE LATITUDE

13. Pro se pleadings are to be given wide latitude in the 9th Circuit. Not once has a pro se plaintiff's Complaint been dismissed with prejudice without leave to amend based on one or two paragraphs that violate Rule 10(b) single circumstances dictate. Importantly, Rule 8(e) mandates that "pleadings must be construed so as to do justice." Rule 8(e) makes Trader's arguments frivolous. Trader should be admonished, especially since moving for dismissal with prejudice under his argument has never before occurred under these facts.

14. The 9th Circuit requires the Court to provide pro se Plaintiff Ewing an opportunity to fix any and all fixable errors even though PMFO moves for "dismissal in its entirety with prejudice."

15. "As the Court unanimously held in *Haines v. Kerner*, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id., at

520-521, quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)." *Estelle v. Gamble* (1976) 429 U.S. 97, 106 [97 S.Ct. 285, 292, 50 L.Ed.2d 251, 261].

16. Under Federal Rule of Civil Procedure 8(a)(2), the Plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Complaint may survive a Motion to Dismiss if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "In sum, for a complaint to survive a Motion to Dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the Plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the Plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, because Plaintiff is proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted

by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard reviewing pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and pro se pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

## CONCLUSION

17.  Wherefore, the motion to dismiss should denied and PMFO should be admonished. The Complaint is extraordinarily detailed and specific at to time, place manner and answers the who, what, why, where, how and when throughout. There is no Rule 10 violation and even if there was, Rule 10 is not a reason to dismiss a pro se pleading in the 9th Circuit. Finally, an attorney must be held to the highest standards of pleading and conformance to Local Rules.

///

PLAINTIFF'S OPPOSITION TO DEFENDANT PREMIUM MERCHANT FUNDING MOTION TO DISMISS-
12

18cv1063

Dated: August 7, 2018

/s/ *Anton Ewing*
Anton Ewing,
Plaintiff in pro per
Anton@antonewing.com

**Table of Contents**

REFUSAL TO MEET AND CONFER ............................................................... 1

FALSE CLAIM OF NO FACTUAL SUPPORT ................................................. 2

VIOLATION OF LOCAL RULES BY ATTORNEY AT LAW ........................ 3

FALSE DESCRIPTION OF COMPLAINT'S ALLEGATIONS ....................... 3

DISMISSAL WITH PREJUDICE IS NOT ALLOWED ................................... 5

DEFENDANT'S ARGUMENTS ARE TOTALLY INCONSISTENT ............. 6

EXTREME EXAGGERATION BY DEFENSE COUNSEL ............................ 7

PRO SE PLEADING MUST BE GIVEN WIDE LATITUDE ........................ 10

CONCLUSION ................................................................................................ 12

## Table of Cases

*al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009)..........................................12

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).....................................11

*Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010) ........................13

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)..........................................................11

*DeMarco v. Depotech Corp.*, 149 F. Supp. 2d 1212, 1222 n.5 (S.D. Cal. 2001)......6

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ............................................................13

*Estelle v. Gamble* (1976) 429 U.S. 97, 106 [97 S.Ct. 285, 292, 50 L.Ed.2d 251, 261]..........................................................................................................................11

*Foltz v. Moore McCormack Lines, Inc.*, 189 F.2d 537, 539 (2d Cir. 1951)..............6

*Haines v. Kerner*, 404 U.S. 519 (1972) ....................................................................11

*Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) .................................................13

*Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).................................................13

*Lasar v. Ford Motor Co.*, 399 F.3d 1101 (9th Cir. 2005) .........................................3

*McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010)....................................13

*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).................................12

*Payne v. Exxon Corp.*, 121 F.3d 503 (9th Cir. 1997) ................................................3

## DECLARATION IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

I, ANTON EWING, hereby depose, declare and state the following as true and correct under penalty of perjury under the laws of the State of California:

1. I was called multiple times by Defendant PMFO and said calls were recorded without my knowledge or consent on April 18, 2018 and at other times.
2. My cellular telephone was registered with the DNC Registry more than 31 days prior to any and all calls made to said cell phone.
3. I heard a distinctive click at the beginning of each telemarketing call made to my phone by Defendant PMFO.
4. There was a more than two-second delay before a live human operator came on to the calls that were made to my phone for telemarketing purposes by Defendants PMFO.
5. I was called by PMFO from 315-257-1195, 646-766-0835 and 646-766-1774"
6. I was called by PMFO on April 18, 2018.
7. I was called by PMFO on September 22, 2017.
8. I was called by PMFO on November 10, 2017.
9. I was called by PMFO on November 13, 2017.
10. PMFO employees sent me emails after their telemarketing call to my phone.

I am competent to testify to the above stated factual assertions.

Dated: August 7, 2018

/s/ *Anton Ewing*
Anton Ewing

# PROOF OF SERVICE

I, Anton Ewing, am over 18, a pro per plaintiff in this matter and an authorized CM/ECF user by court order.  I have electronically filed this Plaintiff's Opposition to Defendant Premium Merchant Funding Motion to Dismiss through my ECF account and had it served on Defendants as follows:

**18cv1063-AJB-AGS Notice has been electronically mailed to:**

For Premium Merchant Funding One, LLC
BTrader@reedsmith.com

Stephen A. Watkins   WatkinsS@cmtlaw.com, brooksl@cmtlaw.com, brownk@cmtlaw.com, millerb@cmtlaw.com

For First Union Lending, LLC
David J Kaminski   kaminskid@cmtlaw.com, WatkinsS@cmtlaw.com, felipeg@cmtlaw.com, lopezp@cmtlaw.com, valientes@cmtlaw.com

For RFR Capital, LLC
Craig J Mariam    cmariam@gordonrees.com, jfarrar@gordonrees.com, mbridger@grsm.com, radato@grsm.com

For Fast Advance Funding, LLC
Kimberly A. Wright   Kimberly@revolvelawgroup.com, steven@revolvelawgroup.com


As well as all other CM/ECF users registered in this matter.

I swear under penalty of perjury that the above was served as stated.
Dated: August 7, 2018

/S/ *Anton Ewing*
Anton Ewing