Anton Ewing
3077 B Clairemont Drive #372
San Diego, CA 92117
(619) 719-9640
anton@antonewing.com

Plaintiff In Pro Per

# THE UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, an individual,<br><br>       Plaintiff,<br><br>  vs.<br><br>8 Figure Dream Lifestyle, LLC, a<br>Wyoming limited liability company;<br>*et. al.*<br><br>       Defendants. | *Civil Case No. 18-CV-1063 AJB-AGS*<br><br>*Hon. District Judge Anthony J. Battaglia*<br><br>***PLAINTIFF'S RESPONE TO MOTION TO DISMISS FILED BY FAST ADVANCE FUNDING, LLC***<br><br><br><br>*Hearing Date: September 27, 2018*<br>*Time: 2:00PM*<br>*Courtroom: 4A* |

*///*

PLAINTIFF'S RESPONSE TO FAF'S MOTION TO DISMISS COMPLAINT- 1

## Cases

*al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009)............................................24

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) .23

Asia *Econ. Inst. v. Xcentric Ventures, Ltd. Liab. Co.*, No. CV 10-1360 SVW (PJWx), 2010 U.S. Dist. LEXIS 133370, at *45-46 (C.D. Cal. July 19, 2010.....29

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007 ......................................23

*Brooks v. Motsenbocker Advanced Devs., In*c., No. 07CV0773-MMA (NLS), 2009 U.S. Dist. LEXIS 135859, at *5 (S.D. Cal. Mar. 2, 2009) ..................................19

*Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010) .......................24

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) ...........................................................................................................................19

*Collagen Nutraceuticals, Inc. v. Neocell Corp.*, No. 09-CV-2188-DMS(WVG), 2010 U.S. Dist. LEXIS 98228, at *3-4 (S.D. Cal. Sep. 17, 2010).......................14

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)...........................................................21

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) .............................................................24

*Estelle v. Gamble* (1976) 429 U.S. 97, 106 [97 S.Ct. 285, 292, 50 L.Ed.2d 251, 261 ...............................................................................................................................21

*Haines v. Kerner*, 404 U.S. 519 (1972) .....................................................................20

*Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) .................................................24

*Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) .................................................24

*Hicklin v. Edwards,* 226 F.2d 410, 414 (8th Cir. 1955...........................................14

*Lasar v. Ford Motor Comp.*, 399 F.3d 1101, 1118 (9th Cir. 2005) .......................19

*Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011)..................................24

*McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010)....................................24

*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)................................24

PLAINTIFF'S RESPONSE TO FAF'S MOTION TO DISMISS COMPLAINT- 2

*O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993).......14

*Odom v. Microsoft Corp.,* 486 F.3d 541, 547 (9th Cir. 2007) ...................................21

*S.E.C. v. Internet Solutions for Business Inc.,* 509 F.3d 1161, 1163 (9th Cir. 2007

.............................................................................................................14

*Streck v. Peters*, 855 F. Supp. 1156, 1163 (D. Hawai'i 1994) .................................29

*Walter v. Drayson,* 538 F.3d 1244, 1247 (9th Cir. 2008).......................................21

**Statutes**

18 U.S.C. § 1961(1)(A).............................................................................26

18 U.S.C. §1962(b.....................................................................................19

18 USC §134...........................................................................................19

18 USC §1343 ................................................................................... 18, 19

18 USC §1961 .................................................................................... 18, 19

18 USC §1962(c)......................................................................................19

18 USC §1964(c)......................................................................................19

47 USC §501...........................................................................................18

B&P §6068(d) .........................................................................................16

B&P §6106..............................................................................................16

Federal Rule of Civil Procedure 8(a)(2) ......................................................20

**Table of Contents**

BACKGROUND ............................................................................ 5

A PROCESS SERVER'S DECLARATION IS A PRIMA FACIE SHOWING14

THE DECLARATION IN SUPPORT OF THE MOTION IS A FRAUD ...... 15

THE RULE 12(b)(6) MOTION IS WITHOUT MERIT ................................. 20

# BACKGROUND

Plaintiff Anton Ewing (herein "Plaintiff" or "Ewing"), proceeding pro se, hereby responds[1] in opposition to Fast Advance Funding, LLC, a Pennsylvania limited liability company (herein "FAF" or "Defendant[2]") motion to dismiss as follows:

1.  What if Ms. Wright suborned felony perjury when she filed the Natuzzi declaration as the sole support for her motion to dismiss this entire lawsuit, with prejudice, under FRCP 12(b)(5)?  What if ?

2.  Local Rule 83.4 expressly and clearly states that Plaintiff Ewing must not: "[d]isparage the… ethics, morals, integrity or behavior or [*sic*[3]] opposing parties or counsel."  *In re Hubbard*, No. 12-cv-1975-L(WMc), 2013 U.S. Dist. LEXIS 14949 (S.D. Cal. Feb. 4, 2013)  By asserting that Ms. Wright has suborned perjury in violation of California Penal Code section 127, Ewing would have clearly violated Local Rule 83.4.  The reason Ewing would have violated this Local Rule is because no attorney at law, no member of the California State Bar, could possibly violate any law, especially one that claims

---

[1] The text of this opposition argument does not exceed 25 pages.

[2] Daniel Klein is not a defendant in case number 18cv1063.

[3] Plaintiff assumes this word should be "of" and not "or."  The drafters and those who approved this language did not, apparently, care enough about it to even read it.

18cv1063

that Ms. Wright has engaged in complete and absolute dishonesty.  No attorney would do that… and Ewing is not doing that either.  Ms. Wright is an amazing attorney at law with over 8 years of experience, albeit none in TCPA or RICO matters.

3. FAF was sued, served and failed to respond within 21 days as commanded in the civil summons.  Ms. Wright was contacted by Pennsylvania attorney Norman Valz because Valz knew about the lawsuit filed by Ewing, lookup up Ewing on the court's files, found Ms. Wright as attorney in the K2 case (16cv0678) and hired her to represent FAF in two other pending lawsuits in California (one for RICO and the other for TCPA violations).  The chicken came before the egg[4].

4. But here is what we do know:

   a. After a defendant moves to dismiss for lack of service after the 120th day, the burden of proof is on the plaintiff to prove by clear and convincing evidence that service of process was in fact sufficient to afford the southern district personal jurisdiction over Defendant Fast Advance Funding, LLC.  120 days have not past.

---

[4] Ms. Wright has never done a TCPA or RICO case in her entire 8 year career.  But for FAF knowing about this lawsuit, she would never have been contacted by Valz, who is in-house counsel for FAF, to represent FAF in two other pending lawsuits.   The importance of this fact will soon become very clear.

b. The initial process server, Kameron Marshall (199 W. Chew Ave, Philadelphia, PA 19120, phone 267-880-9363), who served "Anthony" at 20 N. 3rd Street, in Philadelphia, PC 19106, was the same process server that served the same person (Anthony), at the same time, at the same place, with another TCPA lawsuit for defendant FAF at 11:15 AM on 6/22/2018.  See Exhibits A, B, C, D.  Mr. Marshall stated in his declaration[5] that "I recognized him from before."  The "before" that Mr. Marshall is referring to is when Mr. Marshall served the TCPA summons and complaint in the TCPA lawsuit filed on 5/17/2018, shown at ECF No. 5, in the Eastern District of Pennsylvania, on "Anthony" Zingarelli.  FAF did not challenge service in that Pennsylvania lawsuit filed by Mr. Shelton.  Then Mr. Marshall served "Anthony" the Summons in plaintiff Doyle's TCPA lawsuit (at same time, person, and place as Ewings) and FAF filed an Answer in that case, 18-CV-5412-DMG, in the Central District of California.  When Mr. Marshall served the man "wearing blue jeans, sneakers, and a turquois t-shirt" that became combative and threatened "big

---

[5] Declarations of licensed process servers have a presumption of truthfulness and the burden to prove that they have lied is on the party (FAF) claiming such dishonesty.

trouble" on 5/18/2018, he got a good look at his face.  Mr.
Marshall recognized him again just one month later when he
served him again with two more lawsuits for the same type of
TCPA violations.

c. Mr. Marshall stated, under oath in his declaration, when he was
serving this lawsuit that the "man became agitated" and that Mr.
Marshall "knew he was lying due to previous experience at this
office serving Fast Advance Funding."  Process server affidavits
have a presumption of truth.  FAF has the burden to overcome
that presumption.

d. Declarant Daniel Natuzzi claims to be a "floor manager" which
means that he is in charge of cleaning the floors.  See Exhibit E.
His previous title was "Chief Sanitation Engineer" which was
given to him because he took out the trash and scrubbed the
toilets.  Natuzzi, who is 23 years old, is the youngest person
working at FAF.  He is not in-charge of any person.  He has no
direct reporting personnel.  He is a pawn that has been duped into

18cv1063

signing a very serious affidavit by a person, Anthony Gibson, who is being sued by two other law firms for racketeering[6].

e.  In Natuzzi's declaration he states that Anthony Zingarelli works for Ticket Guru.  Mr. Zingerelli's[7] federal probation officer, Keith Morris (600 Arch St. #2400, Philadeilphia, PA 19106), states that Zingarelli works for Par Funding in the same office as FAF. See Exhibit Q and R. In an email dated July 24, 2018 at 2:48 PM, attorney Kimberly Wright wrote that Anthony "is an employee of Full Spectrum Processing and Ticket Guru." Natuzzi said nothing about Full Spectrum which calls into question his true level of knowledge.

f.  Anthony Zingarelli just finished paying a $50,000 criminal fine for a federal drug importation conspiracy conviction from New York.  See Exhibit V.

---

[6] The Court should also note that "allegations of perjury may amount to "obstruction of justice" under § 1503 and, thus, qualify as "racketeering activity." *See Streck v. Peters*, 855 F. Supp. 1156, 1162 (D. Haw. 1994) (noting that "acts of perjury may, under the appropriate circumstances, constitute RICO predicate acts" as obstruction of justice under 18 U.S.C. § 1503).  *Smith v. Aldridge*, No. 3:17-cv-01485-HZ, 2018 U.S. Dist. LEXIS 47021, at *15 (D. Or. Mar. 22, 2018).  FAF has three RICO lawsuits against it including this one.

[7] When calling, be sure to state PAX number 56492 so they can look up Zingarelli easily.

PLAINTIFF'S RESPONSE TO FAF'S MOTION TO DISMISS COMPLAINT- 9

18cv1063

g.  Zingarelli filed a motion to travel to the Middle East for his construction company that he was in charge of and in that filing he provided his telephone number under his signature.   See Exhibit S.  The number Zingarelli provided to the federal judge in ECF No. 1453 on 10/14/15 in case number 08-cr-00916-SJ was 215-429-4111. See Exhibit F.  That is the same exact phone number provided by the secretary, Allie Cezreci, that answers the phone when the telephone number that is found on www.FastAdvanceFunding.com, which is 215-922-2636, is called during working hours.

h.  The phone number found on www.parfunding.com is 215-922-2636 which also has the same exact address on both web pages as 20 N. 3rd Street, Philadelphia, PA 19106.  See Exhibit L and M.  Par Funding is a dba of Consumer Business Solutions Group, Inc which is also owned and controlled by Defendant Anthony Gibson.  In fact, FAF is a subsidiary of Par Funding according to personnel in charge.

i.  Natuzzi swore in his declaration, found at ECF NO. 48-2 filed on 7/26/18, that FAF is at 22 N. 3rd Street, Philadelphia, PA 19106.

PLAINTIFF'S RESPONSE TO FAF'S MOTION TO DISMISS COMPLAINT- 10

18cv1063

j.  A simple www.Google.com search for "Fast Advance Funding" yields a business listing with address 20 N. 3rd Street, Philadelphia, PA 19106.  See Exhibit M.  Note 20, not 22.

k.  MGC Real Estate Group, which manages the Daniel Building at 20 and 22 N. 3rd Street, states that FAF is located at 20 N. 3rd Street.  MGC Real Estate can be reached at 215-928-0221.  The Court and opposing counsel are strongly encourage to call MGC.  They know the building and they will tell you that Par Funding and Fast Advance Funding take up the entire second floor.  They state that there is one entrance for both 20 and 22 N. 3rd Street.  Google Maps confirms this.  The Court can take judicial notice of the fact that there is one entrance for the one Daniel Building which is 20 and 22 N. 3rd Street.

l.  Evergreen Trading, Inc, located at 24 N. 3rd Street, stated that FAF is at 20 N. 3rd Street.  Evergreen can be reached at 215-922-7870.

m.  GianFranco Pizza Rustica at 6 N. 3rd Street states the FAF is at 20 N. 3rd Street.  Franco Pizza can be reached at 215-592-0048.

n.  BrandyWine at 23 N. 3rd Street states that FAF is at 20 N. 3rd Street.  BrandyWine can be reached at 215-351-9193.

o. Kimberly Wright wrote, in her 7/24/18 email, that "my client was not aware that your complaint was actually filed or that you had default entered against FAF."  However, on 6/22/18, attorney Norman Valz, responded via email from navlz@msn.com to the fact that a complaint was filed in the Southern District of California.  It would be very interesting to have both attorney appear before this Honorable Court and explain this.

p. Kimberly Wright blind copies Norman Valz on every email sent to Ewing in the FAF matter. See Exhibit J.  Mr. Valz is in charge of all litigation for FAF which appears to be a full time job for him.

q. Anthony Zingarelli owns a web domain at www.contractfinancingsolutios.us and the phone number he provided for that web page to ICANN, which controls all internet web domain ownership registrations, is 215-429-4111, the same phone number he gave to his parole officer and to District Judge Sandra L. Townes in New York.  See Exhibit G.

r. The address that Zingarelli has provided for his web page is 205 Arch Street, Philadelphia, PA 19106.  The email address provided for this web page is anthonyz@parfunding.com.  At this point we

PLAINTIFF'S RESPONSE TO FAF'S MOTION TO DISMISS COMPLAINT- 12

18cv1063

could stop because perjury has just been established.  But let's gone on to see what other facts are present.

s.  The address for Par Funding is 205 Arch Street, Philadelphia, PA 19106 according to the Pennsylvania Secretary of State.

t.  Anthony Zingarelli receives and responds to email sent to anthonyz@parfunding.com.

u.  Alyssa Garon was recently, but formerly, employed at FAF.  She was asked via linkedin.com if Anthony Zingarelli works at Par Funding and she responded "Yes."  See Exhibit T.

v.  In one of the racketeering lawsuits, someone at FAF forged the signature of their attorney Norman Valz.  It is not impossible to believe that Natuzzi's signature may also be forged as well.

w.  According to court filed records in 08-cr-0916 in New York, Zingarelli is the owner and officer of United American Builders as of 2015.  Zingarelli does not work at Ticket Guru.

5. None of the above is just a mere coincidence.  These are all facts and they are the truth.  FAF has not overcome its burden to prove each of the above is false or incorrect.

**A PROCESS SERVER'S DECLARATION IS A PRIMA FACIE SHOWING**

6. When a process server makes a declaration, there is a presumption of truth and the burden then shifts to the defendant to produce "strong and convincing evidence" that the declaration is false.  While a process server's return of process is generally accepted as prima facie evidence of how service was effected, that presumption can be overcome by strong and convincing evidence. *See S.E.C. v. Internet Solutions for Business Inc.,* 509 F.3d 1161, 1163 (9th Cir. 2007); *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Hicklin v. Edwards,* 226 F.2d 410, 414 (8th Cir. 1955). Nonetheless, "a mere allegation ... that process was not served, without some additional showing of evidence is insufficient to refute the validity of an affidavit of service." 1-4 Moore's Federal Practice-Civil § 4 .100.  *Collagen Nutraceuticals, Inc. v. Neocell Corp.*, No. 09-CV-2188-DMS(WVG), 2010 U.S. Dist. LEXIS 98228, at *3-4 (S.D. Cal. Sep. 17, 2010).  Natuzzi's declaration is not evidence.  It is hearsay and there are no exhibits to back it up.  Natuzzi does not provide contact information and Ms. Wright refuses to meet and confer even though this matter was granted an extension of the briefing schedule to allow her to meet and confer.  See Exhibit K, N, O. Zingarelli's contact information is likewise missing.  Notwithstanding, when Zingarelli was called at the FAF office, he refused to talk.  Not surprising

given the perjury involved here.  It is also interesting to note that Zingarelli does not list Ticket Guru on his linkedin.com profile nor on his Facebook.com web page.

## THE DECLARATION IN SUPPORT OF THE MOTION IS A FRAUD

7. As shown above and in the attached exhibits, not only is FAF's evidence not "strong and convincing," it is false, perjured and weak.  The declaration of Natuzzi provides no phone numbers for either Natuzzi or Zingarelli.  It misspells Zingarelli as Zingerelli.   The declaration does not say that Natuzzi is authorized to speak on behalf of FAF.  No officer, Member or Manager of FAF submitted any declaration.  Ticket Guru does not actually occupy the building and a search for said company yields no data, no address and no phone number.

8. Zingarelli did not provide a declaration or affidavit.  Natuzzi's statements about others are pure hearsay.

9. The Natuzzi declaration states at paragraph 3 that Natuzzi would, if called upon to testify thereto, he could do so.  However, when Natuzzi was called, he refused to speak.  So, in fact Natuzzi refuses to be called upon.  He refuses to be interviewed.  He refuses to talk.  He refuses to even respond to email.

18cv1063

10. The Natuzzi declaration states at paragraph 6, that Zingarelli is not an employee or agent of FAF.  However, he does not declare that Zingarelli is not an owner, shareholder, director, member or Manager of the LLC.  Natuzzi does not declare that Zingarelli is not actually authorized to accept service of process for FAF.  In fact, he did accept service for two other lawsuits filed within a month of this lawsuit and FAF responded in both of those lawsuits.  The fact that Zingarelli was the agent that was served in two other pending lawsuits and that FAF responded in both of those lawsuits shows that Ms. Wright is violating the thrust of Rule 1, which is to minimize costs and not unnecessarily multiply litigation and cause delay of justice.  See also Local Rule 83.4(a)(2)(g)

11. Ms. Wright argues at page 9, lines 14-15 of the motion to dismiss, that "Anthony is not an officer, managing or general agent, or any authorized agent of FAF. *Id*."  Ms. Wright[8] is citing to the declaration of Natuzzi for this statement.  However, the Natuzzi declaration, as shown above, does not actually make a single one of these assertions.  Ms. Wright states that Zingarelli is not an officer.  Natuzzi did not say that.   Natuzzi states, in paragraph 6, that Zingarelli is not an employee.  Ms. Wright claims that Zingarelli is not a "managing or general agent" of FAF.  Natuzzi did not say

---

[8] Ms. Wright is not allowed to testify.

that.  Ms. Wright is testifying without a basis.  It is important for the Court to put the Natuzzi declaration side-by-side and compare and contrast the actual words with the words of Ms. Wright in her motion.  They are very different.

12. Ms. Wright argued at motion page 9, lines 12-13, that "Anthony is known to be an employee of the business adjacent to FAF."  Natuzzi did not say that. Natuzzi said that FAF "operates **in** a building that is **also** occupied by a number of other companies including Ticket Guru."  See paragraph 5 thereof. Ms. Wright's statement is a mischaracterization of the Natuzzi declaration. "Adjacent" implies that it is next door.  Ms. Wright is attempting to pull the wool over the eyes of the Court by implying, but not actually stating, that one business is at 22 and the other as 20, north 3rd Street.  But a careful reading of the declaration of Natuzzi does not say that FAF and Ticket Guru are in different or adjacent buildings.  The process server did not go to the wrong building and serve a third party.  But that is what Ms. Wright is, cleverly, trying to say without actually saying it.  Her 2 plus 0 does not add up though. Natuzzi is clearly stating that Ticket Guru and FAF "operate in a building" that is the same building.

13.  Mr. Marshall served FAF at 20 N. 3rd Street on 6/22/2018 with the Summons and Complaint in case number 18-cv-05412-DMG pending in the Central District of California.  If, as Ms. Wright claims in her email dated 7/24/2018 at

18cv1063

2:48 PM (that she blind copied Valz on), that "my client was not aware that your [Ewing's] complaint was actually filed…against FAF," then how did she (1) get hired by FAF for the Doyle case (18cv5412) and (2) how did she know to file an Answer in the Doyle case on 7/13/2018 in ECF No.10?  See Exhibit H.  The Court is requested to take judicial notice of the Central District's docket at ECF No. 10.  Liars get caught because they can never cover all their tracks.

14. Mr. Marshall also served FAF at 20 N. 3rd Street on 5/18/2018 with the Summons and Complaint in case number 18-cv-02071 pending in the Eastern District of Pennsylvania.   Valz filed a motion for an extension of time to answer on 6/7/18 as ECF No. 8.  Incidentally, the motion was denied.  How did FAF know about the Summons and Complaint in 18-cv-2071 if it was served at 20 N. 3rd and FAF is at 22 N. 3rd?  See Exhibit I.  Especially given that Anthony Zingarelli was the person served.  The process server recognized him. Mr. Marshall can be reached at 267-880-9363 to verify all of this.

15. Deceit upon the Court is a crime when done by an attorney pursuant to California Business & Professions Code section 6128.  Candor to the Court is mandated under B&P §6068(d).  Suborning perjury is a felony under California Penal Code section 127.  Local Rule 83.4(b) incorporates by reference the State Bar of California standards of professional conduct.  Rule

3.3 is about candor toward the tribunal.  See also B&P §6106. The Court's inherent authority includes "the power to control admission to its bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Lasar v. Ford Motor Comp.*, 399 F.3d 1101, 1118 (9th Cir. 2005), *Brooks v. Motsenbocker Advanced Devs., In*c., No. 07CV0773-MMA (NLS), 2009 U.S. Dist. LEXIS 135859, at *5 (S.D. Cal. Mar. 2, 2009)

16. Natuzzi does not declare that he is over age 18.  His photos on Facebook.com show that he may not be an adult.  To make a declaration in court, the declarant must be an adult.

17. Natuzzi states that his title is "Floor Manager" but does not indicate why that title makes him qualified to assert that the facts that he is claiming are true.

18. Natuzzi states that he has "reviewed company records" but does not state which company.  Natuzzi does not declare that he has reviewed the records of Fast Advance Funding, LLC.  He may be referring to Ticket Guru or any one of the many business he claims are at the same address.

19. It is rather perplexing that Ms. Wright even moves to dismiss when FAF has been served several more times since her motion was filed.  She refused to meet and confer despite repeated requests.  See ECF No. 41, 57, 58, 63, 64, 65

18cv1063

and 66[9].  This renders the Rule 12(b)(5) portion of the motion moot.  All that Ms. Wright has done is waste an incredible amount of time and subjected herself to possible criminal charge as well as loss of her Bar license.  The facts will come out and she will be caught in her web of lies.  Deceitfully objecting to service got her and her client nowhere.

20.  On August 16, 2018, an employee by the name of Michael Petramale, a Funding Director, stated that Fast Advance Funding is under Par Funding. Anthony Zingarelli can be reached at anthonz@parfunding.com.  By serving Zingarelli, who is clearly an employee of the parent company, FAF has been served.  The Court should enter default against FAF as requested by Plaintiff and give FAF a chance to explain why the default should be set aside and why FAF has not suborned perjury through Natuzzi.

**THE RULE 12(b)(6) MOTION IS WITHOUT MERIT**

21. Ms. Wright did not draft this motion in the FAF case.  She drafted it in the K2 case and then copied and pasted it into this motion.

22. "As the Court unanimously held in *Haines v. Kerner*, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed

---

[9] Ms. Wright was also sent a waiver of service form which she refuses to sign.

18cv1063

for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id., at 520-521, quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)." *Estelle v. Gamble* (1976) 429 U.S. 97, 106 [97 S.Ct. 285, 292, 50 L.Ed.2d 251, 261].

23. FAF is run, operated, managed and controlled by Anthony Gibson in Philadelphia.  Gibson claims to be a financial guru but in fact he is just another one of thousands of arrogant and pompous individuals who blatantly violate the TCPA over ten thousand times each day. The type/model of robodialer that FAF uses enables each employee to call up to one thousand calls per day. Attorney Stuart Wells from the very large law firm of White and Williams, LLP is prosecuting a racketeering civil lawsuit against FAF (17cv4622) and has survived the motion to dismiss stage.  Each of the §1961 predicate acts alleged in that lawsuit are a foundation for the racketeering lawsuit in this matter.  Interestingly, FAF's attorney Normal Valz has been held in contempt of court for violating a direct order to stop harassing people.  Valz claims that FAF personnel forged his signature.

24. To state a claim under § 1962(c), Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Walter v. Drayson,* 538 F.3d 1244, 1247 (9th Cir. 2008) (quoting *Odom v. Microsoft Corp.,* 486 F.3d 541, 547 (9th Cir. 2007).  Plaintiff hereby alleges that FAF

18cv1063

engage in the conduct of an enterprise through a pattern of racketeering activity.  The conduct is the violation of predicate acts in violation of 18 USC §1961.  Specifically, FAF violated the wire fraud statute, 18 USC §1343, multiple times.  That is, FAF committed and engaged in the use of the US wires to run a common plan or scheme to commit crimes, including illegal telemarketing (47 USC §501 by violation §227), violating the right to honest services, by making express extortionate threats to Plaintiff that violate California Penal Code sections 518 – 523, a felony.  These state law felonies are a predicate act under 18 USC §1961(1)(A).

25. The multiple acts of wire fraud, in violation of 18 USC §1343, provide the basis and foundation of predicate acts that make Defendant FAF liable for conspiracy to violate 18 U.S.C. §1962(b) and (c).

26. Defendant FAF is also not licensed to sell loans to California consumers (including Plaintiff) that exceed 10% per annum interest rates.  Defendant FAF did, and does still, sell loans into California, to California residents, that far exceed the 10% legal limit and thus Defendant FAF is engaged in felony loan shark usury lending, which is a violation of 18 USC §1961 predicate act as well as a direct and explicit violation of §1962.  Defendant FAF used the wires of the United States to engage in this fraudulent lending, all of which constitutes a common plan or scheme to engage in criminal activity.

27.  Defendant FAF has engaged in and committed the act of a conspiracy to violate RICO under 18 USC §1964(c), by violating 18 USC §1962(d), by violating 18 USC §1962(c) through a conspiracy to run a racketeering enterprise and committed two or more predicate acts of wire fraud in violation of 18 USC §1343, which is an enumerated act of racketeering activity under 18 USC §1961.  FAF also has a RICO class action case pending against in the Eastern District of Pennsylvania.  All of the predicate acts in that class action RICO lawsuit are also predicate acts for purposes of this lawsuit by FAF.  This is a specific allegation with evidence and not an anecdotal generalization.

28. Under Federal Rule of Civil Procedure 8(a)(2), the Plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Complaint may survive a Motion to Dismiss if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "In sum, for a complaint to survive a Motion to Dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the Plaintiff to relief." *Moss*

18cv1063

*v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the Plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). The Court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). However, because Plaintiff is proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard reviewing pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and pro se pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

29. On FAF's motion page 12, line 21 it states "Plaintiff must alleged [*sic*] that **Klein**." It is plainly obvious that Ms. Wright has violated Rule 11 here. She did not read her own boiler-plate. Aside from the grammatical error, she states

that Mr. **Klein**, who is not a party to this lawsuit, must be alleged to have done something in the Fast Advance Funding case. The Court should show Ms. Wright the same level of respect and dignity that she has cared to show this Court. Copying and pasting from one pleading to another without actually reading it is bad. How bad, is up to the Court to decide.

30. At FAF's motion to dismiss under Rule 12(b), at page 13, lines 25-26 it states: "Accordingly, **Klein** respectfully requests that this Court grant his motion for judgment on the pleadings as to Plaintiff's RICO claim under §1962(c)." This is not a 12(c) motion. **Klein** is not a defendant in this case. There is a different case pending in front of a different District Judge wherein Kimberly Wright has recently become attorney of record. Prior to Ms. Wright's appearance there was (and still is) an issue of Ms. Wright having her brother, who is her paralegal, practice law without a license for Mr. Klein by drafting pleadings for Klein while Klein was pro se in case 16cv678. The Court is requested to take Judicial Notice of Klein's withdrawn Rule 12(c) motion in 16cv678 (ECF No. 85) and see that it is the exact same words as in this current motion. It is obvious to even the most casual observer that Ms. Wright has, again, just had her paralegal copy and paste the exact wording from the Steven Lavelle motion (ECF No. 85) written for Klein. We know that paralegal Lavelle was not supervised because Ms. Wright filed her billing

statements in case number 18cv429.  See Exhibit U.  When she attempted to

redact portions of the billing statements, she made the very glaring mistake of

not saving and locking the document.  The Court can simply open the

document within ECF even today, click on the blacked-out/redacted boxes and

hit the delete key.  That will reveal the scam and the crime[10].  Ms. Wright has

now furthered her scam by over-billing her new FAF client for work done by

her unsupervised paralegal in the Klein pro se matter.  Truly disgusting.

31. Here is a side-by-side comparison of the two motions

| 16-cv-0678 | 18-cv1063 |
|---|---|
| For money laundering under 18 U.S.C. § 1956(a)(1), Plaintiff must alleged that **Klein** "(1) engaged in a financial transaction which involved proceeds from specified illegal activity, (2) knew the proceeds were from illegal activity, and (3) intended the transaction either to promote the illegal activity or to conceal the nature, source or ownership of the illegal proceeds." *United States v. Marbella,* 73 F.3d 1508, 1514 (9th Cir. 1996). Plaintiff only alleges that Klein, under alter ego theory of liability, laundered over $10,000 of the proceeds by wire fraud through | For money laundering under 18 U.S.C. § 1956(a)(1), Plaintiff must alleged that **Klein** "(1) engaged in a financial transaction which involved proceeds from specified illegal activity, (2) knew the proceeds were from illegal activity, and (3) intended the transaction either to promote the illegal activity or to conceal the nature, source or ownership of the illegal proceeds." *United States v. Marbella,* 73 F.3d 1508, 1514 (9th Cir. 1996). Plaintiff only alleges that FAF laundered over $10,000 of the proceeds by wire fraud through financial institutions, |

---

[10] Engaging in the unauthorized practice of law is a crime.  Aiding and abetting in that criminal act is a crime.

Sending bills through email to FAF for work not actually performed is wire fraud.

18cv1063

| financial institutions. (DKT. No. 1-2, Complaint ¶54.) | (DKT. No. 1, Complaint ¶ 93) |
|---|---|
| As to extortion, Plaintiff must assert "obtaining money or property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. §1951(b)(2).[11] | As to extortion, Plaintiff must assert "obtaining money or property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. §1951(b)(2). |
| Finally, a violation of 47 U.S.C. §227 is not a predicate act under RICO. Thus, a RICO claim based on TCPA violations cannot stand. | Finally, a violation of 47 U.S.C. §227 is not a predicate act under RICO. Thus, a RICO claim based on TCPA violations cannot stand. |
| Accordingly, **Klein** respectfully requests that this Court grant his motion for judgment on the pleadings as to Plaintiff's RICO claim under §1962(c). | Accordingly, **Klein** respectfully requests that this Court grant his motion for judgment on the pleadings as to Plaintiff's RICO claim under §1962(c). |
| [A] wire fraud violation consists of (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Odom v. Microsoft Corp.,* 486 F.3d 541, 554 (9th Cir. 2007)(quoting *Schreiber Distrib. Co. v. Serv-Well Furn. Co.,* 806 F.2d 1393, 1400 (9th Cir. 1986)). In addition, Plaintiff must comply with the heightened pleading requirement under Rule 9(b) to allege | "[A] wire fraud violation consists of (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Odom v. Microsoft Corp.,* 486 F.3d 541, 554 (9th Cir. 2007) (quoting *Schreiber Distrib. Co. v. Serv-Well Furn. Co.,* 806 F.2d 1393, 1400 (9th Cir. 1986)). In addition, Plaintiff must comply with the heightened pleading |

---

[11] This is where the Court should sanction Ms. Wright because she was expressly told in the K2 case that the Complaint nowhere even mentions 18 USC §1951. And yet, she makes this same baseless and frivolous argument. This is not a mistake. It is will, wanton and intentional harassment. It is a waste for the Court to even go into §1951.

PLAINTIFF'S RESPONSE TO FAF'S MOTION TO DISMISS COMPLAINT- 27

wire fraud. *Id; Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065-66 (9th Cir. 2004) (stating that Rule 9(b) applies equally to civil RICO claims and that the plaintiff must state with particularity the circumstances constituting fraud). Under Rule 9(b), while the state of mind may be alleged generally, the circumstances constituting fraud must be stated with particularity and a party must set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Odom,* 486 F.3d at 553.

requirement under Rule 9(b) to allege wire fraud. *Id; Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065-66 (9th Cir. 2004) (stating that Rule 9(b) applies equally to civil RICO claims and that the plaintiff must state with particularity the circumstances constituting fraud). Under Rule 9(b), while the state of mind may be alleged generally, the circumstances constituting fraud must be stated with particularity and a party must set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Odom,* 486 F.3d at 553.

Plaintiff additionally asserts a claim of conspiracy among the defendants to cause injury to Plaintiff's business and property under § 1962(d). This section states that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), (c) of this section." 18 U.S.C. §1962(d). Because plaintiff lacks standing to plead violations under § 1962(c), he cannot allege the existence of a conspiracy to violate RICO. *Stanford v. MemberWorks, Inc.,* 625 F.2d 550, 559 (9th Cir. 2010). Where a plaintiff fails to establish a claim for substantive RICO violation, "any claim for conspiracy to commit that violation must necessarily fail as well." *Hill v. Opus Corp.,* 841 F.Supp.2d 1070 (C.D. Cal. 2011). Accordingly, the

Plaintiff additionally asserts a claim of conspiracy among the defendants to cause injury to Plaintiff's business and property under § 1962(d). This section states that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), (c) of this section." 18 U.S.C. §1962(d). Because plaintiff lacks standing to plead violations under § 1962(c), he cannot allege the existence of a conspiracy to violate RICO. *Stanford v. MemberWorks, Inc.,* 625 F.2d 550, 559 (9th Cir. 2010). Where a plaintiff fails to establish a claim for substantive RICO violation, "any claim for conspiracy to commit that violation must necessarily fail as well." *Hill v. Opus Corp.,* 841 F.Supp.2d 1070 (C.D. Cal. 2011). Accordingly, Plaintiff's cause of

| motion for judgment on the pleadings should be granted as to the RICO conspiracy claim. | action for a conspiracy to commit RICO fails. |
|---|---|

32.     There is more but Ewing only has 25 pages to make his point.

33.     "In short, attempted extortion accomplished through means of a writing under Section 523 is actionable and constitutes a predicate act under RICO.  See *Streck v. Peters*, 855 F. Supp. 1156, 1163 (D. Hawai'i 1994) (definition of racketeering activity under 18 U.S.C. § 1961(1)(A) includes extortion or attempted extortion under state law).  Finally, although not relied upon by Plaintiffs here, California Penal Code § 524 criminalizes attempted extortion by means of a threat even where such threats are not made in writing. Cal. Penal Code § 524.  Asia *Econ. Inst. v. Xcentric Ventures, Ltd. Liab. Co.*, No. CV 10-1360 SVW (PJWx), 2010 U.S. Dist. LEXIS 133370, at *45-46 (C.D. Cal. July 19, 2010).

34.     FAF argues that a RICO cause of action has not been plead.  That does not appear to be a correct or legitimate argument.

35.      In summary, the Court should strike FAF's motion because is it founded upon perjury and enter the default that has been requested by Plaintiff.  In the alternative, the Court should deny the motion in its entirety or grant Plaintiff leave to amend for any alleged deficiencies.

Dated:  August 14, 2018

/s/ *Anton Ewing*
Anton Ewing,
Plaintiff in pro per
Anton@antonewing.com

## DECLARATION IN SUPPORT OF COMPLAINT

I, ANTON EWING, hereby depose, declare and state the following as true and correct under penalty of perjury under the laws of the State of California:

1. I was called multiple times by Defendant FAF herein and said calls were recorded without my knowledge or consent in 2018 and at other times.
2. My cellular telephone was registered with the DNC Registry more than 31 days prior to any and all calls made to said cell phone.
3. I heard a distinctive click at the beginning of each telemarketing call made to my phone by Defendant FAF.
4. There was a more than two-second delay before a live human operator came on to the calls that were made to my phone for telemarketing purposes by Defendant FAF.
5. The telemarketing calls made to me by FAF were made, initially, without human intervention.
6. FAF called me to solicit a loan.
7. FAF's call to me was advertising.
8. FAF used a prerecorded message at the initiation of the call.
9. FAF used a predictive autodialer to call my cell phone.
10. I use my cell phone for personal use on nights and weekends and I use my cell phone for business for my tax clients.
11. Defendant FAF made a call to my cellular telephone.
12. I did not give FAF express consent to call me.
13. I did not invite FAF to call my phone.
14. FAF is not registered to do business in California.
15. FAF does not have a license to sell loans in California.
16. FAF called David M. Doyle who also lives in California to sell him loans.
17. FAF is being sued for Racketeering and RICO violations in another lawsuit.
18. FAF is being sued by other plaintiff for TCPA violations.
19. I have standing to sue FAF because my right to privacy was harmed and intruded upon by FAF.
20. I have standing to sue FAF because FAF seriously interrupted my business on several of their telemarketing calls.

I am competent to testify to the above stated factual assertions.

Dated: August 14, 2018

/s/ *Anton Ewing*
Anton Ewing

18cv1063