UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>Plaintiff,<br><br>vs.<br><br>8 FIGURE DREAM LIFESTYLE, LLC, a Wyoming limited liability company, RICHARD WALDMAN, an individual, et al.,<br><br>Defendants. | Case No.: 18-CV-1063-AJB-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PREMIUM MERCHANT FUNDING, LLC'S MOTION TO DISMISS;**<br><br>**(2) GRANTING IN PART AND DENYING IN PART ANTHONY GIBSON'S MOTION TO DISMISS; AND**<br><br>**(3) GRANTING IN PART AND DENYING IN PART FAST ADVANCE FUNDING, LLC'S MOTION TO DISMISS**<br><br>(Doc. Nos. 52, 77, 78) |

Pending before the Court are Defendants Premium Merchant Funding One, LLC, Anthony Gibson, and Fast Advance Funding, LLC's motion to dismiss. (Doc. Nos. 52, 77, 78.) Plaintiff filed an opposition to each Defendants' motion to dismiss. (Doc. Nos. 60,

1

80.) For the reasons set forth more fully below, the Court **GRANTS IN PART** and **DENIES IN PART** Premium Merchant's motion to dismiss, **GRANTS IN PART** and **DENIES IN PART** Anthony Gibson's motion to dismiss, and **GRANTS IN PART** and **DENIES IN PART** Fast Advance Funding, LLC's motion to dismiss.

## BACKGROUND

On May 29, 2018, Plaintiff, proceeding pro se, filed a complaint alleging three causes of action, including conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1962(d)), the Telephone Consumer Protection Act ("TCPA") (42 U.S.C. § 227), and violation of California Invasion of Privacy Act ("CIPA") (Cal. Penal Code § 630, *et. seq.*). (Doc. No. 1.) Plaintiff's claims arise from allegations that Defendants were impermissibly calling Plaintiff using an automatic telephone dialing system ("ATDS"), unlawfully recording telephone conversations, and impermissibly contacting Plaintiff in violation of the Do Not Call Registry. (*See generally id.*) Plaintiff alleges these phone calls occurred between June 2014 and May 2018. (*Id.* ¶ 16.) Plaintiff alleges that Defendants were contacting Plaintiff to sell and collect on fraudulent and usurious loans. (*See generally id.*) Further, Plaintiff alleges that Defendants engaged in threats to Plaintiff when Plaintiff asserted his rights not be "harassed, seriously annoyed, and telephonically stalked." (*Id.* ¶ 18.)

Defendants First Union Lending, LLC; Timur Shamsutidinov; RFR Capital, LLC; Robert Signore; Premium Merchant Funding One, LLC; Elie Golshan; Anthony Gibson; and Fast Advance Funding, LLC all filed motions to dismiss. (Doc. Nos. 14, 18, 52, 77, 78.) Subsequently Plaintiff entered into joint motions for dismissal with First Union Lending, LLC; Timur Shamsutidinov; RFR Capital, LLC; and Robert Signore. (Doc. Nos. 93, 95.) Accordingly, Defendants First Union Lending, LLC; Timur Shamsutidinov; RFR Capital, LLC; and Robert Signore's motions to dismiss were withdrawn. Accordingly, this Order follows on the remaining motions to dismiss.

///

///

## LEGAL STANDARD

### A. Rule 12(b)(1): Subject Matter Jurisdiction

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (stating that although the defendant is the moving party the plaintiff bears the burden of proof on the necessary jurisdictional facts because the plaintiff invoked the court's jurisdiction by filing the complaint).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979–80 (9th Cir. 2007); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency [.]") (internal quotation omitted). Additionally, the court may consider evidence outside the pleadings to resolve factual disputes. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *see also Dreier*, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

### B. Rule 12(b)(2): Personal Jurisdiction

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). The exercise of jurisdiction must satisfy the requirements of both the applicable state long-arm statute and federal due process. *Id.* at 1404–05. California's long-arm statute is coextensive with the limits of due process. Cal. Civ. Proc. § 410.10. Accordingly, the Court need only consider the requirements of due process. *Fed. Deposit Ins. Co. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1441 (9th Cir. 1987).

Due process requires that a nonresident defendant have certain minimum contacts

with the forum state such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This test may be satisfied in one of two ways. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986). If the defendant's contacts with the forum state are substantial or "continuous and systematic," *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415–16 (1984) (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)), the court may properly exercise general jurisdiction over the defendant "even if the cause of action is unrelated to the defendant's forum activities," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977)). Where the defendant's contacts with the forum state will not support the court's exercise of general jurisdiction, "jurisdiction may nonetheless be proper as an assertion of limited [i.e., specific] jurisdiction if there is a strong relationship between the quality of the defendant's forum contacts and the cause of action." *Decker Coal Co.*, 805 F.2d at 839 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)).

The plaintiff bears the burden of establishing the court's personal jurisdiction over a defendant. On a motion to dismiss, the Court may decide the issue of personal jurisdiction on the basis of affidavits and documentary evidence by the parties, or hold an evidentiary hearing regarding the matter. *See Data Disc, Inc.*, 557 F.2d at 1285. If the motion is based on the former, the plaintiff need only make a prima facie showing of facts establishing personal jurisdiction. *Id.*

C.     **Rule 12(b)(6): Failure to State a Claim**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation and internal quotation marks omitted). However, a complaint will survive a

motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## **DISCUSSION**

The Court will address each of Defendants' motion to dismiss in turn.

**A.   Requests for Judicial Notice**

As a threshold issue, the Court will first turn to Plaintiff's request for judicial notice and Fast Advance Funding and Gibson's request for judicial notice. (Doc. Nos. 81, 85-3.) Plaintiff requests judicial notice of (1) a copy of the complaint filed in *Radiant Images, Inc. v. Fast Advance Funding, LLC, et al.*, Case No. 2:18-cv-00758; (2) a copy of the complaint filed in *Thomas Alan Suess, C.R. Stelling Insurance Agency v. Richmond Capital Group, LLC*, Case No. 1:17-cv-05797-JGK; (3) a copy of the summons filed in *Thomas Alan Suess, C.R. Stelling Insurance Agency v. Richmond Capital Group, LLC*, Case No. 1:17-cv-05797-JGK; (4) a copy of a Joint 26(f) Report in *Terry Fabricant v. Fast Advance Funding, LLC*, Case No. 2:17-cv-05733-AB (JCx); (5) a copy of an Order/Referral to ADR in *David M. Doyle v. Fast Advance Funding, LLC*, Case No. 18-5412-DMG (FEMx); (6) a copy of Fast Advance Funding, LLC's certificate of organization; (7) a copy of Fast Advance Funding, LLC's motion to dismiss filed in *Anton Ewing v. 8 Figure Dream Lifestyle, LLC et al.*, Case No. 18-cv-01063-AJB-AGS; (8) a copy of Fast Advance Funding, LLC's notice of withdrawal of Fast Advance Funding, LLC's motion to dismiss

filed in *Anton Ewing v. 8 Figure Dream Lifestyle, LLC et al.*, Case No. 18-cv-01063-AJB-AGS; (9) a copy of the Order granting Plaintiff's ex parte motion to extend briefing schedule in *Anton Ewing v. 8 Figure Dream Lifestyle, LLC et al.*, Case No. 18-CV-01063-AJB-AGS; (10) a copy of the civil docket of *C.R. Stelling Insurance Agency v. Complete Business Solutions Group, Inc.*, Case No. 17-cv-05797-JGK; (11) a copy of the answer and affirmative defenses filed in *David M. Doyle v. Fast Advance Funding, LLC*, Case No. 18-cv-54112-DMG-FFM; (12) a copy of a party search for Fast Advance Funding, LLC in Pacer Case Locator; (13) a copy of a report and recommendation filed in *Stewart Abramson v. Oasis Power, LLC, et al.*, Case No. 18-cv-00479; (14) a copy of the complaint filed in *James Everett Shelton v. Fast Advance Funding, LLC*, Case No. 18-cv-2071; (15) a copy of Fast Advance Funding LLC's initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i)–(iv) filed in *David M. Doyle v. Fast Advance Funding, LLC*, Case No. 18-cv-5412-DMG-FFM; and (16) a copy of the complaint filed in *Terry Fabricant v. Fast Advance Funding, LLC, et al.*, Case No. 17-cv-05753-AB-JC. (Doc. No. 81-1.) Defendants Fast Advance Funding, LLC and Gibson request judicial notice of a copy of the Order striking Plaintiff's opposition, vacating hearing on motion for judgment on the pleadings and revoking authorization for Plaintiff to file documents electronically filed in *Anton Ewing v. K2 Property Development, LLC, et al.*, Case No. 16-cv-00678-LAB-AGS. (Doc. No. 85-3.)

Federal Rule of Evidence 201(b) provides the criteria for judicially noticed facts: a judicially noticed fact must be one not subject to reasonable dispute in that it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

The Court finds judicial notice of both Plaintiff and Defendants Gibson and Fast Advance Funding, LLC's documents warranted as they are documents of public record related to this court proceeding and other court proceedings. *See United States v. S. Cal.*

*Edison Co.*, 300 F. Supp. 2d 964, 973 (E.D. Cal. 2004) ("Federal courts may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'" (citing *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992))). Moreover, "[j]udicially noticed facts often consist of matters of public record." *Botelho v. U.S. Bank, N.A.*, 692 F. Supp. 2d 1174, 1178 (N.D. Cal. 2010) (citations omitted). However, while "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or decision," it should not take notice of "the truth of the facts cited therein." *Marsh v. San Diego Cty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006).

Accordingly, with the limitation stated above in mind, the Court **GRANTS** Plaintiff and Defendants Gibson and Fast Advance Funding, LLC's unopposed requests for judicial notice.

### B. Premium Merchant Funding One, LLC's Motion to Dismiss

Defendant Premium Merchant Funding One, LLC ("Premium Merchant") advances the following several arguments in its motion to dismiss: (1) Plaintiff fails to comply with the mandatory pleading standards; (2) Plaintiff's complaint fails to give Defendants notice of claims; and (3) Plaintiff's complaint fails to state a claim upon which relief can be granted. (*See generally* Doc. No. 52-1.)

a. <u>Mandatory Pleading Standards</u>

Premium Merchant alleges that the complaint should be dismissed because in its entirety it fails to comport with Rules 8 and 10 of the Federal Rules of Civil Procedure. (Doc. No. 52-1 at 5.) Rule 10 states that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 8 provides that a pleading must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Premium Merchant relies upon *Carrigan v. California State Legislature*, 263 F.2d 560, 566 (9th Cir. 1959) to allege that Plaintiff's complaint has not met the Rule 8 standard. In *Carrigan*, the plaintiff alleged legal theories for the first twenty-seven pages, the relief she demanded was alleged in the last nine pages, and the

intervening one hundred and fifty pages contained hearsay, letters plaintiff had written, conclusions, self-serving statements, statements made by someone other than a defendant, and other such matters. *Id.* Accordingly, the district court dismissed the complaint on the grounds that plaintiff did not state her cause of action concisely, plainly, and directly. *Id.*

Premium Merchant alleges that Plaintiff's complaint is similar to the complaint in *Carrigan*, and accordingly should be dismissed. The Court agrees with Premium Merchant that Plaintiff's complaint is difficult to understand, however, the Court must hold a pro se plaintiff to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Plaintiff's complaint does not raise to the same level of lack of relevance as the complaint in *Carrigan*. Thus, Plaintiff's complaint meets the standard set forth in Rule 8. In regards to the Rule 10 standard, the Court agrees that Plaintiff's complaint contains lengthy paragraphs that are not limited to a single set of circumstances. However, a pro se plaintiff is held to a less stringent standard. *See Haines*, 404 U.S. at 521. Thus, dismissal of Plaintiff's complaint is not warranted on this basis.

Accordingly, the Court **DENIES** Premium Merchant's motion to dismiss on the basis of Rule 8 and Rule 10 of the Federal Rules of Civil Procedure.

b. <u>Notice of Claims to Defendants</u>

Premium Merchant alleges that Plaintiff's complaint fails "because it does not provide any factual allegations upon which the claims are premised and fails to differentiate between Defendants and their purported conduct." (Doc. No. 52-1 at 6.) Lumping the defendants together when a plaintiff asserts multiple claims against multiple defendants is grounds for dismissal. *Horton v. NeoStrata, Co., Inc.*, No. 16-CV-02819-AJB-JLB, 2017 WL 932178, at *6 (S.D. Cal. Mar. 8, 2017); *see also Alegre v. Jewell*, No. 16-CV-2442-AJB-KSC, 2017 WL 3525278, at *6 (S.D. Cal. Aug. 15, 2017) (citing *Davis v. Adler*, No. 17-CV-387-AJB-JLB, 2017 WL 1496467, at *2 (S.D. Cal. Apr. 26, 2017)). When a complaint has allegations that are unclear as to which of the multiple defendants the allegation is referring to, the complaint does not provide sufficient notice under Rule 8. *Twombly*, 550 U.S. at 565 n.10. Plaintiff refers throughout the complaint to "all

8

defendants," including alleging that "all defendants" committed violations of RICO, TCPA, and California Penal Code without distinguishing the identity of the defendants. Plaintiff does make a list of who is being sued and does allege in a single paragraph specific facts regarding Premium Merchant. (Doc. No. 1 ¶¶ 1, 8.) However, the Court finds Plaintiff's allegations inadequate and thus, does not provide Defendants with enough notice as to which defendant is liable to Plaintiff for which wrong. Accordingly, the Court **GRANTS WITH LEAVE TO AMEND** Premium Merchant's motion to dismiss on this basis.

    c. <u>The Complaint's Failure to State a Claim Upon Which Relief Can Be Granted</u>

Premium Merchant and Gershan alleged that they joined in the motion to dismiss and motion to declare Plaintiff a vexatious litigant filed by First Union Lending, LLC and Timur Shamsutdinov.[1] (Doc. No. 52-1 at 7–8.) The Court has already held that referring to "all defendants" throughout the complaint is insufficient, thus the only remaining arguments in First Union and Shamsutdinov's motion to dismiss is that Plaintiff failed to establish any element of a RICO claim, TCPA and CIPA. (Doc. No. 14-1 at 6–14.)

    *i.* *RICO Claims*

To state a claim for a RICO violation under Section 1962(c) a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996); *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). An "enterprise" in the text of RICO is fairly straightforward and not demanding, *Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir. 2007), and includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact

---

[1] The Court notes that First Union and Shamsutdinov's motion to dismiss, (Doc. No. 14) was withdrawn pursuant to the parties' joint dismissal, (Doc. No. 94), however, the Court will still consider the arguments set forth for Premium Merchant as it joined in these arguments prior to the withdrawal. Plaintiff failed to address these arguments in his opposition to Premium Merchant's motion to dismiss, however, the Court will consider Plaintiff's opposition to First Union and Shamsutdinov's motion to dismiss, (Doc. No. 40).

although not a legal entity." 18 U.S.C. § 1961(4). "Racketeering activity" is any act indictable under the several provisions of Title 18 of the United States Code. 18 U.S.C. § 1961(1); *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004). A "pattern of racketeering activity" requires at least two predicate acts. *Clark v. Time Warner Cable*, 523 F.3d 1110, 1116 (9th Cir. 2008) (internal citations omitted).

First, Premium Merchant alleges that Plaintiff's RICO claim must be dismissed for lack of standing. (Doc. No. 14-1 at 13.) To establish standing for a civil RICO claim, a plaintiff must show both that (1) he has been injured, and (2) the Defendants' conduct was the proximate cause of such injury. *See Sedima, S.P.R.L.*, 473 U.S. at 496. To establish a RICO injury, Plaintiff must show "harm to a specific business or property interest and if the alleged business or property interest is cognizable under state law." *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1055 (9th Cir. 2008). "To recover under RICO, the individual 'must show proof of concrete financial loss' and must demonstrate that the racketeering activity proximately caused the loss.'" *Guerrero v. Gates*, 442 F.3d 697, 707 (9th Cir. 2006) (quoting *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087 (9th Cir. 2002)). Here, Plaintiff fails to allege he suffered from a concrete financial loss. In his opposition, Plaintiff alleges that he had to pay San Diego Gas & Electric Company more money for his electric utility bill and that his bitcoin mining application was shut off when Defendants called his smart phone. (Doc. No. 40 at 30.) These damages are speculative at best and do not qualify as concrete financial loss.

Second, Plaintiff must establish that the racketeering activity proximately caused the loss. *Guerrero*, 422 F.3d at 707. Plaintiff has failed to establish a "direct relation between the injury asserted and the injurious conduct alleged." *Hemi Group, LLC v. Investor Protection Corp.*, 559 U.S. 1, 9 (2010).

Next, Plaintiff must base a "pattern of racketeering activity" on at least two predicate acts. *Clark*, 523 F.3d at 1116. Plaintiff alleges the following predicate acts: (1) wire fraud (2) money laundering; (3) extortion; (4) violations of California criminal laws, including alleged illegal recording of those calls; and (5) felony loan shark usury lending. (*See*

*generally* Doc. No. 1.)

A RICO violation claim predicated on wire fraud must be plead with the specificity required by Federal Rule of Civil Procedure 9(b). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004) (stating that Rule 9(b) applies equally to civil RICO claims and that the plaintiff must state with particularity the circumstances constituting the fraud); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (dismissing RICO claims because predicate acts of mail and wire fraud were not pleaded with the specificity required by Rule 9(b)). Here, similar to *Ewing v. Flora*, No. 14-CV-2925-AJB-NLS, 2015 WL 12564225, at *5 (S.D. Cal. Mar. 25, 2015), "[i]t is unclear from Plaintiff's complaint the time, place, and manner of each instance of wire fraud." Plaintiff's allegations regarding wire fraud are conclusory and do not provide specifics.

A RICO violation through the predicate act of money laundering must allege that Defendants: "(1) engaged in a financial transaction which involved proceeds from specified illegal activity, (2) knew the proceeds were from illegal activity, and (3) intended the transaction either to promote the illegal activity or to conceal the nature, source or ownership of the illegal proceeds." *U.S. v. Marbella*, 73 F.3d 1508, 1514 (9th Cir. 1996). Plaintiff has failed to allege facts to support the elements of money laundering, and in fact, admits that he "does not have the details" of his money laundering claim. (Doc. No. 40 at 16.) Accordingly, Plaintiff has failed to establish money laundering as a predicate act for his RICO violation. *See Osgood v. Main Street Marketing, Inc.*, No. 12-CV-2415-GPC-BGS, 2017 WL 131829, at *10 (S.D. Cal. Jan. 13, 2017) ("Plaintiffs only allege that Defendants laundered over $10,000 of the proceeds by wire fraud through financial institutions . . . and do not allege any facts to support the elements of a predicate claim for money laundering under RICO.")

California Penal Code Section 518 provides that "[e]xtortion is the obtaining of property from another, with his or her consent . . . induced by a wrongful use of force or fear." Section 519(2) states that "[f]ear, such as will constitute extortion, may be induced by a threat . . . To accuse the individual threatened, or any relative of his, or member of his

family, of any crime." Plaintiff has failed to allege the "property" that Defendants acquired or attempted to acquire. *See Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 404–05 (2003). Plaintiff alleges that he had a right to be left alone, a right to sue, and was threatened with calling law enforcement. (Doc. No. 1 ¶¶ 18, 33, 40.) However, the Court does not find that these allegations are considered "property" for the purposes of extortion. *See Sekhar v. United States*, 570 U.S. 729, (holding that the general counsel's right to make an investment recommendation was not property that was obtained by the petitioner); *Asia Econ. Inst. v. Xcentric Ventures, LLC*, No. CV 10-1360 SVW PJWX, 2010 WL 4977054, at *16 (C.D. Cal. July 19, 2010) (holding that even if an email constituted actionable threats, extortion was not established since the statements were not connected with any attempt to obtain money or property from Plaintiffs).

To the extent Plaintiff is alleging a RICO violation based on the predicate act of call recording, the Court finds that there is no authority to base a RICO violation on an alleged violation of CIPA for call recording.

Plaintiff alleges that Defendants engaged in the "act of selling a usurious loan" in violation of 18 U.S.C. § 892. (Doc. No. 40 at 23.) 18 U.S.C. § 892 prohibits creating an "extortionate extension of credit." 18 U.S.C. § 891 defines an "extortionate extension of credit" as "any extension of credit with respect to which it is the understanding of the creditor and the debtor at the time it is made that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means to cause harm to the person, reputation, or property of any person." Plaintiff fails to allege that Defendants extended credit with the understating that a delay in payment could result in violence or other criminal means.

Plaintiff contends that his RICO violation claim may be based on 47 U.S.C. § 227. However, 47 U.S.C. § 227 is not a predicate act under RICO. *See Osgood*, 2017 WL 131829, at *10.

As in *Flora*, 2015 WL 12564225, at *5, Plaintiff has failed to adequately plead a RICO violation, accordingly Plaintiff's cause of action for RICO conspiracy also fails. To

12

establish RICO conspiracy under section 1962(d), a plaintiff "must allege either an agreement that is substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000); *see also Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993). The failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy. *Howard*, 208 F.3d at 751. Further, Plaintiff has not sufficiently plead that Defendants knew about and agreed to facilitate conduct that violates RICO.

Accordingly, Plaintiff's complaint fails to state RICO claims. Premium Merchant's motion to dismiss the RICO claims is **GRANTED WITH LEAVE TO AMEND**.

   *ii.* TCPA

Plaintiff's second cause of action is based on 47 U.S.C. § 227, which makes it unlawful to use an ATDS without the prior express consent of the called party, to call any cellular telephone. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (2012); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009). To sufficiently allege a violation of the TCPA, Plaintiff must plead two elements: (1) a call to a cellular telephone; (2) via an ATDS. *Robbins v. Coca Cola Co.*, No. 13-CV-132, 2013 WL 2252646, at *2 (S.D. Cal. May 22, 2013). Whether a plaintiff consented to the telephone calls is not an element of a prima facie case, but instead is an affirmative defense to be raised and proven by the defendant. *Connelly v. Hilton Grant Vacations Co., LLC*, No. 12-CV-559-JLS-KSC, 2012 WL 2129364, at *3 (S.D. Cal. June 11, 2012); *Robbins*, 2013 WL 2252646, at *2.

Here, Premium Merchant contends that Plaintiff's TCPA claim fails because Plaintiff's allegations lack specificity and are speculative. As the Court held above, Plaintiff has failed to allege which Defendant is liable to Plaintiff for which wrong. However, the Court finds that Plaintiff has alleged sufficient facts to satisfy an allegation of TCPA. Plaintiff asserts that he heard a pause or click with respect to phone calls from all fifteen defendants. (Doc. No. 1 ¶ 14.) Further, Plaintiff alleges that thousands of calls were made by Defendants. (*Id.* ¶ 19.) Accordingly, the Court finds that the use of ATDS is

a reasonable inference. *See Vaccaro v. CVS Pharmacy, Inc.*, No. 13-CV-174, 2013 WL 3776927, at *2–3 (S.D. Cal. July 16, 2013). Plaintiff has sufficiently stated a claim for violation of TCPA. Premium Merchant's motion to dismiss Plaintiff's TCPA claim is **DENIED**.

### iii. CIPA

Plaintiff's third cause of action is for violation of the CIPA, as set forth in California Penal Code section 630, *et seq.* CIPA is California's anti-wiretapping and anti-eavesdropping statute and is designed "to protect the right of privacy." Cal. Penal Code § 630. The Act provides for a civil action for damages based on violations of section 632 which prohibits recording a "confidential communication" "intentionally and without the consent of all of the parties." *Id.*; Cal. Penal Code § 637.2(a) ("Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation."). To state a claim for violation of section 632, the three elements that a plaintiff must plead are "(1) an electronic recording of (or eavesdropping on); (2) a 'confidential' communication; [where] (3) all parties did not consent." *Weiner v. ARS Nat'l Servs., Inc.*, 887 F. Supp. 2d 1029, 1032 (S.D. Cal. 2012) (citing *Flanagan v. Flanagan*, 27 Cal. 4th 766, 774–76 (2002)); *see also Stoba v. Saveology.com, LLC*, No. 13CV2925, 2014 WL 3573404, at *3 (S.D. Cal. July 18, 2014). Section 632(c) defines a "confidential communication" as including "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto." Cal. Penal Code § 632(c). Excluded from protection are communications in "circumstance[s] in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." *Roberts v. Wyndham Int'l, Inc.*, No. 12CV5083, 2012 WL 6001459, at *5 (N.D. Cal. Nov. 30, 2012); Cal. Penal Code § 632(c).

Defendants argue that Plaintiff's claim for violation of section 632 fails because Plaintiff's complaint lacks specificity as to whether or not Plaintiff is asserting calls with his cell phone or landline were recorded. (Doc. No. 14-1 at 12.) Plaintiff's reply in opposition states that the phone calls to his cell phone were the ones recorded. (Doc. No.

40 at 6.) Plaintiff admits that he can simply amend his complaint to properly allege this fact. (*Id.*) Accordingly, Premium Merchant's motion to dismiss for CIPA is **GRANTED WITH LEAVE TO AMEND**.

C.  **Anthony Gibson's Motion to Dismiss**

Defendant Anthony Gibson ("Gibson") advances the following several arguments in its motion to dismiss: (1) California does not have general jurisdiction over Gibson; (2) Plaintiff's complaint fails to state a claim of a RICO violation; and (3) Plaintiff's complaint fails to state claims upon which relief can be granted. (*See generally* Doc. No. 77-1.)

a.  <u>Personal Jurisdiction Over Anthony Gibson</u>

Defendant Anthony Gibson alleges that California does not have general jurisdiction over him, a Pennsylvania resident. (Doc. No. 77-1 at 12.) "A court may assert general jurisdiction over foreign (sister-state or foreign-country) [defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe Co.*, 326 U.S. at 317). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

General jurisdiction over an individual is permissible only where he has been served with process while voluntarily in the forum, is domiciled in the forum, or consents to the court's jurisdiction. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880–81 (2011) (Kennedy, J., plurality); *see Pennoyer v. Neff*, 95 U.S. 714, 722 (1877). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] ... bases for general jurisdiction.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (citation omitted). However, "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1983). Rather, "[e]ach defendant's contacts with the forum

15

State must be assessed individually." *Id.* "However, the corporate form may be ignored in two cases: (1) where the corporation is an agent or alter ego of the individual defendant; or (2) by virtue of the individual's control of, and direct participation in the alleged activities." *Wolf Designs, Inc. v. DHR Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004) (citing *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985)). Outside of these paradigm bases, only "in an exceptional case" should a court find a corporation's operations in the forum to be "so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 134 S. Ct. at 761 n.19.

Here, the only allegation Plaintiff makes specifically about Gibson is that he ran, operated, managed and controlled Fast Advance Funding, LLC and that he is currently involved in other RICO lawsuits in Pennsylvania. (Doc. No. 1 ¶ 4.) Plaintiff generally alleges "Defendants were and continues to be the agent [sic] of Defendants for purposes of setting aside the corporation's veil of liability protection." (*Id.* ¶ 51.) Plaintiff falls short of making a prima facie case for general jurisdiction. Plaintiff simply does not allege that Gibson was served with process while voluntarily in the forum, is domiciled in the forum, or consents to the court's jurisdiction. *See J. McIntyre Mach., Ltd.*, 564 U.S. at 880–81; *Pennoyer*, 95 U.S. at 722. Further, simply stating that Defendants were and continue to be the agents of Defendants for purposes of setting aside the corporation's veil is insufficient. This allegation fails to identify what defendants he is specifically referring to. Gibson declares that he was not an officer or director during the time frame Plaintiff's alleged causes of action have said to occur. (Gibson Decl., Doc. No. 85-2 at 3.)[2] Gibson is currently employed by Fast Advance Funding as a commissioned salesperson. (*Id.*) Accordingly, Plaintiff has failed to establish that Gibson was acting in an official capacity where Fast Advance Funding was the agent or alter ego of Gibson or by virtue of Gibson's control of,

---

[2] While Gibson's declaration was not originally signed when he attached it to his motion to dismiss, Gibson subsequently signed the same declaration and attached it to his reply.

and direct participation in the alleged activities. *See Wolf Designs, Inc.*, 322 F. Supp. 2d at 1072. Plaintiff's blanket assertion in his opposition that he has claimed that Gibson is the alter ego of Fast Advance Funding is a mere conclusion and does not correct the fact that Plaintiff has failed to make a prima facie case for general jurisdiction.

Accordingly, the Court **GRANTS WITH LEAVE TO AMEND** Gibson's motion to dismiss for general jurisdiction.

b.  RICO Claims

Gibson alleges that Plaintiff could not have been injured because he has been unemployed and has been for a number of years. (Doc. No. 77-1 at 16–17.) Gibson bases this allegation on Plaintiff's statement in another proceeding. (*Id.* at 17.) However, Plaintiff has alleged in his complaint that his business was injured and seriously interrupted by the calls. (Doc. No. 1 ¶ 41.) The Court must accept as true the well-pleaded facts in Plaintiff's complaint. *See Cedars-Sinai Med. Ctr.*, 497 F.3d at 975. Accordingly, Gibson's argument that Plaintiff was not injured because he was unemployed fails. The Court **DENIES** Gibson's motion to dismiss on Plaintiff's RICO claims. However, Plaintiff should note that the Court has granted Premium Merchant's motion to dismiss on Plaintiff's RICO claims, *supra* Section B.c.i.

c.  Failure to State a Claim for RICO, TCPA, and CIPA

Gibson alleges that Plaintiff's RICO, TCPA and CIPA claims fail since they lump all fifteen defendants together. Further, Gibson alleges that Plaintiff's RICO claim fails to comply with Federal Rules of Civil Procedure Rule 9(b)'s heightened pleading standard. The Court has previously analyzed both arguments in Sections B.b, B.c.i, B.c.ii, and B.c.iii of this Order. Accordingly, the Court will not address these arguments further here.

/ / /

/ / /

**D. Fast Advance Funding, LLC's Motion to Dismiss**

Defendant Fast Advance Funding, LLC ("Fast Advance Funding") advances the following arguments in its motion to dismiss: (1) Plaintiff lacks standing to assert RICO

17

18-CV-1063-AJB-AGS

1 claims; and (2) Plaintiff's complaint fails to state a claim upon which relief can be granted
2 for TCPA. (*See generally* Doc. No. 78-1.)

### a. Standing to Assert RICO Claims and RICO Injury

Fast Advance Funding alleges that Plaintiff lacks standing to pursue a RICO claim because he has not suffered a concrete financial injury as he is unemployed. (Doc. No. 78-1 at 8–9.) However, as discussed above, *supra* Section C.b, Fast Advance Funding's argument fails to establish that Plaintiff did not have standing.

Fast Advance Funding contends that Plaintiff has failed to establish a pattern of racketeering activities of wire fraud, money laundering and extortion. (Doc. No. 78-1 at 10–13.) Fast Advance Funding alleges the same arguments as Premium Merchant advanced in their motion to dismiss. Accordingly, the Court will not repeat its analysis, but rather, directs the parties to review Section B.c.i.

### b. TCPA Claim

Fast Advance Funding alleges that Plaintiff has failed to sufficiently allege a violation of the TCPA. Fast Advance Funding advances the same arguments as Premium Merchant. Accordingly, the Court again will not repeat its analysis, but directs the parties to review Section B.c,ii.

///
///
///
///
///
///
///
///

## CONCLUSION

Based on the above, the Court **GRANTS IN PART** and **DENIES IN PART** Premium Merchant's motion to dismiss, **GRANTS IN PART** and **DENIES IN PART**

Anthony Gibson's motion to dismiss, and **GRANTS IN PART** and **DENIES IN PART** Fast Advance Funding's motion to dismiss.

Further, while the Court declines to issue sanctions at this point, the Court strongly encourages Plaintiff to refrain from making personal attacks against counsel that do not advance this litigation. Plaintiff should comply with the civility requirements of Civil Local Rule 83.4.

For clarity, the Court is awarding Plaintiff **WITH LEAVE TO AMEND** on the following issues: Plaintiff's claims for RICO and CIPA, Plaintiff's allegations regarding the Court's general jurisdiction over Anthony Gibson, and to specifically identify which defendant is liable to Plaintiff for which wrong. The Court **DENIES** Defendants' motions to dismiss for Plaintiff's claim for TCPA, and thus the Court finds Plaintiff's TCPA claim is sufficient as plead. Plaintiff will have **thirty (30) days** from the date of this Order to file his second amended complaint addressing the deficiencies noted herein.

**IT IS SO ORDERED.**

Dated: March 29, 2019

Hon. Anthony J. Battaglia
United States District Judge